LEGAL MAIL PROVIDED TO
NEW RIVER C.I.

JUN 18 2019

FOR MAILING
INITIALS _____ CMB

✎AO 241
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Middle** |
|---|---|

| Name (under which you were convicted): CLIFTON MCNEIL BROOKS | Docket or Case No.: 3:19-cv-787-J-34MCR 162012CF00688 4AXXXMA |

| Place of Confinement : NEW RIVER CORRECTION INSTITUTION P.O. BOX 900, RAIFORD, FL. 32083 | Prisoner No.: 135510 |

| Petitioner (include the name under which you were convicted) CLIFTON MCNEIL BROOKS | Respondent (authorized person having custody of petitioner) v. R.E. WOODALL |
| The Attorney General of the State of Florida | |

2019 JUL -1  PM 1:44   FILED

### PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging: In the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida

    (b) Criminal docket or case number (if you know): 162012CF00688 4AXXXMA

2.   (a) Date of the judgment of conviction (if you know): February 13, 2013

    (b) Date of sentencing: March 4, 2016

3.   Length of sentence: Term of Life (2)

4.   In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: Sexual Battery and Lewd or Lascivious Molestation

6.   (a) What was your plea? (Check one)

    ☑ (1)    Not guilty (No)    ☐ (3)    Nolo contendere (no contest)

    ☐ (2)    Guilty          ☐ (4)    Insanity plea

ORIGINAL

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: District Court of Appeal, First District

(b) Docket or case number (if you know): 1D13-1073

(c) Result: Reversed and Remanded

(d) Date of result (if you know): December 4, 2015

(e) Citation to the case (if you know):

(f) Grounds raised: Trial Court failed to order an evaluation to determine his competency and failed to inform him of his right to counsel prior to imposing sentence.

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: District Court of Appeals, First District (DCA)

(2) Docket or case number (if you know): 1D18-2033

(3) Result: The DCA issued a Mandate (See Attached) and a Certificate Granting Leave was submitted. A 1980 revision to Art. 5 Fla. Const. removed the Supreme Courts (Fla.) jurisdiction (See Attached) appeal taken. (See

(4) Date of result (if you know): May 15, 2019

Attached)

On June 4, 2019 the Petitioner submitted the DOA order to pro-
vide with this petition. Due to the Department of corrections
"campaign of harassment" via the law library. He was denied
copies in violation of CH. 33-501.302(13)(b)(2) F.A.C.,

AO 241
(Rev. 10/07)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised: Trial court is in violation of the 6th & 14th Amendments of the United States Constitution and Article I Section 9,15 of the State of Florida Constitution. In trying the Petitioner adjudicated him guilty entered judgement and pronounce sentence without having jurisdiction; Trial court is in violation of the 6th & 14th Amendments of, (see Attached)

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?        ☐ Yes   ☑ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)        (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

the United States Constitution and Article I Section 9 of the State of Florida Constitution. In denying the Petitioner the right to a speedy trial upon demand; Trial counsel rendered ineffective assistance in violation of the 6th & 14th Amendments of the United States Constitution. When (he/she) refused to adopt the Petitioner pro se Motion for Speedy Trial upon Demand and Expiration of Speedy Trial; Trial court is in violation of the 14th Amendment of the United States Constitution and Article I Section 9 of the State of Florida Constitution, When it failed to grant Petitioner Motion to Dismiss the Information and Fundamental Fairness of Due Process as he did not plea to the merits; Trial counsel rendered ineffective assistance in violation of the 6th & 14th Amendments of the United States Constitution. When she provided the Petitioners defence to aid the Prosecutor in strengthen her case; The Prosecutor committed prosecutorial misconduct in violation of the 5th Amendment of the United States Constitution. By knowingly using false and stale information to circumvent the Petitioner Double Jeopardy Clause safeguards.

AO 241
(Rev. 10/07)

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐   Yes   ☐  No

        (7) Result:

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

AO 241
(Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☐ No

(2) Second petition:   ☐ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** The court were Petitioner was convicted did not have the power because it did not have jurisdiction in violation of the Fifth and Fourteenth Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial Court violated the United States Constitution and the Law of the Constitution of Florida when it tried the Petitioner adjudicated him guilty entered judgment and pronounced sentence when the alleged duly designated assistant State Attorney filed an information on behalf of the State where after having served a three year term and the State Attorney for the Fourth judicial circuit failed to renew his contract as provided by law Attorney General Opinion this rendered the filed document illegal and unlawful which failed to invoke the Courts subject matter jurisdiction to hear and try this case. When the State in its pre-charging and pre-arrest information failed to legally or lawfully invoke the courts subject mat- (See Attached)

(b) If you did not exhaust your state remedies on Ground One, explain why:

Continuance Ground II (a)

ter jurisdiction. No warrant shall be issued except upon probable cause supported by an affidavit which applies to arrest also.

The State Attorney (S.A.) appointed an Assistant State Attorney (A.S.A.) to serve in her pleasure and file the information in this case. The S.A. is authorized to employ and establish in such number as they determine A.S.A. No appointee shall preform any of the duties until they have taken and subscribe to a written oath to faithfully preform and record it in the office of the clerk. They may not sign informations unless specifically designated by the S.A. and when so sign the documents shall have the same force and effect as if signed by the S.A.. No person shall be deprived of life, liberty or property without due process of law. No person shall be tried for a felony without such presentment or indictment or an information under oath filed by the prosecuting officer.

Jurisdiction of a court to try an accused is not invoked and does not exist unless the State files information. Charging the commission of a felony signed by the S.A. or designated A.S.A. under oath. A.S.A. are empowered to administer oaths to all witnesses and certify their testimony. On January 7, 2007 Alan S. Mizrahi (A.S.A) while under Harry L. Shorstein (S.A.) was designated and recorded it in the Duval County Clerks Office. On January 8, 2009 [3 yr.] Mizrahi [Bar No.: 120,300] renewed his contract under Angela B. Corey (S.A.) and the designation was recorded in the Duval County Clerks Office. On January 2011 [3 yr.] Mizrahi did not renew his contract no designation was filed with the Duval County Clerks Office. On July 27, 2012 Mizrahi alleging he was duty sworn administered oaths to material witness(es).

In accordance with the State of Florida Attorney General Opinion S.A. may not contract with a A.S.A. for an indefinite period of employment exceeding Three years. On July 15, 2013 the Petitioner petition the clerk for the A.S.A. designation between 2010 to 2013. The clerk provided the January 8, 2013 [5 yr] designation that was in their files. Which corroborates the February 8, 2013 [219th day] amending of the information by the A.S.A. and is void under speedy trial violation. On February 11, 2013 the Petitioner did not plea to the merits [SR. I.10.11].

Page 6-2

Therefore on July 27, 2012 the A.S.A. was authorized to be emploied but
had not taken and subscribed to the oath to faithfully preform the duties.
A.S.A. had no powers to discharge the duty of the S.A. he was appointed un-
der.

   The Petitioner during re-arraignment objected to the mistake when it happen
giving the state and court the opportunity to correct the error. The material
witnesses testimony was not under oath set-forth allegations were illegal
and the information or indictment placed before the grand jury is unlawful.
The Petitioner alleges the State courts fact-finding procedures did not adequ-
ately provide a full and fair hearing.

AO 241
(Rev. 10/07)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Post - Conviction

Name and location of the court where the motion or petition was filed:  In the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida

Docket or case number (if you know):  16 2012 CF006884 AXXXMA

Date of the court's decision:  April 30, 2018

Result (attach a copy of the court's opinion or order, if available):  Denied

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes." state:

Name and location of the court where the appeal was filed:  District Court of Appeals, First District

Docket or case number (if you know):  1D18 - 2033

Date of the court's decision:  May 15, 2019

Result (attach a copy of the court's opinion or order, if available):  Per Curiam Affirmed (w/o opinion/w/citation)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** The Petitioner was denied his Sixth Amendment right to a speedy trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial Court denied Petitioner the right to a speedy trial upon demand in violation of the Six and Fourteenth Amendment of the United States Constitution and Article I Section IX of the States Constitution when the Petitioner filed a motion for speedy trial upon demand while he was in proper person status and the Court failed or refused to grant said motion. On August 17, 2012 [37] days after his arrest he received the States Discovery. On September 21, 2012 [36] days after the discovery and having diligently investigated his case filed a demand for speedy trial (I-21-53). He provided copies to Todd R. Niemczyk (Counsel) with instruction to provide the State with a copy and the court received (See Attached)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes   ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-conviction

Name and location of the court where the motion or petition was filed: In the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida

Docket or case number (if you know): 162012 CF006864 XXXX MA

Date of the court's decision: April 30, 2018

Page 8-1

Continuance Ground III (a)

their copy. However unbeknownest to him Niemczyk whom did not follow pro-cedures an notify his withdrawal removed himself from this case. Out of abundance of precaution the Petitioner contacted the clerk for a copy of the Case Status Sheet (C.O.B.E.) which remain silent to the actual date.

  Its apparant upon the face of the record at the time of filing the demand Niemczyk had withdrawn. The Petitioner was not represented by counsel and the motion was filed while he was in proper person status. The court failed to hold a calendar call within the [5] days after the filing and did not have the trial on November 10, 2012 [50] days. On December 4, 2012 due to copier problems he filed his Notice of Expreation and the court failed to have the trial by December 14, 2012 [10] days. He made multiple attempts to address the demand giving the court the opportunity to correct the error (II-366-367, 376-379). The court in failing to grant the demand simply denied him the ability to demand a speedy trial which is guaranteed under the constitu-tion. The State judge did not afford the Petitioner a full and fair hearing.

⬥AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?   ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeals, First District

Docket or case number (if you know): 1D18-2033

Date of the court's decision: May 15, 2019

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed (w/o opinion / w/ citation)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

**GROUND THREE:** The Petitioner was denied his Fifth and Sixth Amendment rights as to counsel whom provided such poor representation as to amount to ineffective assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial counsel rendered ineffective assistance in violation of the Six and Fourteenth Amendments of the United States Constitution when counsel would not adopt the Petitioner pro se motion for speedy trial upon demand or expiration of speedy trial and failed to notice and file a motion for expiration of speedy trial which had elapsed and a motion to discharge the Petitioner. On August 17, 2012 he received the States Discovery and having diligently investigated the case. On September 21, 2012 filed a demand for a speedy trial with Todd R. Niemczyk (Counsel). On or about October 2, 2012 he received Darcy D. Galnor (See Attached)

## Continuance Ground III (a)

a new counsel whom informed him of Niemczyk resignation. So at the time of the filing of the demand he was not represented by counsel which placed him in proper person states. The court failed to hold a calendar call and said failure shall not interrupt the running of any time periods. On November 20, 2012 Galnor failed to take notice that the time limits for the demand had expired. Counsel did not file a notice of expiration nor move for his discharge.

On December 4, 2012 counsel while conspiring with the court to waive the Petitioner rights claiming incompetency failed (II-376-380). So on December 7, 2012 counsel took it a step further she had the demand stopped with the clerk. And on January 2, 2013 [175] days counsel failed to take notice that the time limits for a speedy trial had expired. (I-80). Counsel again failed to file a notice of expiration nor move for his discharge. Her actions did prejudice him in several ways which were crucial. On February 8, 2013 Alan S. Mizrahi (A.S.A.) came into compliance with his contract and oath being duly designated amended the information. The court tried him [37] days after the experation of the alloted speedy trial times.

Therefore if counsel had not failed to adopt the Petitioners motions and take notice of the demand & speedy expirations. Then upon a properly filed notice of expiration he would have been discharged. The merits of the factual dispute were not resolved in the state court.

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Post-conviction

Name and location of the court where the motion or petition was filed:  In the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida

Docket or case number (if you know):  16 2012 CF006664 AXXX MA

Date of the court's decision:  April 30, 2018

Result (attach a copy of the court's opinion or order, if available):  Denied

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  District Court of Appeals, First District

Docket or case number (if you know):  1D18-2033

Date of the court's decision:  May 15, 2019

Result (attach a copy of the court's opinion or order, if available):  Per Curiam Affirmed (w/o opinion/w/ citation)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

GROUND <u>FOUR</u> : The prosecution withheld requested evidence that could have helped Petitioners case in violation of the Fourteenth Amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial Court violated Fundamental fairness in violation of due process of the law under the Fourteenth Amendment of the United States Constitution and Article I Section IX of the State Constitution when the Court failed to grant the Petitioner motion to dismiss the information where the State failed to comply with Florida Rules of Criminal procedure by obtaining a sworn statement from materal witnesses before filing charges when the Petitioner never plead to the merits of the charges. On or about July 30, 2012 Alan S. Mizrahi (A.S.A.) initially filed the information in this case. On February 8, 2013 the A.S.A. amended said information and upon being re-arraigned he did not plea to the merits [SR. I. 10 - (See Attached)

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground <u>FOUR</u> :**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post - conviction

Continuance Ground IV (a)

11). Stating the State failure to provide copies of the sworn statements obtained by the A.S.A. from witnesses prior to filing the charges.

The Petitioner due to the court and State remaining mute moved to have the charges dismissed ( III - 484 - 486). The court committed an error which resulted in depriving him of fundamental fairness. The A.S.A. failed to renew his contract and was not duty designated so the witnesses testimony was not under oath & is voided. Upon filing the amended information the A.S.A. renewed his contract but said filing was after the speedy trial time had expired which is also voided. So technically theres no information in this case which remains alive and are not waived. The court failed to determine whether the alleged allegations if true simply required a rendering of a resolution on the State committed error.

It should be found in the interest of justice that the court deprived the Petitioner of fundamental fairness in violation of due process and equal protection under the law. The merits of the factual dispute were not resolved in the State court.

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: In the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida

Docket or case number (if you know): 162012 CF00 6864 AXXX MA

Date of the court's decision: April 30, 2018

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeals, First District

Docket or case number (if you know): 1D18-2033

Date of the court's decision: May 15, 2019

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed (w/o opinion / w/ citation)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND  FIVE  :** The Petitioner was denied his Fifth and Sixth Amendment rights as to counsel whom provided such poor representation as to amount to ineffective assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial counsel rendered ineffective assistance in violation of the Six and Fourteenth Amendment of the United States Constitution when counsel used the information the Petitioner provided for his defence to aid and assist the State in building its case On or about October 2, 2012 he received Darcy D. Galnor [ Bar No. : 908681 ] (Counsel) and upon the initial meeting provided solid verbal evidence that totally refuted Count I.  Which was his active duty deployment and that he would be receiving it via U.S. Mail. He advised her not to disclosed any information to the State. On October 17, 2012 while at a professional visit he provided a copy of his Operation Enduring Freedom Orders which countered the ( See Attached )

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground  FIVE  :**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post - conviction

Page 13-1

## Continuance Ground I (a)

alleged date of the incident. On October 31, 2012 counsel in aiding the State in building its case provided his defence to said count. And during the deposition hearing she allowed JaCori McLauren to change her original age of Seven (SR-III-40).

This act aided the State in several ways in strengthening their case. By McLauren changing her age the State amended the information to January 3, 2003 to January 2, 2005. Which placed the Petitioner back in the United States which annuled his orders. Then the State used Shantell N. Harris. Incident Report [No.: 2004100.9643] from 2004 to build its case upon stale information. Then creating confusion by allowing Harris (State Witness) to testify to witnessing the incident. While a careful review of said Report reveals Harris had no personal knowledge of McLauren alleged incident.

The Petitioner alleges absence of this error on behalf of counsel working in collusion with the prosecutor filing in gaps in her case. With the clients sole defence to buttress the governments theory providing an adequate bassic for a guilty verdict. If the fact had been disclosed that he was out of the country on active duty when this alleged incident was to had occured no reasonable jury would have convicted him. The merits of the factual dispute were not resolved in the state court.

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: In the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida

Docket or case number (if you know): 162012CF006884AXXXMA

Date of the court's decision: April 30, 2018

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeals, First District

Docket or case number (if you know): 1D18-2033

Date of the court's decision: May 15, 2019

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed (w/o opinion/w/ citation)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(c) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

GROUND  SIX  : The Petitioner's conviction violates his Fifth Amendment right against double jeopardy because he was convicted of a crime for which he had already been tried in the same state.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Prosecutor committed pro-secutorial misconduct by knowingly using false and stale information in the instant offence in Counts I and II in an attempt to circumvent the double jeopardy clause and obtain the felony conviction the State sought against the Petitioner in 2006 which failed and resulted into a mis-demeanor conviction. JaCori McLauren (Victim) is not making the allegations as to Count I Shantell Nicole Harris (State Witness) provided the information. Anna Hixon (Prosecutor) in collusion with Darcy D. Galnor (Counsel) coerce the victim into collaborating the witnesses testimony to justify said count. On January 9, 2012 the victim disclosed to    (See Attached )

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    Direct Appeal of Ground  SIX  :

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
       ☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-conviction

Page 15-1

Continuance Ground VI (a)

Det. Monica J. Collins [I.D. No.: 7482] of the Jacksonville Sheriffs Office
(J.S.O.) in Incident Report [No.: 20124980]. While living at the residence
of 5004 Fredericksburg Ave., Jax., Fl. 32208 with JaCobi McLauren (Brother).
And being the age of Seven when she was assaulted while wearing pajamas.
  On October 17, 2012 the Petitioner provided counsel with his Operation
Enduring Freedom Orders which countered the alleged date of the incident. Coun-
sel took his defence to the prosecutor to assist in filling in gaps in her
case. The original information alleged the incident occurred between Jan-
uary 3, 2003 to January 2, 2004 counsel provided his active duty dates of
January 27, 2003 to January 26, 2004. The prosecutor now armed with this
knowledge knew if she proceeded to trial based on said information she
would lose. On October 31, 2012 the prosecutor had counsel to merge the
witnesses false and stale incident in 2006 information into the victim line
of deposition questions. The victim now alleged to have been Eight years of
age when she was assaulted (SB-III-40). And she no longer had on pajamas
now it was a T-Shirt & Shorts (SB-III-43).
  On December 13, 2012 the witness during her deposition hearing provided
her false and stale collaborating testimony. She claimed to have call the
police about the victim incident (SB-III-17-18). Being at the residence
with the victim (SB-III-18) whom was Eight at the time (SB-III-19).
The Petitioner playing with the victim then going up-stairs in said resi-
dence (SB-III-19) and the victim wearing jean shorts & a T-shirt (SB-
III-24). Him getting ready for work the next morning around [0700]
(SB-III-24) then having a conversation with the victim (SB-III-24-25).
Leaving said residence that day (SB-III-25) and this incident happening
before the pistol-whipping incident (SB-III-18) in 2006 (SB-III-5).
  On December 5, 2004 an Incident Report [No.: 2004100963] was gener-
ated placing the witness and the victim at the age of Eight at the Petitioner resi-
dence. Ofc. J.L. Randolph [I.D. No.: 7387] (J.S.O.) report makes no mention
of the victim alleged assault nor does the witness provide any inappropri-
ate incidents concerning the victim. In the Additional Information the Ofc.

makes no reference to seeing or speaking to the victim because he did not respond to said residence. At [0245] he was dispatched to 1611 W. 14th St., Jax., Fl. 32209 the witnesses residence. The witness did not witness any incidents alleged in Count I due to the fact she did not stay until the next morning. This incident was reported in the early hours of Sunday and the Petitioner did not work on Sundays. At [1200] the Ofc. made contact with the Petitioner at his residence which a single story home.

The Petitioner alleges the victim is not making the allegations as to Count II the witness provided the information. The prosecutor in collusion with counsel coerce the victim into providing the witnesses false collaborating testimony to justify said count. On July 10, 2012 Renee Harris (Sister) disclosed to the Detective in Incident Report [No.: 2012509475]. While at the age of fourteen the Petitioner while driving her to Walmart in his dark blue color vehicle assaulted her. On October 17, 2012 he provided counsel with his State of Florida Certificate Of Title which countered the alleged date of this incident. Counsel took his defence to the prosecutor to assist in filling in gaps in her case. The Incident Report alleged the incident occurred between January 1, 2001 to December 1, 2001 counsel provided said vehicle purchase date of July 25, 2003. The prosecutor now armed with this knowledge knew if she proceeded to trial based on said information she would lose. On October 31, 2012 the prosecutor had counsel merge Renee false information into the victim line of deposition questions where she denied the allegations (SR-III-60-63). The witness provided this incident about her sister to the Detective (SR-III-16).

The prosecutor knew both counts were based on false information which served two purposes. She knowingly mislead the court and jury into believing the alleged allegations were made by the victim. She knew she was presenting false, perjudice and misleading testimony to a jury to obtain a conviction. The Petitioner will now show the conspirecy lead by the prosecutor with the assistance of his counsel. To circumvent the double jeopardy clause to gain the conviction that failed in 2006 [Case No.: 162006CF003490-AXXXMA]. On December 13, 2012 the witness provided the following information at her deposition hearing showing the true intent of this case. Her

Page 15-3

boyfriend had no contact since the pistol-whipping incident in 2006 (SR-III-91). A passion mark the size of her pinky finger on his neck and claiming the victim did it (SR-III-92). Having her nephew bite her to compare marks and calling Donna Graden (Victim Mother) but talking to Breon Graden (Victim Brother) (SR-III-94).

Being attacked by the Petitioner an having injuries (SR-III-8) and the incident going to trial resulting into a year sentence for battery (SR-III-94). That she was very upset about the year (SR-III-96) and how she now hates him an wants to see him go to prison (SR-III-97).

The Petitioner alleges absence of the prosecutorial misconduct by knowingly filing the false allegations in the information. If the fact had been disclosed that the State Witness is making these allegations not the alleged Victim no reasonable jury would have convicted him. The merits of the factual dispute were not resolved in the State court.

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: In the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida

Docket or case number (if you know): 162012CF006889AXXXMA

Date of the court's decision: April 30, 2018

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeals, First District

Docket or case number (if you know): 1D18-2033

Date of the court's decision: May 15, 2019

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed (w/o opinion / w/ citation)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.     Please answer these additional questions about the petition you are filing:

      (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

           having jurisdiction?    ☑   Yes     ☐   No

           If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

           presenting them:

      (b)     Is there any ground in this petition that has not been presented in some state or federal court? If so,

           ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

        that you challenge in this petition?     ☐   Yes     ☑   No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

        raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

        of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

        the judgment you are challenging?     ☑   Yes     ☐   No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

        raised.

District Court of Appeals, First District; 1D17-2447; Appeal; The Petitioner is being illegally detained against his will in violation of the State of Florida and the United States Constitutions.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  Todd R. Niemczyk

(b) At arraignment and plea:  Todd R. Niemczyk

(c) At trial:  Pro se

(d) At sentencing:  Pro se

(e) On appeal:  Joanna A. Mauer

(f) In any post-conviction proceeding:  Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:  Pro se

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ☐ Yes      ☑ No
(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐ Yes      ☑ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   Mandatory evidentiary hearing the
expunging of his record and immediate releasal after the hearing.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    6/17/19        (month, date, year).

Executed (signed) on    6/17/19      (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.