IN THE UNTIED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLIFTON MCNEIL BROOKS,

      Petitioner.

v.

MARK S. INCH, Secretary of the
Florida Department of Corrections
(FDC).

      Respondent.

CASE NO.  3:19-cv-787-MMH-MCR

# FDC'S EXHIBIT 17

## RECORD VOL 2

## DIRECT APPEAL - 1D13-1073



*L13-1.1983*

# IN THE
# 1st District Court of Appeal
## TALLAHASSEE, FLORIDA

CASE NO.                    16-2012-CF-006884-AXXX-MA
                           DIVISION CR-E

APPEAL NO.                 1D13-1073

# NOT FOR PUBLIC DISCLOSURE

CLIFTON MCNEIL BROOKS    Appellant____          RONNIE FUSSELL,
        VS                                          CLERK
STATE OF FLORIDA         Appellee____          OF THE CIRCUIT AND
                                                COUNTY COURTS

## RECORD ON APPEAL

### VOLUME 2 OF 5

Appeal from the Circuit Court

Duval County, Florida



BEFORE THE HONORABLE JUDGE TATIANA SALVADOR



PUBLIC DEFENDER            ATTORNEY GENERAL
FOR APPELLANT              FOR APPELLEE

# NOT FOR PUBLIC DISCLOSURE

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CLIFTON MCNEIL BROOKS          CASE NO:   16-2012-CF-006884-AXXX-MA
                                          DIVISION CR-E
_____
              APPELLANT

STATE OF FLORIDA               APPEAL NO:   1D13-1073
_____                _____
              APPELLEE

**VOLUME 2**

| | | |
|---|---|---|
| RESPONSE TO DOCUEMENTS REQUESTED | 07/31/13 | 202-205 |
| MOTION FOR LEAVE TO PROCEED INFORMA PAUPERIS | 08/01/13 | 206-213 |
| NOTICE OF INQUIRY | 08/22/13 | 214-215 |
| RESPONSE TO NOTICE OF INQUIRY | 08/30/13 | 216-218 |
| LETTER OF INQUIRY | 09/06/13 | 219-220 |
| LETTER OF INQUIRY, 1D13-1073 | 09/11/13 | 221-223 |
| LETTER TO DEFENDANT | 10/01/13 | 224-227 |
| REQUEST FOR DOCUMENTS | 10/28/13 | 228-229 |
| LETTER FROM DEFENDANT  1D12-5922/1D13-1073 | 11/08/13 | 230-232 |
| MOTION IN SUPPORT OF REQUESTING THE PENDING AFFIDAVIT OF INDIGENCY | 11/08/13 | 233-279 |
| LETTER TO DEFENDANT | 11/08/13 | 280 |
| RESPONSE TO OATH DOCUMENT UNDER SAO | 11/08/13 | 281-283 |
| MOTION IN SUPPORT OF REQUESTING THE PENDING AFFIDAVIT OF INDIGENCY  BE GRANTED | 11/08/13 | 284-331 |
| DOCUMENTS | 11/08/13 | 332-333 |
| MOTION TO VACATE JUDG. & SENT. (RULE 3.850) | 11/08/13 | 334-342 |
| ORDER ON DEFENDNAT'S MOTION IN SUPPORT OF REQUESTING THE PENDING AFFIDAVIT OF INDIGENCY | 11/15/13 | 343-344 |
| DESIGNATION TO COURT REPORTER | 12/05/13 | 345-347 |
| MOTION TO SUPPLEMENT RECORD OF APPEAL | 12/09/13 | 348-349 |
| DESIGNATION TO COURT REPORTER | 12/09/13 | 350-352 |
| DIRECTIONS TO CLERK SUPPLEMENTAL | 12/09/13 | 353-354 |
| REPORTER'S ACKNOWLEDGEMENT | 12/13/13 | 355-357 |
| ORDER APPOINTING PUBLIC DEFENDER | 12/30/13 | 358 |
| TESTIMONY & PROCEEDINGS OF NOVEMBER 27,2012 BEFORE THE HONORABLE JUDGE TYRIE BOYER | 12/31/13 | 359-368 |

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CLIFTON MCNEIL BROOKS          CASE NO:   16-2012-CF-006884-AXXX-MA
                                          DIVISION CR-E
_____
                APPELLANT

STATE OF FLORIDA               APPEAL NO:   1D13-1073
_____            _____
                APPELLEE

## VOLUME 2(CONTINUED)

| | | |
|---|---|---|
| TESTIMONY & PROCEEDINGS OF AUGUST 28, 2012 BEFORE THE HONORABLE JUDGE TYRIE BOYER | 12/31/13 | 369-373 |
| TESTIMONY & PROCEEDINGS OF DECEMBER 6, 2012 BEFORE THE HONORABLE JUDGE TYRIE BOYER | 12/31/13 | 374-382 |
| AMENDED NOTICE OF APPEAL | 12/31/13 | 383 |
| AFFIDAVIT FROM OFFICIAL REPORTERS, INC. CONCERNING THE DATES 05/19/05 AND 12/22/04 | 01/07/14 | 384 |
| TESTIMONY & PROCEEDINGS OF AUGUST 7, 2012 BEFORE THE HONORABLE JUDGE TYRIE BOYER | 01/06/14 | 385-389 |
| TESTIMONY & PROCEEDINGS OF OCTOBER 2, 2012 BEFORE THE HONORABLE JUDGE TYRIE BOYER | 02/10/14 | 390-393 |
| TESTIMONY & PROCEEDINGS OF DECEMBER 4, 2012 BEFORE THE HONORABLE JUDGE TYRIE BOYER | 01/06/14 | 394-398 |

## VOLUME 3

| | | |
|---|---|---|
| TESTIMONY & PROCEEDINGS OF JANUARY 28, 2013 BEFORE THE HONORABLE JUDGE TATIANA SALVADOR | 01/02/14 | 399-428 |
| TESTIMONY & PROCEEDINGS OF FEBRUARY 4, 2013, BEFORE THE HONORABLE TATIANA SALVADOR | 01/10/14 | 429-448 |
| TESTIMONY & PROCEEDINGS OF FEBRUARY 8, 2013 BEFORE THE HONORABLE JUDGE TATIANA SALVADOR | 02/10/14 | 449-488 |
| TESTIMONY & PROCEEDINGS OF FEBRUARY 27, 2013 BEFORE THE HONORABLE JUDGE TYIRE BOYER | 01/06/14 | 489-500 |
| CERTIFICATE OF CLERK | | |



**Clerk of the Circuit and County Courts**
**Duval County**
**Felony Department**
**501 West Adams Street, Room 2136**
**Jacksonville, Florida 32202**
**(904) 255-2000**

**07/31/2013**

Case Number: <u>16-2012-CF-006884-AXXX-MA</u>
Name:     CLIFTON MCNEIL BROOKS

In Response To: DOCUMENTS REQUESTED

☒   The fee for copies is $1.00 per page.  Certified Copies are $2.00 for each document certified.

☐   The copies/search you request will cost $      .  Please send a CERTIFIED CHECK, CASHIERS CHECK, or MONEY ORDER payable to RONNIE FUSSELL, Clerk of the Circuit Court.  PERSONAL CHECKS ARE NOT ACCEPTED.

☐   Enclosed is the information you requested.  Your payment was in excess of that required and our check representing a refund of a portion of your payment will follow.

☐   We failed to find, in our Felony Indexes, any reference to the matter inquired about/between the parties referred to in your letter.

☐   The payment you sent us is not sufficient to pay for the search/copies you requested.  Therefore, we are returning your check with the request that you send a CERTIFIED CHECK, CASHIERS CHECK or MONEY ORDER payable to RONNIE FUSSELL, Clerk of the Circuit Court in the amount of $      along with a pre-stamped, self addressed envelope.

☐   Record Searches (Local Criminal History) are now completed by the Jacksonville Sheriff's office.  The cost is $5.00, MONEY ORDER or CASHIERS CHECK payable to Jacksonville Sheriff's Office, located at:  501 E. Bay Street, Jacksonville, FL 32202 attn: Records. (904) 630-2209.

☐   Kindly return this letter to us.  The case number(s) referenced on this letter will expedite preparation of the material you request.

☐   Please note that we cannot accept your personal check.  Please send a CERTIFIED CHECK, CASHIERS CHECK, or MONEY ORDER payable to RONNIE FUSSELL, Clerk of the Circuit Court.

☐   Note: Your motion is pending at this time we do not have an approximate date for ruling.

☐   Transcripts will need to be ordered from the Official Reporters, 201 East Adams Street, Jacksonville, FL 32202.

☐   Other:

RONNIE FUSSELL
CLERK OF CIRCUIT COURT

LaTrease Mallory
Deputy Clerk

**PAGE # 0202 OF 0500**

Provided to Mayo _.. on

7-29-13 for mailing by C M B CB
Date                    Initials

CLIFTON BROOKS
# 135510 / D4101 U
MAYO CORRECTIONAL INSTITUTION
8784 W. U.S. 27
MAYO, FLORIDA 32066

JULY 29, 2013

RE: CASE NO.: 1D13-1073
      L.T. NO.: 162012CF006884AxxxM

Dear Clerk

I am writing this letter to ask would you forward me a copy. Of my Judicial Acts to be Reviewed sent on February 29, 2013. This request is being made pursuit to a Notice of Appeal being dismissed on May 9, 2013. I filed a Motion to Reinstate the appeal court entered an order advising me to submit another Motion to Proceed in Forma Pauperis. If you would be so kind as to forward me this copy. At your earliest available convenience it would be greatly appreciated. I have enclosed an envelop with postage for the copy. Thank you in advance for your time and effect in this matter.

Respectfully

Clifton M Brooks
135510



JACKSONVILLE FL

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION

JUL 29 2013

MAILED FROM ZIP CODE 32066

USA

FILED

JUL 30 2013

CLERK CIRCUIT COURT

Clifton Brooks

#135510 / D4101 u

Mayo Correctional Institution

8784 W. US 27

Mayo, Florida 32066

Clerk of the Courts

501 West Adams Street

Jacksonville, Florida 32202

32202460301

Liberty
FOREVER

Office of the Public Defender

301 South Monroe Street

4th Floor North

Tallahassee, Florida 32301

Clifton Brooks

# 135510 / D4101 W.

Mayo Correctional Institution

8784 W. U.S. 27

Mayo, Florida 32066

FILED

AUG 0 1 2013

CLERK CIRCUIT COURT

PROVIDED TO MAYO C.I. ON

DATE    INITIALS

IN THE DISTRICT COURT OF APPEAL
**FIRST** DISTRICT, FLORIDA
Case Number: 1D13 - 1073
14 - 2012 - CF - 006884 - AXXX

CR E

CLIFTON BROOKS
        Petitioner/Appellant

vs.

STATE of FLORIDA
        Respondent/Appellee

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS/AFFIDAVIT
OF INDIGENCY BY PETITIONER/APPELLANT

        Petitioner/Appellant  CLIFTON BROOKS              , in propria persona,
respectfully moves this Court for an order permitting him/her to proceed in forma pauperis.  In
support hereof petitioner/appellant submits a financial affidavit of indigency as required by
§ 57.081(1) or § 57.085(2), Florida Statutes (2004).

                        Respectfully submitted,

                        Signature
                        Name:    CLIFTON BROOKS
                        Address:  Mayo Correctional Institution
                                  8784 W. US 27 / 04101 U
                                  Mayo, Florida 32066

FINANCIAL AFFIDAVIT

        I, CLIFTON BROOKS           , inmate number 135510        , hereby depose and
say that I am unable to pay court costs and fees and submit the following information for review:
AGE   39          DATE OF BIRTH  11 - 5 - 73
MARITAL STATUS: Married____ Separated____ Divorced____ Single ✓
LIST DEPENDENTS NAMES, RELATIONSHIP AND AGES:

CLIFTON McNEIL BROOKS JR.   (Son)      10 yrs.

SHAMERA BROOKS              (Daughter) 8 yrs.

1 of 5

(NOTE: Do not fill in blanks with "n/a" (not applicable), but you may use "none" as appropriate. Any line beginning with a "$" must be answered with a specific amount (such as $0, $10, $100) unless answered with "none." Questions with "yes" and "no" or "have" and "have not" spaces provided should be marked with a "✓" or "✗" as appropriate. Other questions must be answered specifically with information such as a name and address.)

II. FINANCIAL CONDITION:

Does affiant receive regular income:  Yes _____  No  ✓

Affiant's Gross Income: Weekly $_____  Bi-weekly $_____  Monthly $_____

If you have a spouse, list spouse's gross income:  Weekly $_____  Bi-weekly $_____
Monthly $_____

Own Home: Yes_____  No ✓  If yes, monthly mortgage payments $_____

Value of Real Property Owned $_____

Own Automobile: Yes_____  No ✓  If yes, monthly payments $_____

Value of Automobile: $_____  Year/Make: _____

Value of Personal Property Owned (boats, furniture, stocks, jewelry, etc):

List all tangible property with a value over $100.00

| Item | $ Value |
|------|---------|
|      | $       |
|      | $       |
|      | $       |
|      | $       |
|      | $       |

List creditors and the amount owed to each creditor:

| Creditor | $Amount Owed | Monthly Payments(if applicable) |
|----------|--------------|--------------------------------|
|          | $            |                                |
|          | $            |                                |
|          | $            |                                |
|          | $            |                                |
|          | $            |                                |

Appellants/Petitioner's monthly expenses:

$_____
$_____
$_____
$_____

Amount of cash held by petitioner/appellant:  $____None_____

Balance of any checking/savings accounts:  $____None_____

Amount held in money-market (stocks, bonds, other intangible personal property): $____None_____

Amount currently held in the petitioner's inmate trust account:  $__101.27_____

Attach photocopy of inmate's trust account records for the preceding six (6) months or for appellants/petitioner's incarceration, whichever period is shorter.

2 of 5

Are you presently employed in an inmate work program within the Department of Corrections? Yes_____ No ✓ If the answer is "yes," complete the following: Wages earned: $_____ Name and Address of employer: _____

If the answer is "no," state the date of your last employment and the salary and wages earned per month. Date: _____ Wages earned: $_____
Are you presently employed in a work release program? Yes_____ No ✓
If the answer is "yes," complete the following:
Wages earned: $_____(Monthly/Bi-Weekly/Weekly)
Name and address of employer: _____

If the answer is "no," state the date of your last employment and the salary and wages earned per month. Date: _____ Wages earned: $_____ (Monthly/Bi-Weekly/Weekly)

I certify that in the previous year I have _____ have not ✓ been adjudicated indigent under § 57.081 or § 57.085, Florida Statutes (2004) or 28 U.S.C. § 1915.

## IF THIS IS NOT A CRIMINAL OR A CRIMINAL COLLATERAL CASE, THE FOLLOWING MUST BE COMPLETED:

I certify that I have _____ or have not _____ been declared indigent in 2 or more actions in the previous three years. If "yes," and it occurred twice or more in the preceding three (3) years, you are required to list each suit, action, claim, proceeding, or appeal which you have brought or intervened in any court or other adjudicatory forum in the preceding five years:
1._____
2._____
3._____
Attach extra sheet(s) if necessary.

I am presently unable to pay court costs and fees. Under penalties of perjury, I swear or affirm that all statements in this affidavit are true and complete. § 92.525(2), Florida Statutes (2004) and 57.085(2), Florida Statutes (2004).

Dated this 31 day of July , 20 13 , at
Mayo , Florida.

_____
Signature of Petitioner/Appellant

Address: CLIFTON BROOKS
Mayo Correctional Institution
8784 W. U.S. 27
Mayo, Florida 32066

Sworn to and subscribed before me this
31st day of Jul. , 20 13 .

Charlene Bullard
Notary Public, State of Florida

My Commission Expires: 

CHARLENE BULLARD
MY COMMISSION DD 940999
EXPIRES: January 8, 2014
Bonded Thru Budget Notary Services

3 of 5

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to <u>The Office of the Attorney</u>
<u>General, Duval County Courthouse (Appeals Department & Clerk)</u>
(insert name(s) and address(es) of attorney(s)/party(ies) in the case) by mail this <u>31</u> day of
<u>July</u>, 20 <u>13</u>.

<u>Signature of Petitioner/Appellant</u>

The Office of the Attorney General
  State of Florida
  The Capitol PL·01
Tallahassee, Florida  32399-1050

Duval County Courthouse
Appeals Department
501 West Adams Street
Room 1262
Jacksonville, Florida 32202

Clifton Brooks
# 135510 / D401 U
Mayo Correctional Institution
8784 W. US 27
Mayo, Florida 32066

# IN THE DISTRICT COURT OF APPEAL
## FIRST___ DISTRICT OF FLORIDA

CLIFTON BROOKS_____,
                    Petitioner

First DCA Case No.: _1D13 - 1073_

v.

Lower Tribunal Case No.: _1L2012CF006884AXXXMA_

STATE of FLORIDA_____,
                    Respondent

## CERTIFICATE REGARDING INMATE ACCOUNT
(Department of Corrections' Representative:
Please sign applicable portion of certificate.)

I certify that the petitioner does not have a bank account within the institution in which he is confined.

Dated_____   _____
                    Signature of Authorized Officer
                    Phone number:_____

– OR –

__✓__ I certify that I have attached photocopies of the petitioner's inmate account information for the previous six months.

_____ I certify that I have attached inmate account information since his confinement on _____(if less than six months).
    (date)

I certify that the petitioner has the sum of $_101.27_ on account to his credit at _Mayo_ _Correctional_____ Institution where he is confined. I further certify that during the last six months or for the period of the petitioner's incarceration the petitioner's average daily balance was $_100.00_____.

Dated _7/31/13_   Charlene Bullard_____
                    Signature of Authorized Officer
                    Phone number:_386 | 294-4514_

5 of 5

**PAGE # 0210 OF 0500**

IBSR140 (74)

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FACILITY: 223 - MAYO C.I. ANNEX
FOR: 01/01/2013 - 07/25/2013

07/25/13
16:32:30
PAGE   1

ACCT NAME: BROOKS, CLIFTON M.
BED: D4101U
PO BOX:

ACCT#: 135510
TYPE: INMATE TRUST

$0.00

BEGINNING BALANCE 01/01/13

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 04/05/13 | 255 | JPAY DEPOSIT | 24879217 | 000 | UPSON, TIMOTHY | + | $300.00 | $300.00 |
| 04/08/13 | 005 | CANTEEN SALES | 20920130407 | 000 | | | $33.90 | $266.10 |
| 04/08/13 | 147 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.34 | $265.76 |
| 04/09/13 | 005 | CANTEEN SALES | 20920130408 | 000 | | | $52.74 | $213.02 |
| 04/10/13 | 047 | CANTEEN SALES | 21220130409 | 000 | | | $11.78 | $201.24 |
| 04/11/13 | 047 | CANTEEN SALES | 21220130410 | 000 | | | $1.81 | $199.43 |
| 04/13/13 | 047 | CANTEEN SALES | 21220130412 | 000 | | | $2.24 | $197.19 |
| 04/14/13 | 047 | CANTEEN SALES | 21220130413 | 000 | | | $19.06 | $178.13 |
| 04/15/13 | 143 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.88 | $177.25 |
| 04/16/13 | 047 | CANTEEN SALES | 21220130415 | 000 | | | $3.86 | $173.39 |
| 04/18/13 | 047 | CANTEEN SALES | 21220130418 | 000 | | | $8.23 | $165.16 |
| 04/19/13 | 047 | CANTEEN SALES | 21220130419 | 000 | | | $3.53 | $161.63 |
| 04/20/13 | 047 | CANTEEN SALES | 21220130420 | 000 | | | $20.93 | $140.70 |
| 04/21/13 | 047 | CANTEEN SALES | 21220130422 | 000 | | | $8.38 | $132.32 |
| 04/22/13 | 145 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.45 | $131.87 |
| 04/23/13 | 047 | CANTEEN SALES | 21220130422 | 000 | | | $5.95 | $125.92 |
| 04/24/13 | 047 | CANTEEN SALES | 21220130423 | 000 | | | $23.27 | $102.65 |
| 04/25/13 | 047 | CANTEEN SALES | 21220130424 | 000 | | | $68.83 | $33.82 |
| 04/27/13 | 047 | CANTEEN SALES | 21220130426 | 000 | | | $1.61 | $32.21 |
| 04/29/13 | 144 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $1.00 | $31.21 |
| 04/30/13 | 047 | CANTEEN SALES | 21220130429 | 000 | | | $24.60 | $6.61 |
| 05/01/13 | 047 | CANTEEN SALES | 21220130430 | 000 | | | $2.50 | $4.11 |
| 05/03/13 | 328 | JPAY DEPOSIT | 25420710 | 000 | UPSON, TIMOTHY S. | + | $300.00 | $304.11 |
| 05/04/13 | 047 | CANTEEN SALES | 21220130503 | 000 | | | $1.16 | $302.95 |
| 05/05/13 | 047 | CANTEEN SALES | 21220130504 | 000 | | | $0.17 | $302.78 |
| 05/06/13 | 045 | CANTEEN SALES | 21220130505 | 000 | | | $0.17 | $302.61 |
| 05/06/13 | 145 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.29 | $302.32 |
| 05/08/13 | 047 | CANTEEN SALES | 21220130507 | 000 | | | $14.90 | $287.42 |
| 05/09/13 | 047 | CANTEEN SALES | 21220130508 | 000 | | | $20.19 | $267.23 |
| 05/10/13 | 047 | CANTEEN SALES | 21220130509 | 000 | | | $2.50 | $264.73 |
| 05/11/13 | 047 | CANTEEN SALES | 21220130510 | 000 | | | $9.13 | $255.60 |
| 05/13/13 | 043 | CANTEEN SALES | 21220130512 | 000 | | | $12.93 | $242.67 |
| 05/13/13 | 143 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.60 | $242.07 |
| 05/14/13 | 045 | CANTEEN SALES | 21220130513 | 000 | | | $5.70 | $236.37 |
| 05/15/13 | 047 | CANTEEN SALES | 21220130515 | 000 | | | $5.94 | $230.43 |
| 05/16/13 | 047 | CANTEEN SALES | 21220130515 | 000 | | | $5.84 | $224.59 |
| 05/18/13 | 047 | CANTEEN SALES | 21220130517 | 000 | | | $10.10 | $214.49 |
| 05/19/13 | 047 | CANTEEN SALES | 21220130518 | 000 | | | $4.93 | $209.56 |
| 05/20/13 | 045 | CANTEEN SALES | 21220130519 | 000 | | | $13.60 | $195.96 |
| 05/20/13 | 143 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.46 | $195.50 |
| 05/21/13 | 047 | CANTEEN SALES | 21220130520 | 000 | | | $2.86 | $192.64 |
| 05/21/13 | 284 | ACCESS CATALOG | 2223 | 000 | | | $20.22 | $172.42 |

IBSR140 (74)

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FACILITY: 223 - MAYO C.I. ANNEX
FOR: 01/01/2013 - 07/25/2013

07/25/13
16:32:30
PAGE   2

ACCT#: 135510
TYPE: INMATE TRUST

ACCT NAME: BROOKS, CLIFTON M.
BED: D4101U
PO BOX:

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 05/22/13 | 047 | CANTEEN SALES | 21220130521 | 000 | | | $4.82 | $167.60 |
| 05/23/13 | 045 | CANTEEN SALES | 21220130522 | 000 | | | $1.71 | $165.89 |
| 05/25/13 | 047 | CANTEEN SALES | 21220130524 | 000 | | | $3.77 | $162.12 |
| 05/26/13 | 047 | CANTEEN SALES | 21220130525 | 000 | | | $7.93 | $154.19 |
| 05/27/13 | 143 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.21 | $153.98 |
| 05/28/13 | 047 | CANTEEN SALES | 21220130527 | 000 | | | $8.03 | $145.95 |
| 05/30/13 | 047 | CANTEEN SALES | 21220130529 | 000 | | | $12.76 | $133.19 |
| 05/31/13 | 047 | CANTEEN SALES | 21220130530 | 000 | | | $6.45 | $126.74 |
| 06/01/13 | 047 | CANTEEN SALES | 21220130531 | 000 | | | $8.21 | $118.53 |
| 06/03/13 | 047 | CANTEEN SALES | 21220130602 | 000 | | | $13.15 | $105.38 |
| 06/03/13 | 145 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.49 | $104.89 |
| 06/04/13 | 047 | CANTEEN SALES | 21220130603 | 000 | | | $6.36 | $98.53 |
| 06/06/13 | 047 | CANTEEN SALES | 21220130605 | 000 | | | $8.40 | $90.13 |
| 06/08/13 | 047 | CANTEEN SALES | 21220130607 | 000 | | | $6.46 | $83.67 |
| 06/09/13 | 049 | CANTEEN SALES | 21220130608 | 000 | | | $4.09 | $79.58 |
| 06/10/13 | 045 | CANTEEN SALES | 21220130609 | 000 | | | $4.32 | $75.26 |
| 06/10/13 | 145 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.30 | $74.96 |
| 06/11/13 | 047 | CANTEEN SALES | 21220130610 | 000 | | | $2.50 | $72.46 |
| 06/12/13 | 047 | CANTEEN SALES | 21220130611 | 000 | | | $8.83 | $63.63 |
| 06/15/13 | 047 | CANTEEN SALES | 21220130614 | 000 | | | $7.58 | $56.05 |
| 06/16/13 | 047 | CANTEEN SALES | 21220130615 | 000 | | | $1.94 | $54.11 |
| 06/17/13 | 045 | CANTEEN SALES | 21220130616 | 000 | | | $1.80 | $52.31 |
| 06/17/13 | 143 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.23 | $52.08 |
| 06/18/13 | 047 | CANTEEN SALES | 21220130617 | 000 | | | $10.30 | $41.78 |
| 06/22/13 | 047 | CANTEEN SALES | 21220130621 | 000 | | | $8.49 | $33.29 |
| 06/23/13 | 047 | CANTEEN SALES | 21220130622 | 000 | | | $12.29 | $21.00 |
| 06/24/13 | 045 | CANTEEN SALES | 21220130623 | 000 | | | $5.48 | $15.52 |
| 06/24/13 | 143 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.37 | $15.15 |
| 06/25/13 | 301 | JPAY DEPOSIT | 26468697 | 000 | UPSON, TIMOTHY S. | + | $100.00 | $115.15 |
| 06/26/13 | 047 | CANTEEN SALES | 21220130625 | 000 | | | $3.90 | $111.25 |
| 06/28/13 | 047 | CANTEEN SALES | 21220130627 | 000 | | | $3.92 | $107.33 |
| 06/29/13 | 047 | CANTEEN SALES | 21220130628 | 000 | | | $8.67 | $98.66 |
| 06/29/13 | 206 | WESTERN UNION D | 3937658036 | 000 | ROSS, SHARON | + | $200.00 | $298.66 |
| 06/30/13 | 047 | CANTEEN SALES | 21220130629 | 000 | | | $11.42 | $287.24 |
| 07/01/13 | 045 | CANTEEN SALES | 21220130630 | 000 | | | $0.97 | $286.27 |
| 07/01/13 | 142 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.29 | $285.98 |
| 07/02/13 | 047 | CANTEEN SALES | 21220130701 | 000 | | | $15.65 | $270.33 |
| 07/03/13 | 047 | CANTEEN SALES | 21220130702 | 000 | | | $13.61 | $256.72 |
| 07/05/13 | 047 | CANTEEN SALES | 21220130704 | 000 | | | $13.99 | $242.73 |
| 07/06/13 | 049 | CANTEEN SALES | 21220130705 | 000 | | | $13.40 | $229.33 |
| 07/07/13 | 047 | CANTEEN SALES | 21220130706 | 000 | | | $8.57 | $220.76 |
| 07/08/13 | 046 | CANTEEN SALES | 21220130707 | 000 | | | $7.38 | $213.38 |
| 07/08/13 | 144 | PROCESSING FEE | WEEKLY DRAW | 000 | | | $0.73 | $212.65 |
| 07/09/13 | 047 | CANTEEN SALES | 21220130708 | 000 | | | $7.55 | $205.10 |

IBSR140 (74)

07/25/13
16:32:30
PAGE   3

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FACILITY: 223 - MAYO C.I. ANNEX
FOR: 01/01/2013 - 07/25/2013

ACCT NAME: BROOKS, CLIFTON M.
BED: D4101U
PO BOX:

ACCT#: 135510
TYPE: INMATE TRUST

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| 07/10/13 | 047 | CANTEEN SALES | 21220130709 | 000 | | - | $14.93 | $190.17 |
| 07/11/13 | 047 | CANTEEN SALES | 21220130710 | 000 | | - | $15.68 | $174.49 |
| 07/13/13 | 047 | CANTEEN SALES | 21220130712 | 000 | | - | $15.63 | $158.86 |
| 07/14/13 | 047 | CANTEEN SALES | 21220130713 | 000 | | - | $6.54 | $152.32 |
| 07/15/13 | 045 | CANTEEN SALES | 21220130714 | 000 | | - | $5.27 | $147.05 |
| 07/15/13 | 142 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.66 | $146.39 |
| 07/16/13 | 047 | CANTEEN SALES | 21220130715 | 000 | | - | $3.92 | $142.47 |
| 07/17/13 | 047 | CANTEEN SALES | 21220130716 | 000 | | - | $2.08 | $140.39 |
| 07/18/13 | 047 | CANTEEN SALES | 21220130717 | 000 | | - | $9.82 | $130.57 |
| 07/20/13 | 047 | CANTEEN SALES | 21220130719 | 000 | | - | $4.69 | $125.88 |
| 07/22/13 | 045 | CANTEEN SALES | 21220130721 | 000 | | - | $10.91 | $114.97 |
| 07/22/13 | 141 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.31 | $114.66 |
| 07/23/13 | 047 | CANTEEN SALES | 21220130722 | 000 | | - | $4.97 | $109.69 |
| 07/24/13 | 043 | CANTEEN SALES | 21220130723 | 000 | | - | $8.42 | $101.27 |

ENDING BALANCE 07/25/13                    $101.27

PROVI~ ~1. ON
8-20-13      CM B
DATE         INITIALS

CLIFTON BROOKS
#135570 / 041014
Mayo Correctional Institution
8784 U.S. W. 27
Mayo, Florida 32066

August 20, 2013

RE.; CASE NO.: 162012CF006884AxxxMA

Dear Clerk,

FILED
AUG 2 2 2013

CLERK CIRCUIT COURT

   I'm writing this letter to your office to seek information which concerns my case that I can not obtain from the status report sheet ( CORE · Clerk Online Resource ePortal) I was provided. The information I am seeking is I had two attorney to handle my case. I need to know when my first appointed attorney ( Re. CORE date 8/28/2012 – Tedd Robert Niemczyk Asst. Pub. Def.), Was allowed to withdraw from my case. And the specific date I was appointed a new attorney (Re. CORE date 10/2/2012 – Darcy Danene Galner Asst. Pud. Def.) by the Court to represent me. If there is a charge for these dates or the official documents itself would you be so kind as to advise me of the amount. Thank you for your time and effect in this matter.

Respectfully
Clifton M. Brooks



JACKSONVILLE FL 320

CORRECTIONAL INSTITUTE

Clifton Brooks

#135510 / 04101 U

Mayo Correctional Institution

8784 W. US 27

Mayo, Florida, 32066-3458



FILED

AUG 22 2013

CLERK CIRCUIT COURT

Clerk of the Circuit Court

Duval County

Felony Department

501 West Adams Street · Room 2130

Jacksonville, Florida, 32202-4603



**Clerk of the Circuit and County Courts**
**Duval County**
**Felony Department**
501 West Adams Street, Room 2136
Jacksonville, Florida 32202
(904) 255-2000

08/30/2013

Case Number: <u>16-2012-CF-006884-AXXX-MA</u>
Name:        CLIFTON MCNEIL BROOKS

In Response To: NOTICE OF INQUIRY

☐    The fee for copies is $1.00 per page.  Certified Copies are $2.00 for each document certified.

☐    The copies/search you request will cost $      .  Please send a CERTIFIED CHECK, CASHIERS CHECK, or MONEY ORDER
payable to RONNIE FUSSELL, Clerk of the Circuit Court.  PERSONAL CHECKS ARE NOT ACCEPTED.

☐    Enclosed is the information you requested.  Your payment was in excess of that required and our check representing a refund
of a portion of your payment will follow.

☐    We failed to find, in our Felony Indexes, any reference to the matter inquired about/between the parties referred to in your
letter.

☐    The payment you sent us is not sufficient to pay for the search/copies you requested.  Therefore, we are returning your check
with the request that you send a CERTIFIED CHECK, CASHIERS CHECK or MONEY ORDER payable to RONNIE FUSSELL, Clerk
of the Circuit Court in the amount of $      along with a pre-stamped, self addressed envelope.

☐    Record Searches (Local Criminal History) are now completed by the Jacksonville Sheriff's office.  The cost is $5.00, MONEY
ORDER or CASHIERS CHECK payable to Jacksonville Sheriff's Office, located at:  501 E. Bay Street, Jacksonville, FL 32202 attn:
Records. (904) 630-2209.

☐    Kindly return this letter to us.  The case number(s) referenced on this letter will expedite preparation of the material you
request.

☐    Please note that we cannot accept your personal check.  Please send a CERTIFIED CHECK, CASHIERS CHECK, or MONEY
ORDER payable to RONNIE FUSSELL, Clerk of the Circuit Court.

☒    Note: Your motion is pending at this time we do not have an approximate date for ruling.

☐    Transcripts will need to be ordered from the Official Reporters, 201 East Adams Street, Jacksonville, FL 32202.

☒    Other: ENCLOSED IS A COPY OF YOUR DOCKET SHEET FOR YOUR REVIEW.  THANK YOU FOR YOUR COOPERATION IN
THIS MATTER.

RONNIE FUSSELL
CLERK OF CIRCUIT COURT

LaTrease Mallory
Deputy Clerk

**PAGE # 0216 OF 0500**

PROVID...          ...ON

8-20-13          CnB

DATE          INITIALS

CLIFTON BROOKS
# 135570 / 041014
Mayo Correctional Institution
8784 U.S. W. 27
Mayo, Florida  32066

August 20, 2013

RE; CASE NO. : 162012CF006884AxxxMA

FILED

AUG 2 2 2013

CLERK CIRCUIT COURT

Dear Clerk,

I'm writing this letter to your office to seek information which concerns my case that I can not obtain from the status report sheet ( CORE - Clerk Online Resource ePortal) I was provided. The information I am seeking is I had two attorney to handle my case. I need to know when my first appointed attorney ( Re. CORE date 8/28/2012 - Todd Robert Niemczyk Asst. Pud. Def.) Was allowed to withdraw from my case. And the specific date I was appointed a new attorney (Re. CORE date 10/2/2012 - Darcy Danene Galnor Asst. Pud. Def.) by the Court to represent me. If there is a charge for these dates or the official documents itself would you be so kind as to advise me of the amount. Thank you for your time and effect in this matter.

Respectfully,

Clifton M. Brooks



JACKSONVILLE FL 320



MAYO STATE
CORRECTIONAL INSTITUTE

Clifton Brooks
#'135510 / 04101 U
Mayo Correctional Institution
8784 W US 27
Mayo, Florida 32066-3158

FILED
AUG 22 2013

Clerk of the Circuit Court
Duval County
Felony Department
501 West Adams Street Room 2136
Jacksonville, Florida 32202

PROVIDED TO MAYO C.I. ON

9-4-13     CMD
DATE          INITIALS

FILED

SEP 06 2013

Dill W Russell
CLERK CIRCUIT COURT

CLIFTON BROOKS
# 135510 / D4101 U
Mayo Correctional Institution
8784 U.S. Hwy 27 West
Mayo, Florida 32066-3458

September 4, 2013

16-2012-CF-006884-AXYY

Dear Clerk

CR-E

I am writing this letter inceferbce to an order of the Court from the First District Court of Appeals. Clerk Jon S. Wheeler dated July 8, 2013. Advising that my Direct Appeal is being dismissed without prejudice. Until I demonstrate that the Lower Tribunal Fee has been paid or an Order of Insolvency has been entered by this Court. As a direct result of this order Appellant / Defendant on or about July 31, 2013. Submitted an Affidavit of Indigency Packet to this Court However as of this date 30 days has been exceeded and the Appellant / Defendant has yet to receive any word from the Court of Appeals. Advising that they have received the requested documents from your office. Nor have I received anything from your office advising that you all have forward the requested to the First DCA. Therefore would you be so kind as to advise me of the disposition of the request. Any consideration given to my humble request at your earliest available convenience would be more than appreciated.

Respectfully
Clifton M Brooks
Clifton M. Brooks

CC.: First District Court of Appeals
    Attorney General
    Duval County Appeals Department

Clifton Brooks

# 135510 / D4101 U

Mayo Correctional Institution

8784 W. US. 27

Mayo, Florida 32066 - 3458.

CORRECTIONAL INSTITUTE
(MAILED FROM A STATE)

JACKSONVILLE FL 320

04 SEP 2013 PM 3 L

Clerk of the Courts

Duval County

Appeals Department   Room 1262

501 West Adams St.

Jacksonville, Florida 32202

**FILED**

SEP 11 2013

CLERK CIRCUIT COURT

PROVIDED TO MAYO C.I. ON

9-10-13 / CxP

DATE / INITIALS

CLIFTON BROOKS

# 135510 / D4101 U

Mayo Correctional Institution

8784 U.S. Hwy 27 West

Mayo, Florida 32066-3458

September 10, 2013

RE: CASE NO.: 1D13-1073

LT NO.: 162012CF006884AXXXM     CR-E

Dear Clerk

I am writing this letter in reference to an order of the Court from the First District Court of Appeals. Clerk Jon S. Wheeler dated July 8, 2013. Advising that my Direct Appeal is being dismissed without prejudice. Until I demonstrate that the Lower Tribunal Fee has been paid or an Order of Insolvency has been entered by this Court. As a direct result of this order Appellant / Defendant on or about July 31, 2013 Submitted an Affidavit of Indigency Packet to this Court. However as of this date 30 days has been exceeded and the Appellant / Defendant has yet to receive any word from the Court of Appeals. Advising that they have received the requested documents from your office. Nor have I received anything from your office advising that you all have forward the requested to the First DCA. Therefore in accordance with Fla. R. App. P. 9.430. I am now authorized to petition the Appellate Court for insolvency / indigency status - McFadden v. Fourth Dist. Court of Appeal 682 So. 2d 1068 (Fla. 1996)

Respectfully,

Clifton M. Brooks

CC: First District Court of Appeals

Attorney General

Duval County Appeals Department

CLIFTON BROOKS

#135710 / D410110

Maya Correctional Institution

8784 U.S. Hwy 27 West

Maya, Florida 32066-3458

September 10, 2013

RE: CASE NO.: 1D13-1073

Dear Clerk                                  LT. NO.: 162012CF006884AXXXM

    I am writing this letter incference to an order of the First District Court of Appeals  Jon S. Wheeler (Clerk) dated July 8, 2013. Advising that my Direct Appeal is being dismissed without prejudice. Until I demonstrate that the Lower Tribunal Fee has been paid or an Order of Insolvency has been entered by said Court. As a direct result of this order Appellant / Defendant on or about July 31, 2013. Submitted an Affidavit of Indigency Packet with six (6) month inmate account statement. However as of this date Thirty (30) days has been exceeded. And the Appellant / Defendant has yet to receive any word from the Lower Tribunal. Advising that they have forward the requested to your Court. Therefore in accordance with Fla. R. App. P. 9.430. I am now petitioning the Appellate Court for Insolvency / Indigency status. McFadden v. Fourth Dist. Court of Appeal, 682 So.2d 1068. (Fla. 1996). Unfortunately Maya Correctional Institution does not have nor provide the required motion. So at this time I am making a request of the Court of Appeals. Would you please forward me a copy of the Prisoner's Motion and Affidavit to Proceed Without Payment of Court Cost and Fees [Rule 9.900 (i)] As authorized by Rule 9.430 (b)(2) as the Lower Tribunal has exceeded the Twenty (20) days given. Thank you for your time and assistance in this matter.

Respectfully,

Clifton M. Brooks

CC.: Duval County Courthouse

    Duval County Courthouse Appeals Department

    Attorney General

Clifton Brooks

# 135570 / D4101 U

Mayo Correctional Institution

8784 W US 27

Mayo, Florida 32066-3458

MAILED FROM A STATE
CORRECTIONAL INSTITUTE

JACKSONVILLE FL 320

10 SEP 2013   PM 1 1

Clerk of the Circuit Court

Appeals Department

501 W. Adams Street

Room 1262

322 Jacksonville, Florida 32202



**Clerk of the Circuit and County Courts**
Duval County
501 West Adams Street
Jacksonville, Florida 32202

Felony
Department
Room 2136
(904) 255-1820

Today's Date  10.01.2013

In Response To: Statement of Judicial Acts

☑      The fee for copies is $1.00 per page. Certified Copies are $2.00 for each document certified.

☑      The copies/search you request will cost $_____ Please send a CERTIFIED CHECK, CASHIERS CHECK, or MONEY ORDER payable to _____, Clerk of the Circuit Court. PERSONAL CHECKS ARE NOT ACCEPTED.

☐      Enclosed is the information you requested. Your payment was in excess of that required and our check representing a refund of a portion of your payment will follow.

☐      We failed to find, in our Felony indexes, any reference to the matter inquired about/between the parties referred to in your letter.

☐      The payment you sent us is not sufficient to pay for the search/copies you requested. Therefore we are returning your check with the request that you send a CERTIFIED CHECK, CASHIERS CHECK or MONEY ORDER payable to _____, Clerk of the Circuit Court in the amount of $_____ along with a pre-stamped, self addressed envelope.

☐      Record Searches (Local Criminal History) are now completed by the Jacksonville Sheriffs office. The cost is $5.00, MONEY ORDER or CASHIERS CHECK payable to Jacksonville Sheriff's Office, located at 501 E. Bay Street, Jacksonville, FL 32202 attn: Records. (904) 630-2209.

☐      Kindly return this letter to us. The case number(s) referenced on this letter will expedite preparation of the material you request.

☐      Please note that we cannot accept your personal check. Please send a CERTIFIED CHECK, CASHIERS CHECK, or MONEY ORDER payable to _____, Clerk of the Circuit Court.

☐      Note: Your motion is pending at this time we do not have an approximate date for ruling.

☑      Other: Please find copies of the Statements of
          Judicial Acts, as you requested

RONNIE FUSSELL,
CLERK OF CIRCUIT
COURT

Cynthia Sarabia

**Deputy Clerk**

Provided to Mayo C..

7.29.13 for mailing by *C MB CB*
_____          _____
Date                 Initials

CLIFTON BROOKS
# 135510 / D4101U
MAYO CORRECTIONAL INSTITUTION
8784 W. U.S. 27
MAYO, FLORIDA  32066

JULY 29, 2013

RE: CASE NO.: 1D13-1073
     L.T. NO.: 162012CF006884 AxxxM

Dear Clerk

     I am writing this letter to ask would you forward me a copy. Of my
Judicial Acts to be Reviewed sent on February 29, 2013. This request is
being made pursuit to a Notice of Appeal being dismissed on May 9, 2013.
I filed a Motion to Reinstate the appeal court entered an order advising
me to submit another Motion to Proceed in Forma Pauperis. If you would
be so kind as to forward me this copy. At your earliest available con
-venience it would be greatly appreciated. I have enclosed an envelop
with postage for the copy. Thank you in advance for your time and effect in
this matter.

                                        Respectfully
                                        *Clifton M Brooks*
                                        Clifton M Brooks
                                                135510



FILED
JUL 30 2013
CLERK CIRCUIT COURT

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY
FLORIDA.

TATE OF FLORIDA

?.

IFTON BROOKS /
DEFENDANT.

CASE NO.: 162012CF006884AXXXMA
DIVISION: CRE/SAD
RFA No.: 13-5538 / 13-5539

**FILED**

FEB 2 2 2013

CLERK CIRCUIT COURT

STATEMENT OF JUDICIAL ACTS TO BE REVIEWED

The DEFENDANT, pro se, submitts the following judicial acts to be reviewed upon this appeal in this cause :

1) The Court erred in not granting the Motion For Speedy Trial Upon Demand Filed September 21, 2012.

2) The Court erred in not granting the Notice of Experation of Speedy Trial Upon Demand filed November 12, 2012. By holding the required hearing within 5 day of the filing of the Notice.

3) The Court erred in the duty to compling with Rule 3.191 (p) by the defendant not being taken to trial within the (10) day allowed. Should be forever discharged from the Crimes.

4) The Court erred in not granting the Petition for Writ of Habeas Corpus filed November 12, 2012.

5) The Court erred in allowing Mrs Darcy Danene Galnor of the Public Defender - Office 4th Judicial Circuit to file a Certificate of Conflict & Motion to Withdraw. After violating the defendant Attorney Client Privilege by proiding the defendant information to the States Attorny Which was file as a Notice of the Judicial Record to be review by the Appeal Court.

6) The Court erred in not allowing Mrs Darcy Danene Galnor to remain the defendant's Counsel as requested by the

defendant Foretta Hearing on January 25, 2013.

7) The Court erred in allowing no standby counsel for defendant at trial.

8) The Court erred in allowing the States Attorney to Amend Information after the Expiration of, as, in Upon Demand on November 17, 2012 (50) days and Speedy Trial (175) day on February 8, 2013 (212) day later.

9) The Court erred in not granting the defendant Motion to Dismiss Information filed February 8, 2013 Citing Pezzo v. State of Florida, 903 So.2d 960 (Fla. App 1 Dist. 2005)

10) The Court erred in not granting the defendant request for a Bench Trial.

Respectfully submitted

Clifton M. Brooks

DEFENDANT Pro Se

500 East Adams St.

Jacksonville Florida 32202


CERTIFICATE OF SERVICE


I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail, to the Office of the State Attorney, representing the State of Florida, and by U.S. Mail to the Office of the Attorney General, representing the State of Florida, this 29 day of February 2013.


DEFENDANT Pro Se

FILED 1023 '13 PM 1050 R FUSSELL

CLIFTON BROOKS
# 135510 / D4101 U
Mayo Correctional Institution
8784 U.S. Hwy. 27 West
Mayo, Florida 32066-3458

October 10, 2013

Dear Clerk,

    I am writing to your office in reference to the Oath pursuant to F.S. 27. 181 (2). That the following Two (2) Assistant State Attorney had to have taken. Would you be so kind to forward me a copy of their oaths. Thank you in advance for your time and assistance in this matter. Thanks once again.

                            Respectfully

                            Clifton M. Brooks
                            135510

\*  Mrs. Mary Young Cousar. (Case No. 79-8163-CF, Division: S
   She allegely took this Oath during the years of 1977 to 1980

\*  Mr. Alan S. Mizrahi, No.: 122300 (Case No.: 162012CF006884AXXXMA)
   He allegely took this Oath under Angela B. Corey (State Attorney)
   during the years of 2008 to 2010

Clifton Brooks
# 135510 / D4101 u
Mayo Correctional Institution
8784 U.S. Hwy. 27 West
Mayo, Florida 32066 - 3458

TALLAHASSEE FL 323.

31 OCT 2013 PM 1 T

USA
ENERGY
MICHITI
Justice
FOREVER

Ronnie Fussell
Clerk of the Circuit Court
Felony Department
501 W Adams Street - Room 2136
Jacksonville, Florida 32202
322028460G

PROVIDED TO MAYO C.I. ON

11-5-13     Cm§
DATE        INITIALS

QL  -CF- 6884-A
DIV CRE

**FILED**

NOV 08 2013

_Bill W. Howell_
CLERK CIRCUIT COURT

CLIFTON BROOKS

#135510 / D4101 U

Mayo Correctional Institution

8784 U.S. Hwy 27 West

Mayo, Florida 32066-3458

November ___ 5, 2013

Dear Clerk

　　This is my second letter that I am writing to your office in hope of seeking an order per this Court. On or about July 31, 2013 I filed the District Court of Appeal Motion of Affidavit of Indigency so I can effect my Direct Appeal. In my first letter I had explained that the First District Court of Appeal dismissed my appeal without prejudice to allow me the opportunitly to petition this Court to provide me with an order declaring me indigent. Or for me to pay the $300.00 dollar filing fee to effect this appeal in the Appeal Court. I do not have the $300.00 dollars to pay for the filing of this Appeal. This is the very reason on the above mentioned date I submitted to this Court a Motion of Affidavit of Indigency with an sworn computer print-out of my prison account for six (6) months to show that I am Insolvent. However as of September 4, 2013. I have not received any notification of this Court forwarding an order of my status of being insolvent to the First DCA. Therefore on or about September 10, 2013 I petitioned the First DCA. To grant me leave to effect my appeal by submitting to them a Motion of Affidavit of Indigency. However on September 16, 2013 the Appeals Court responded by stating if I'm seeking a waiver of the filing fee on the basis of indigency I must file a Motion of Affidavit of Indigency with the Lower Court and not their Court. As previously noted I filed this motion with this Court on or about July 31, 2013. And I have yet to receive an order from this Court ajudging me indigent. Therefore I really would appreciate it very much if this Court would rule on my Motion of Affidavit of Indigency

by declaring me Indigent and forward me a copy so I can attach it
to my Motion to Reinstate my Appeal. As noted once again I filed this
Motion of Affidavit of Indigency with this Court on or about July 31,
2013. It is now ~~November~~ 5, 2013. Approximately 98 days has
elasped and I still haven't received an order. However I really need to
effect this appeal. ~~Therefore this moves me to say if I do not receive an order from this Court within Twenty (20) days of the receipt of this letter.~~
It leaves me no other choice but to petition the First DCA to issue a
Writ of Mandamus in this cause. Thank you for your time and effect
in this matter.

Respectfully
Clifton M. Brooks

CC: Hon. Pamela Jo Bondi, A.G.   Hon. Jon S. Wheeler, Clerk

Hon. Tim Fuller, Clerk   Hon. Ronnie Fussell, Clerk

William W. Wilhelm, Bar Counsel   Hon. Thomas D. Hall, Clerk



Clifton Brooks

# 135510 / D4101 U

Mayo Correctional Institution

8784 U.S. Hwy 27 West

Mayo, Florida 32066-3458

MAILED FROM A STATE
CORRECTIONAL INSTITUTE

Hon. Jim Fuller

Appeals Department

501 West Adams Street

Room 1262

Jacksonville, Florida 32202

PROVIDED TO MAYO C.I. ON

| 11-5-13 | CMB |
|---|---|
| DATE | INITIALS |

IN THE CIRCUIT COURT OF THE

FOURTH JUDICIAL CIRCUIT, IN

AND FOR DUVAL COUNTY

CLIFTON BROOKS                    CASE NO.: 162012CF006564AXXXMA

    DEFENDANT            DIVISION: CRE / SAB

                    RFA NO.: 13-5538/13-5539/13-10659

v.                                                  CASE NO.: 1D12-5922 / 1D13-1023

STATE OF FLORIDA

    PLANTIFF.

**FILED**

NOV 08 2013

CLERK CIRCUIT COURT

MOTION IN SUPPORT OF REQUESTING THE PENDING

AFFIDAVIT OF INDIGENCY BE GRANTED

    COMES NOW, the Defendant, CLIFTON BROOKS in proper person, respectfully moves
this Honorable Court to grant an AFFIDAVIT OF INDIGENCY in this cause for
purpose of effecting an DIRECT APPEAL as grounds in support of asking
there of would avers as following with appendix:

    1) On or about December 3, 2012 Mrs. Darcy Danene Galnor (Assistant Public
Defender) Of the Law Offices of the Public Defenders for the Fourth Judicial Circuit
of Florida. Request my presence while being housed at The Jacksonville Sheriff's
Office (J.S.O) Pretrial Detention facility (P.D.F). She informed me that my
trial date was moved up to December 10, 2012. Prior to the new trial date I
provided the Court with my trial information sent on December 4, 2012. The
Court received said information on December 5, 2012. But did allow Mrs Galnor
to waive my rights for a Dostor Competency Hearing on December 7, 2012. On
December 3, 2012 I sent my Notice of Appeal to the District Court of Appeal (DCA).
On December 13, 2012 I received an acknowledgment letter from the DCA. CASE
No.: 1D12-5922. And the Docketing Statement including the Lower Tribunal's
Application Order of Insolvency (Exhibit A). I planned to submit said application

1

to this Court on or about December 18, 2012. But due to Correction Officers (J.S.O) refusing to notarize said application. I was not able to send the application on or about December 26, 2012. Due to this Court not granting said application on February 15, 2013. The DCA did dismissed my appeal (Exhibit B).

2) On or about February 13, 2013 the trial was held and I was found guilty by the jury. Judgement and Sentence was entered by the Honorable Tatiana Salvadore, Circuit Judge. On February 22, 2013 I filed my second Notice of Appeal. On March 7, 2013 I received an acknowledgment letter from the DCA CASE No.: 1D13-1073. And the Docketing Statement including the lower Tribunal's Application Order of Insolvency. And also an acknowledgment letter from the Appeals Department (Duval County) on April 1, 2013 (Exhibit C).

3) The entered order by this Court was sent to and received by Duval County Jail on March 15, 2013.

4.) However, defendant had been transferred by the County Jail to North Florida Receptional & Medical Centere (Exhibit D,). And the County Jail did not forward this letter to the Receptional Center but returned it to sender (Exhibit E.). And I did not receive this order until March 22, 2013. This caused (15) fifteen days of this order to elapse.

5) Due to Duval County Jail failing to forward defendants money that was in his account (Exhibit F). Led to defendant experiencing two major set backs. While being housed at North Florida Receptional Center (N.F.R.C.). First it rendered him indigent and could not purchase stamps and envelopes. So he had to submit an inmate request to receive indigent stationary and stamps. Second a classic case of Chicken Pox broke out in the dormitory (Exhibit G). I was being housed in "F" dormitory and was unable to get the two sets of copies I needed to comply with this Court order. The dorm was cleared of Chicken

2

PAGE # 0234 OF 0500

lox on April 3, 2013

6) But while being housed in "F" derm and prior to the quarantine. The defendant, submitted a request slip to the Law Library to seek to have the copies made of the indigent information. On April 4, 2013 the request was proceeded.

7) On April 4, 2013 defendant, received a call-out for the Library. At that time defendant, submitted the indigent information to be copied.

8) The copies were to be ready the next day. But the defendant did not receive a call-back to pick up the requested copies (Exhibit H).

9) On or about April 8, 2013 defendant, was transferred from (N.E.R.C.) to Mayo Correctional Institution (Exhibit I).

10) Where while being housed at Mayo C.I. on the very next day, April 9, 2013 defendant, immediately requested a legal deadline pass. This pass would have granted him immediate access to the Law Library. The librarian however denied the request.

11) On April 10, 2013 upon being interviewed by my Classification Officer. I explained my situation to her and she contacted the librarian by phone. To request that I be granted permission to attend. The Law Library again denied the request. Then instructed the officer to inform me to put a request in. In which I did upon leaving the interview (Exhibit J).

12) On April 15, 2013 I submitted a request slip to the Warden explaining my situation to him. However I did not hear back from him until April 18, 2013. And I was still not granted access to the

3

Law Library (Exhibit K).

(13) On April 22, 2013 I submitted another request slip to the Law Library. That was granted on April 24, 2013 after I wrote the Asst. Warden (Exhibit L).

(14) On April 23, 2013 I submitted a request slip to the Asst. Warden. I was granted access to the Law Library (Exhibit M).

(15) On April 24, 2013 I submitted the indigency information for copies. But due to Mayo C.I. being placed into central movements. All departments were closed. I was not placed on the call-out list to retrieve my copies once. Mayo C.I. was cleared.

(16) On May 6, 2013 I submitted a request slip to the Law Library to get my copies (Exhibit N).

(17) On May 10, 2013 I was called-out to the Law Library. I retrieved my copies and also received legal mail from (N.F.R.C.). The letter contained my copies from April 4, 2012. I also submitted a Motion for Extension of Time prior to receiving dismissal from May 9, 2013 on May 15, 2013. (Exhibit O).

(18) Defendant states he did everything within his power to meet the legal deadline that was hand down by this Court. However the circumstances surrounding his situation prevented him from meeting this Honorable Courts order as noted in Seventeen (17) the First DCA dismissed my appeal.

(19) However on or about July 3, 2013 defendant filed a motion in the First District Court of Appeal. Asking them to reinstate my appeal based on the foregoing reason cited in this pleading.

4

20) The Appeal Court on or about July 11, 2013, denied my request without prejudice with the instructions for me to obtain an order from the Lower Tribunal judging me to be indigent (Exhibit P). And attach it to a proper styled motion to reinstate my appeal. Then my appeal will be processed.

21) At the present I have a Direct Appeal pending in the First District Court of Appeal. And the Appeal Court is not going to move forward on my Appeal until I submit an order from this Court deeming me to be indigent. Or myself paying the $300.00 dollar filing fee that I do not have.

WHEREFORE as a conclusion defendant would state based on the foregoing. Reason cited herein that this Honorable Court grant his previously filed Motion of Affidavit of Indigency. That is now pending in this Court and forward a copy of said order to the First District Court of Appeal. And a copy of said order to defendant.

Respectfully submitted,

*[signature]*

UNNOTARIZED OATH

Pursuant to 92.525 Florida Statute under penalties of perjury, I declare that I have read the foregoing document and that the facts stated herein are true and correct.

Clifton M. Brooks

*[signature]*

# 135810

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing has been furnished by U.S. Mail to the Attorney General Office for Leon County whose address is The Capital PL-01, Tallahassee, Florida 32399-1050; The Clerk of the Courts for Duval County whose address is 501 West Adams Street, Room 1262, Jacksonville, Florida 32202; The Florida Bar whose address is 651 East Jefferson Street, Tallahassee, Florida 32399-2300; Appeals Department for Duval County whose address is 501 West Adams Street, Room 1262, Jacksonville, Florida 32202; District Court of Appeal, First District whose address is State of Florida, Tallahassee, Florida 32399-0950; and The Supreme Court of Florida whose address is Supreme Court Building, 500 South Duval Street, Tallahassee, Florida 32399-1925 on this 5 day of November 2013

Defendant Pro'se

6

CLIFTON BROOKS

\# 136510 / 04101 U

Mayo Correctional Institution

8784 W. U.S. 27

Mayo, Florida 32066

Hon. Jon S. Wheeler

District Court of Appeal

First District

State of Florida

Tallahassee, Florida 32399-0950

Hon. Thomas D. Hall

The Supreme Court of Florida

Supreme Court Building

500 South Duval Street

Tallahassee, Florida 32399-1925

Hon. Jim Fuller

Appeals Department

501 West Adams Street

Room 1262

Jacksonville, Florida 32202

Hon. Ronnie Fussell

Clerk of the Circuit Court

Felony Department

Room 2136

501 West Adams Street

Jacksonville, Florida 32202

Mr. William W. Wilhelm

The Florida Bar

651 East Jefferson Street

Tallahassee, Florida 32399-2300

Hon. Pamela Jo Bondi

Office of the Attorney General

State of Florida

The Capital Pl-01

Tallahassee, Florida 32399-1050

7

APPENDIX                                                                    PAGE(S)

DISTRICT COURT OF APPEAL LETTERS (December 13, 2012)                          A

DISTRICT COURT OF APPEAL LETTER (February 15, 2012)                          B

DISTRICT COURT OF APPEAL AND APPEALS DEPARTMENT (March 7, and
     April 1, 2013)                                                          C

NORTH FLORIDA RECEPTION CENTER (March 7, 2012)                               D

DISTRICT COURT OF APPEAL LETTER  (March 7, 2013)                             E

DUVAL COUNTY INMATE ACCOUNT HISTORY (February 21, 2013)                      F

STATE PRISON PROPERTY NOTICE

NORTH FLORIDA RECEPTION CENTER ACCOUNT HISTORY ( March 7, 2013)

NORTH FLORIDA RECEPTION CENTER INMATE REQUEST (March 31, 2013)               G

NORTH FLORIDA RECEPTION CENTER COPYING SERVICE REQUEST (April 4, 2013)       H

MAYO CORRECTIONAL INSTITUTION INMATE PROPERTY LIST (April 8, 2013)           I

MAYO CORRECTIONAL INSTITUTION INMATE REQUEST (April 10, 2013)                J

MAYO CORRECTIONAL INSTITUTION INMATE REQUEST (April 15, 2013)                K

MAYO CORRECTIONAL INSTITUTION INMATE REQUEST (April 22, 2013)                L

MAYO CORRECTIONAL INSTITUTION INMATE REQUEST (April 23, 2013)                M

8

APPENDIX                                                                              PAGE (S)

MAYO CORRECTIONAL INSTITUTION INMATE REQUEST  (May 6, 2013)                              N

NORTH FLORIDA RECEPTION CENTER LEGAL MATERIALS FORWARDED  (May 10, 2013                  O

DISTRICT COURT OF APPEAL LETTER   (July 11, 2013)                                        P

9

# APPENDIX

# APPENDIX

# "A"



**DISTRICT COURT OF APPEAL
FIRST DISTRICT
STATE OF FLORIDA
TALLAHASSEE, FLORIDA 32399-0950
(850) 488-6151**

JON S. WHEELER
CLERK OF THE COURT

KAREN ROBERTS
CHIEF DEPUTY CLERK

December 13, 2012

Hon.Jim Fuller, Clerk
Clerk of Court
501 West Adams Street
Room 1262
Jacksonville, FL 32202

RE:   Clifton Brooks          v.   State of Florida

**CASE NUMBER: 1D12-5922**
Lower Case Number: 162012CF006884AXXXM

Dear Hon.Jim Fuller, Clerk

As Clerk of the Court, I acknowledge receipt of the Notice of Appeal in this Circuit Court action, filed in this court on December 13, 2012, and in the lower tribunal on N/A.Receipt number N/A for the filing fee attached.

In the future, all pleadings and correspondence filed in this cause must contain this Court's case number.

Before this case can be assigned to a panel of judges for consideration, **the Docketing Statement must be completed and filed with this court** by the appellant. Appellee/Amicus needs to review the information on the appellant's Docketing Statement and file a Docketing Statement, if required, as explained in the attached Docketing Statement or Notice. If the court determines that this case requires expedited emergency consideration, the case may be reviewed before receipt of the Docketing Statement.

Sincerely,
Jon S. Wheeler

Clerk of the Court

Copies:   Hon.Pamela Jo Bondi,          Clifton Brooks
          A.G.

**DISTRICT COURT OF APPEAL, FIRST DISTRICT**
**2000 Drayton Drive**
**Tallahassee, Florida 32399-0950**
**Telephone No. (850)488-6151**

December 13, 2012

**CASE NO.: 1D12-5922**
L.T. No.: 162012CF006884AXXXM

Clifton Brooks                    v.              State of Florida

---

Appellant / Petitioner(s),                    Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

Appellant has filed a notice of appeal in the lower tribunal without the entry of an order of insolvency or deposit of the statutory filing fee. Accordingly, appellant shall, within 30 days from the date of this order, either file a certified copy of the lower tribunal's order of insolvency for appellate purposes as required by Florida Rule of Appellate Procedure 9.430 or pay to the clerk of this Court the sum of $300.00 as the appellate filing fee required by the applicable rule of procedure and Section 35.22(3), Florida Statutes (2011). If appellant seeks a waiver of the filing fee on the grounds of indigency, appellant shall file a motion and affidavit of indigency with the clerk of the lower tribunal (the court, agency, officer, board, commission or body whose order is to be reviewed) for a determination by the lower tribunal of whether an order of insolvency should be issued pursuant to Rule 9.430 and Section 57.081(1) or 57.085(2), Florida Statutes (2011), as applicable.

This appeal shall not proceed until the order of insolvency is filed or the fee is paid. If at the end of 30 days appellant has neither paid the fee nor secured an order of indigency, appellant shall show cause within 10 days thereafter why this appeal should not be dismissed. Florida Rule of Appellate Procedure 9.410.

**I HEREBY CERTIFY** that the foregoing is (a true copy of) the original court order.

Served:

Hon.Pamela Jo Bondi, A.G.          Clifton Brooks                    Hon.Jim Fuller, Clerk

vm

JON S. WHEELER, CLERK



# APPENDIX "B"

**DISTRICT COURT OF APPEAL, FIRST DISTRICT**
**2000 Drayton Drive**
**Tallahassee, Florida 32399-0950**
**Telephone No. (850)488-6151**

February 15, 2013

**CASE NO.: 1D12-5922**
**L.T. No.: 162012CF006884AXXXM**

Clifton Brooks                              v.                              State of Florida
_____
Appellant / Petitioner(s),                                            Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

Not having received a response to this Court's orders of December 13, 2012, requiring appellant to pay the $300.00 filing and a conformed copy of the order being appealed, the above-styled cause is hereby dismissed.

**I HEREBY CERTIFY** that the foregoing is (a true copy of) the original court order.

Served:

Hon. Pamela Jo Bondi, A.G.          Clifton Brooks                    Hon. Ronnie Fussell, Clerk

vm



_____
JON S. WHEELER, CLERK

# APPENDIX

# "C"



**DISTRICT COURT OF APPEAL**
**FIRST DISTRICT**
**STATE OF FLORIDA**
**TALLAHASSEE, FLORIDA 32399-0950**
**(850) 488-6151**

JON S. WHEELER
CLERK OF THE COURT

KAREN ROBERTS
CHIEF DEPUTY CLERK

March 07, 2013

Hon. Ronnie Fussell, Clerk
Clerk of Court
501 West Adams Street
Room 1262
Jacksonville, FL 32202

RE:    Clifton Brooks            v.    State of Florida

**CASE NUMBER: 1D13-1073**
Lower Case Number: 162012CF006884AXXXM

Dear Hon. Ronnie Fussell, Clerk

As Clerk of the Court, I acknowledge receipt of the Notice of Appeal from the lower tribunal reflecting a filing date of February 22, 2013. Receipt number N/A for the filing fee attached.

In the future, all pleadings and correspondence filed in this cause must contain this Court's case number.

Before this case can be assigned to a panel of judges for consideration, **the Docketing Statement must be completed and filed with this court** by the appellant. Appellee/Amicus needs to review the information on the appellant's Docketing Statement and file a Docketing Statement, if required, as explained in the attached Docketing Statement or Notice. If the court determines that this case requires expedited emergency consideration, the case may be reviewed before receipt of the Docketing Statement.

Sincerely,
Jon S. Wheeler

Clerk of the Court

Copies:    Hon. Pamela Jo Bondi,        Clifton Brooks
           A.G.

## DISTRICT COURT OF APPEAL, FIRST DISTRICT
### 2000 Drayton Drive
### Tallahassee, Florida 32399-0950
### Telephone No. (850)488-6151

March 07, 2013

**CASE NO.: 1D13-1073**
L.T. No.: 162012CF006884AXXXM

| | | |
|---|---|---|
| Clifton Brooks | v. | State of Florida |
| Appellant / Petitioner(s), | | Appellee / Respondent(s) |

**BY ORDER OF THE COURT:**

Appellant has filed a notice of appeal in the lower tribunal without the entry of an order of insolvency or deposit of the statutory filing fee. Accordingly, appellant shall, within 30 days from the date of this order, either file a certified copy of the lower tribunal's order of insolvency for appellate purposes as required by Florida Rule of Appellate Procedure 9.430 or pay to the clerk of this Court the sum of $300.00 as the appellate filing fee required by the applicable rule of procedure and Section 35.22(3), Florida Statutes (2011). If appellant seeks a waiver of the filing fee on the grounds of indigency, appellant shall file a motion and affidavit of indigency with the clerk of the lower tribunal (the court, agency, officer, board, commission or body whose order is to be reviewed) for a determination by the lower tribunal of whether an order of insolvency should be issued pursuant to Rule 9.430 and Section 57.081(1) or 57.085(2), Florida Statutes (2011), as applicable.

This appeal shall not proceed until the order of insolvency is filed or the fee is paid. If at the end of 30 days appellant has neither paid the fee nor secured an order of indigency, appellant shall show cause within 10 days thereafter why this appeal should not be dismissed. Florida Rule of Appellate Procedure 9.410.

I HEREBY CERTIFY that the foregoing is (a true copy of) the original court order.

Served:

Hon. Pamela Jo Bondi, A.G.     Clifton Brooks          Hon. Ronnie Fussell, Clerk

gw

JON S. WHEELER, CLERK



# APPENDIX

# "D"

```
IIPR005                      State of Florida
21:34                  Department of Corrections              03/07/2013
                      INDIVIDUAL INMATE SCHEDULE               Page  1
                  Reception Center: R.M.C.- MAIN UNIT
```

Inmate Name: BROOKS, CLIFTON MCNEIL        DC#: 0-135510   Group: ZZ   Team: 07

This schedule is considered a written order. You are expected to report to
each location as scheduled. If there is a conflict in your schedule, you
should immediately contact the Team Office. Disciplinary action may be taken
against you if you fail to report to any of your assigned locations at the
times indicated. You are not to leave any location unless authorized to do so.
Loss or destruction of this schedule may result in disciplinary action.

After you have concluded your processing on the last Day, you can dispose of
this Schedule.

| Date | Day | Time | Activity | Location |
|------|-----|------|----------|----------|
| 03/07/2013 | Thursday | 7:00 AM | ASSIGNMENT OF DC NUMBER | T & R |
| | | 9:00 AM | RECEIPT OF PROPERTY | T & R |
| | | 9:30 AM | FINGERPRINTING | T & R |
| | | 9:45 AM | PHOTOGRAPH/ID CARD | T & R |
| | | 10:15 AM | INITIAL HEALTH SCREENING | T & R |
| | | 11:00 AM | INTERVIEW BY TEAM OFFICER | T & R |
| 03/08/2013 | Friday | 7:00 AM | INITIAL DENTAL EXAM | HEALTH SERVICES |
| | | 7:30 AM | HEALTH SERVICES ORIENTATI | ED/PSY TESTING |
| | | 9:00 AM | EDUCATIONAL TESTING | ED/PSY TESTING |
| | | 11:00 AM | SUBSTANCE ABUSE ASSESSMEN | ED/PSY TESTING |
| | | 12:00 PM | PSYCHOLOGICAL TESTING | ED/PSY TESTING |
| 03/11/2013 | Monday | 7:00 AM | PSYCHOLOGICAL ASSESSMENT | MENTAL HEALTH |
| 03/12/2013 | Tuesday | 7:30 AM | INITIAL PHYSICAL EXAM | HEALTH SERVICES |
| 03/13/2013 | Wednesday | 8:00 AM | CLASSIFICATION INTERVIEW | CLASSIFICATION |

PIN- 01355101332

# APPENDIX

# "E"

DISTRICT COURT OF APPEAL
FIRST DISTRICT
STATE OF FLORIDA
TALLAHASSEE, FLORIDA 32399-0950

RETURN TO SENDER
Refused by Department of Corrections
☒ Released or Transferred - No Longer Here
☐ Need Booking Number & Name
☐ Unauthorized Items

gw
13-1073
CLIFTON BROOKS 2012019254
#2012019254
Duval County Jail
500 E. Adams St.
Jacksonville, FL 32202

NIXIE          322   7E  1

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 32399095099   *1987-03718-06-42

72  05/15/13

B

# APPENDIX

# "F"

# DUVAL COUNTY DETENTION CENTER
Inmate Account History

ID#: 2012019254

Name: BROOKS, CLIFTON MCNEIL

Date of birth: 1973-11-05

Location: PDF - 5W - 4

| | | | Available | + Encumbered | = Account Balance |
|---|---|---|---|---|---|
| | | | 142.57 | 0.00 | 142.57 |
| 2/20/2013 | EPR | OID:100734299-ComisaryPurch-Reg | -12.68 | 142.57 | 448.00 |
| 2/21/2013 | SUBSISTENCE FEE | Daily charge for subsistence fee | 2.00 | 142.57 | 450.00 |
| | | | | 0.00 | 0.00 |
| | | | | | 0.00 |

Balances as of 2/21/2013:

Due to computer posting the 'Balances as of 2/21/2013' may not reflect all transactions posted for this period. Carefully review the information on this statement. If you question or dispute any item you must submit a request form to the inmate accounts office within 30 days.

Printed 2/21/2013 at 11:39:56AM     Page 15 of 15

2S920P01-00002 rev 01





# OFFICE OF THE SHERIFF
# DEPARTMENT OF CORRECTIONS
## STATE PRISON PROPERTY NOTICE

# MALES

You have been convicted of a crime and have been sentenced to a period of incarceration in the Florida State Department of Corrections. Any money you have in your account will be transferred to the state Department of Corrections by a check from this institution. You will be transferred to the Florida D.O.C. wearing the uniform you currently have. If you are here for Violation of Parole, the Parole Board will be having a hearing here at JSO, but you are still considered a State inmate. As soon as the Court Office receives your commitment back from Tallahassee, you will be transferred to Florida D.O.C.

**Once you arrive at Florida Department of Corrections, you will be allowed to keep in your possession the following listed items:**

**Legal Material (Subject to storage space limitations)**
**Religious Material (Subject to storage space limitations)**
**50 photographs (No Nudity)**
**10 personal letters**
**Limited writing material**
**Eye glasses with case**
**Hearing aid with batteries and case**
**Chain with religious medallion  (Not to exceed $50.00 in value)**
  • **Chain – small in diameter and no longer than the neckline**
  • **Medallion – not to exceed two inches by two inches**
**Watch (Not to exceed $50.00 in value)**
**Wedding band (Not to exceed $100.00 in value)**

It is recommended that you have someone pick your property up here at this facility. You can not have a portion of your property picked up. If you do not have it picked up here it will be transferred with you. If you decide to have your property picked up, tell them to go to the Public Reception Area (located in front of the jail where he/she would come to visit) and advise the Public Reception Officer that they are here to pick up your property.

**I have read and understand this notice.**

**Inmate Signature:** _____

Rev. 10/07



**Department of Corrections**

**Inmate Personal Property List**
**(Please Print)**

Inmate Name _Brooks Clifton H._  Number _135510_

Institution _Rm-c_  Date: _3-7-13_

| Item | Number | ID # | Requested Disposition | Final Disposition | Date | Officer's Initials | Inmate's Initials |
|------|--------|------|----------------------|-------------------|------|--------------------|--------------------|
| Shower Slides | 1FR | 1FR | R | R | 3-7-13 | SW | CMB |
| Driver Licate | 1 | 1 | S | S | 3-7-13 | SH | CMB |
| Legal papers | 200 | 200 | R | R | 3-7-13 | SW | CMB |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Cash Total Amount ___  Retained ___  Amount Deposited ___

( )  I agree to mail the above items marked M from my own funds.
( )  I do not have the necessary funds for postage. However, I will obtain the necessary funds during the thirty (30) days allowed for disposition of these items.
( )  I agree that the above items marked D be disposed of by the state.

Request Items be Mailed To:

Name: ___

Address: ___

Witness: ___

Signature of Officer ___  Rank ___

Institution or Community Facility _RMC_  Date _3-7-13_

Signature of Inmate ___  Inmate Number ___  Date _3-7-13_

Distribution:
White      -- To inmate when property is collected
Yellow     -- To property room when property is collected
Pink       -- To inmate's Personal Property file
Goldenrod  -- In package being mailed home or to inmate in case items are forfeited

Symbols Indicate:
D - Dispose
F - Forfeited
L - Lost/stolen
M - To be mailed
R - Return to inmate
S - Stored
W - Worn out

DC6-224 (Revised 11-00)      Incorporated by Reference in Rule 33-602.201, F.A.C.

# APPENDIX

# "G"

**INMATE REQUEST**

RECEIVED
APR 02 2013
RMC-WEST UNIT
MAJOR'S OFFICE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: 8F 2106 U
Team Number: 7
Institution: W/U

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☑ Other  Law library |
|---|---|---|---|---|

| FROM: | Inmate Name Brooks, Clifton | DC Number 135510 | Quarters 2106 U F. Dorm | Job Assignment | Date 3-31-13 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☑

I received my appeal information from the DCA 3-22-13  It was sent on 3-7-13 to Jacksonville then forwarded here to RMC. I have 30 day to do as required I have already lost 16 days. Jacksonville did not transfer the $170.00 I had left in my account. I have not been able to contact my family yet to get more money. I half to send the info for the DCA by 4-5-13. I need (4) legal envelops inorder to send the items. I can not leave my dorm due to chicken Pox outbreak. Can you please send me (4) large Legal Envelops. Thank you.

_(vertical text in right margin:)_ 191 MMH

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                    DATE RECEIVED: _____

On April 3, 2013 I spoke to property and they stated that the Duval County Jail did not forward any money with you. You must inquire with Duval County Jail about any funds you may have in their system.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is  _returned_  (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): M. Williams                     Date: 4/3/13

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DCI-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 6/12)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# APPENDIX

# "H"

**PYING SERVICES REQUEST AND WITHDR**

TRACKING #: __208__ – __2012__ – __901__

INMATE NAME: Brooks, Clifton                    DC# 135510

INSTITUTION/UNIT: Reception & Medical Center, West Unit        HOUSING LOCATION: F 2106 C

COPIES ARE NEEDED FOR: [✓] CRIMINAL PROCEEDING   [ ] NOT A CRIMINAL PROCEEDING

COURT/AGENCY AND OTHER PARTIES TO BE PROVIDED COPIES: 1st DCA Clerk.

COURT DEADLINE: [✓] YES   [ ] NO        DATE OF COURT DEADLINE: 4-6-D

| TITLE OF DOCUMENT(S) TO BE COPIED | NO. OF PAGES | COPIES EACH REQUESTED | COPIES EACH APPROVED | TTL # COPIES MADE |
|---|---|---|---|---|
| 1. IFP DCA | 16 | 1 | 1 | 16 |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| TOTAL NUMBER OF COPIES MADE: | | | | 16 |

BY MY SIGNATURE, I AM REQUESTING THAT THE ABOVE-REFERENCED COPIES BE MADE FOR ME, AND IF SAID DOCUMENTS ARE PROVIDED FOR FILING IN A NON-CRIMINAL PROCEEDING, I DO HEREBY AUTHORIZE THE DEPARTMENT TO CHARGE OR LIEN MY TRUST ACCOUNT FOR $ 0.15 FOR EACH PHOTOCOPY.

_Clifton Brooks_                    __4-4-13__
INMATE SIGNATURE                    DATE

**INMATES DO NOT WRITE IN THIS BOX**

REQUEST IS:   [✓] APPROVED   [ ] DISAPPROVED

_Roscoe_                    __4-4-13__
LAW LIBRARY SUPERVISOR        DATE

REASON FOR DISAPPROVAL:

[✓] CRIMINAL PROCEEDING. NO COST TO INMATE. (DC5-154 not sent to Inmate Trust)

[ ] NON-CRIMINAL PROCEEDING. TOTAL COST (TOTAL COPIES X $0.15 EA): $ _____

DATE COMPLETED: _____   DATE ISSUED/MAILED TO INMATE: _____

DC5-154 (Revised 8/07)          Incorporated by Reference in Rule 33-501.302, F.A.C.

# APPENDIX

## "I"

**Department of Corrections**

**Inmate Personal Property List**
**(Please Print)**

Inmate Name Brooks Clifton          Number 135510

Institution MAYO Annex          Date: 4-8-13

| Item | Number | ID # | Requested Disposition | Final Disposition | Date | Officer's Initials | Inmate's Initials |
|---|---|---|---|---|---|---|---|
| Canteen Bag | 1 | | R | R | 4-8-13 | Sw | Cyb |
| Combo lock | 1 | | R | R | 4-8-13 | Sw | Cms |
| Mirror | 1 | | R | R | 4-8-13 | Sw | Cms |
| shower slides | 1 | | R | R | 4-8-13 | Sw | Cmf |
| Soap Dish | 1 | | R | R | 4-8-13 | Sw | Cw |
| Toothbrush Case | | | R | R | 4-8-13 | Sw | Cms |
| Wash Cloth | | | R | R | 4-8-13 | Sw | Cab |
| Des/Legal mail | misc | | R | R | 4-8-13 | Sw | Cms |
| Pocket Dictionary | 1 | | R | R | 4-8-13 | Sw | Cms |
| Pen | 1 | | R | R | 4-8-13 | Sw | Cyb |
| Pencil | 1 | | R | R | 4-8-13 | Sw | Cmf |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Cash Total Amount _____          Retained _____          Amount Deposited _____

( )   I agree to mail the above items marked M from my own funds.
( )   I do not have the necessary funds for postage. However, I will obtain the necessary funds during the thirty (30) days allowed for disposition of these items.
( )   I agree that the above items marked D be disposed of by the state.

Request Items be Mailed To:

Name: _____          Witness: _____

          Signature of Officer          Rank 4-8-13

Address: _____          MAYO Annex

          Institution or Community Facility          Date 4-8-13

          Clifton M Brooks          135510

          Signature of Inmate          Inmate Number          Date

Distribution:
White      -- To inmate when property is collected
Yellow     -- To property room when property is collected
Pink       -- To inmate's Personal Property file
Goldenrod  -- In package being mailed home or to inmate in case
              items are forfeited

Symbols Indicate:     D - Dispose          R - Return to inmate
                      F - Forfeited        S - Stored
                      L - Lost/stolen      W - Worn out
                      M - To be mailed

DC6-224 (Revised 11-00)          Incorporated by Reference in Rule 33-602.201, F.A.C.

# APPENDIX
## "J"

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

235   (D4104)

Mail Number: F4101U
Team Number: I
Institution: Mayo

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☑ Other  Law Library |
|---|---|---|---|---|

| FROM: | Inmate Name Brooks, Clifton | DC Number 135510 | Quarters F | Job Assignment | Date 4-10-13 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☑

I received my Appeal Info from the DCA on 3-22-13. It was sent on 3-7-13 to Duval County but not forwarded to RMC. Which has used up my 30 days that are granted to file this Info. I need to make Copies A.S.A.P I was told if I had a deadline. To let the dorm Officer know so I could get a pass to get into the library. I ask twice 4/9 & 4/10 and was denied I still have a 10 day grace period. To show why my appeal should not be dismissed I need to make copies A.S.A.P and get the info to the DCA.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

RECEIVED
APR 11 2013
MAYO C.I. LIBRARY

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                    DATE RECEIVED:

[The following pertains to informal grievances only:]
Based on the above information your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: 4-11-13 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective )

Incorporated by Reference in Rule 33-103.019, F.A.C.

# APPENDIX

# "K"

# INMATE REQUEST

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS**

Mail Number: D4101 4
Team Number: OT B
Institution: Mayo Annex

269 Grvi

| TO: (Check One) | ☑ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Brooks, Clifton | 135510 | D | Ys G R D 0 | 4-15-13 |

## REQUEST

Check here if this is an informal grievance ☑

My appeal information was sent to Duval County on 3-7-13. Duval received it on 3-15-13 but did refused to foward the information to Lake Butler. The information was returned to sender then forwarded to me on 3-22-13 a lost of 15 days. Duval did not transfer my remaining balance of 170.00 left on my inmate account. I had no money for stamps or envelopes and due to a Chicken Pox outbreak. I was confined to dorm F at which time I put in a request for indigent envelope, which I received on 4-3-13 after my dorm was closed I finally made it to the law library. I surrendered my Motion for Indigency to have the required copies made (3) in all to send. They were to be ready on the 4-5-13 and I would received a call-back to pick the information up. I did not receive that call back and I was transferred here to Mayo on the 8th without my copies. I have made repeated request for the Deadline Pass inorder to get to the library to make these copies. And the class certification person tried and I was still denied. Today is my deadline date. I dont know whats goin on with the library. Is there another place in this institution that can make the copies I need A.S.A.P. Thank You in advance.

---

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

## DO NOT WRITE BELOW THIS LINE

## RESPONSE

Assistant Warden's Office
APR 16 2013
MAYO CI

DATE RECEIVED:

1304-223-064

RECEIVED
APR 18 2013
LIBRARY

Your request for administrative remedy or appeal is being returned without processing in accordance with FAC Chapter 33-703.

Be advised the grievance process is not to be utilized to ask questions, make a statement, express opinions, seek information, guidance, or assistance.

Returned without action.

---

[The following pertains to informal grievances only:]

| Based on the above information, your grievance is | . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.] |
|---|---|

| Official (Signature): | Date: |
|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective  )

Incorporated by Reference in Rule 33-103.019, F.A.C.

# APPENDIX

# "L"

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

*436*

Mail Number: **D4101 U**
Team Number: **I**
Institution: **Annex**

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☑ Other Law Library |
|---|---|---|---|---|

| FROM: | Inmate Name Brooks, Cl. Ptn. | DC Number 135570 | Quarters D | Job Assignment I/s Crar | Date 4-22-13 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☐

I need to make copies to send to the DCA. Due to my request with deadline & written not being answer. From 4-16-13 A.S.A.P

I received the form on the 25th after my library visit

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

---

DO NOT WRITE BELOW THIS LINE

**RECEIVED**
APR 24 2013
MAYO C.I. LIBRARY

**RESPONSE**                    DATE RECEIVED

Bring Proof of D/L with
you to verify.

YOU'RE APPROVED TO
COME TO THE LAW LIBRARY

The following pertains to informal grievances only:

Based on the above information, your grievance is _____ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): _____               Date: 4-24-13

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 6/12)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# APPENDIX

# "M"

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: D4181 U
Team Number: 1
Institution: Annex

01

| TO:<br>(Check One) | ☐ Warden<br>☑ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Brooks Clifton | DC Number<br>135510 | Quarters<br>D | Job Assignment<br>I/S Grnd | Date<br>4-23-13 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☑

My appeal information was sent to Duval County on March 7, 2013. Duval received it on March 15, 2013 but did refuse to forward the information to Lake Butler. The information was returned to sender then forwarded to me on March 22, 2013 a lost of 15 days. Duval did not transfer my remaining balance of $170.00 left on my inmate account. I had no money for stamps or envelopes and due to a Chicken Pox Outbreak I was confined to F dorm at which time I put in a request for indigent envelopes which I received on April 3, 2013 after my dorm was cleared. I finally made it to the law library. I submitted my Notion for Indigency to have (3) copies made that are required to send. They will be ready on April 5, 2013 and I would receive a call-back to pick the information up. I did not receive that call-back and I was transfer here to Mayo on April 8, 2013 without my copies. I have made repeated request for the Deadline Buss inserter to get to the law library to make those copies. And the classification person tried and I was still denied. My deadline has pass but I sent a letter to the DCA explaining my situation and not knowing when I will be allow to the library. Is there another place in this institution that can make the copies I need A.S.A.P. Thank you in advance.

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

1304-223-127
Library / G Lee

**RESPONSE**                    Assistant Warden's Office              **DATE RECEIVED:**

APR 26 2013
MAYO CI

You have been Scheduled to the law library.

**RECEIVED**
MAY 21 2013
MAYO C.I. LIBRARY

---

The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): _____                    Date: 5/1/13

Original: Inmate (plus one copy)
DC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C, attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 6/12)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# APPENDIX

# "N"

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

*98*

| Mail Number: | D4101U |
|---|---|
| Team Number: | 1 |
| Institution: | Annex |

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☑ Other | Law Library |
|---|---|---|---|---|---|

| FROM: | Inmate Name<br>Brooks Clifton | DC Number<br>135510 | Quarters<br>D | Job Assignment<br>Z/s Grm | Date<br>5-6-13 |
|---|---|---|---|---|---|

**REQUEST**
☑

Check here if this is an informal grievance

I'm seeking counsel with inmate Collins. And retrieve deadline pop-mark submitted for coping on 4-24-13.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

RECEIVED

DO NOT WRITE BELOW THIS LINE

MAY 07 2013

**RESPONSE**

DATE RECEIVED:

MAYO C.I. LIBRARY

APPROVED TO COME TO THE LAW LIBRARY

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: | 5-8-13 |
|---|---|---|---|

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required
by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15
days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective )

Incorporated by Reference in Rule 33-103.019, F.A.C.

# APPENDIX

# "O"

**DEPARTMENT OF CORRECTIONS**
**RECEPTION & MEDICAL CENTER**
**WEST UNIT LAW LIBRARY**
**STATE OF FLORIDA**

**Date:**      April 18, 2013

**From:**     Mr. Griffis, RMC WU L.T.A
              Reception Medical Center
              Post Office Box 628 / West Unit
              Lake Butler, Florida 32054

**To:**       Librarian
              Inmate Law Library
              Mayo Correctional Institution
              8784 US Highway 27 West
              Mayo, Florida 32066-3458

**RE:**       **Legal Materials Received/Forwarded for Inmate Brooks, C;ifton  #135510**

---

The above-named inmate has recently transferred from R.M.C. West Unit to your institution. Unfortunately, his legal papers were inadvertently left behind or delivered to this institution after his transfer. Because of his transfer, we are forwarding the inmate's legal materials to you for delivery. We regret any inconvenience caused in this matter.

Please deliver the enclosed legal documents to the inmate and have him acknowledge receipt of his legal papers and return this document to the R.M.C. West Unit. Thank you.

Mr. Griffis, RMC- WU  L.T.A.

---

**ACKNOWLEDGEMENT OF RECEIPT**

I, _Clifton M. Brois_, acknowledge that I have received the above-mentioned legal material on this _10_ day of _May_, 2013, from Reception Medical Center / West Unit Library.

_____      _____      _5/10/13_
Inmate Signature         Staff signature         Date

**PAGE # 0277 OF 0500**

# APPENDIX

# "P"

### DISTRICT COURT OF APPEAL, FIRST DISTRICT
### 2000 Drayton Drive
### Tallahassee, Florida 32399-0950
### Telephone No. (850)488-6151

July 11, 2013

CASE NO.: 1D13-1073
L.T. No.: 162012CF006884AXXXM

| Clifton Brooks | v. | State of Florida |
|---|---|---|
| Appellant / Petitioner(s), | | Appellee / Respondent(s) |

**BY ORDER OF THE COURT:**

Appellant's motion and amended motion for reinstatement, filed June 10, 2013, and July 8, 2013, are denied. This disposition is without prejudice to the filing of a renewed motion for reinstatement demonstrating that the court's filing fee has been paid or an order of insolvency entered by the lower tribunal.

**I HEREBY CERTIFY** that the foregoing is (a true copy of) the original court order.

Served:

Hon. Pamela Jo Bondi, A.G.        Clifton Brooks

am

*Jon S. Wheeler*
JON S. WHEELER, CLERK



November 8, 2013

Clifton Brooks

DC#135510

Mayo Correctional  Institution

8784 U.S Highway 27 West

Mayo, Fl 32066-3458

Dear Mr. Brooks,

I have received your letter, but the Judge cannot declare you indigent because you have filled out the wrong "Indigent form" .The one that you have sent is styled in the FIRST DISTRICT COURT OF APPEALS, and they have sent you a letter dated October 30, 2013 explaining to you that it is DENIED WITHOUT PREJUDICE because you need to re-file it in the LOWER TRIBUNAL COURT which is the Duval County Court **NOT the** First District Court of Appeals.

I have enclosed the proper form for you to use, when you have completed the form mail it back to the below address NOT the DCA.

Ronnie Fussell

Duval County Courthouse

ATTN : Appeals Dept Room 1262

501 West Adams Street

Jacksonville, Fl 32202

Adanna Russell, Deputy Clerk





**Clerk of the Circuit and County Courts**
Duval County
501 West Adams Street
Jacksonville, Florida 32202

Felony
Department
Room 2136
(904) 255-1820

Today's Date: 11/08/2013

In Response To: 2012CF006884AXXX

☑    The fee for copies is $1.00 per page. Certified Copies are $2.00 for each document certified.

☑    The copies/search you request will cost $_____ Please send a CERTIFIED CHECK, CASHIERS CHECK, or
MONEY ORDER payable to _____, Clerk of the Circuit Court. PERSONAL CHECKS ARE NOT ACCEPTED.

☐    Enclosed is the information you requested. Your payment was in excess of that required and our check
representing a refund of a portion of your payment will follow.

☐    We failed to find, in our Felony indexes, any reference to the matter inquired about/between the parties referred to
in your letter.

☐    The payment you sent us is not sufficient to pay for the search/copies you requested. Therefore, we are returning
your check with the request that you send a CERTIFIED CHECK, CASHIERS CHECK or MONEY ORDER payable to
_____, Clerk of the Circuit Court in the amount of $_____ along with a pre-stamped, self addressed envelope.

☐    Record Searches (Local Criminal History) are now completed by the Jacksonville Sheriffs office. The cost is
$5.00, MONEY ORDER or CASHIERS CHECK payable to Jacksonville Sheriff's Office, located at: 501 E. Bay Street.
Jacksonville, FL 32202 attn: Records. (904) 630-2209.

☐    Kindly return this letter to us. The case number(s) referenced on this letter will expedite preparation of the
material you request.

☐    Please note that we cannot accept your personal check. Please send a CERTIFIED CHECK, CASHIERS
CHECK, or MONEY ORDER payable to _____, Clerk of the Circuit Court.

☐    Note: Your motion is pending at this time we do not have an approximate date for ruling.

☐    The requested documents are being released in furtherance of your job duties and are not for public disclosure.

☑    Other: PLEASE FIND ATTACHED COPY FOR 01/08/2009 OATH ON ALAN MIZRAHI. HOWEVER, FOR THE 1977-1980
OATH, WE ARE UNABLE TO PROVIDE YOU THE COPY. YOU MAY CONTACT THE OFFICIAL RECORDS

RONNIE FUSSELL
CLERK OF CIRCUIT
COURT

Cynthia Straube
Deputy Clerk

Doc # 2009005563, OR BK 746 Page 1102, Number Pages: , Recorded
01/08/2009 at 02:45 PM, FULLER CLERK CIRCUIT COURT C , COUNTY

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

IN RE:

APPOINTMENT OF

ALAN MIZRAHI

AS ASSISTANT STATE ATTORNEY
IN AND FOR THE FOURTH JUDICIAL
CIRCUIT OF THE STATE OF FLORIDA

FILED

JAN 0 8 2009

OATH

I do solemnly swear that I will support, protect and defend the Constitution and

Government of the United States and of the State of Florida; that I am duly qualified to hold

office under the Constitution of the State, and that I will well and faithfully perform the duties of

Assistant State Attorney, In and For the Fourth Judicial Circuit of the State of Florida, on which

I am now about to enter. So help me God.

ALAN MIZRAHI

Dated this 6th day of January, 2009

ANGELA B COREY
STATE ATTORNEY
FOURTH JUDICIAL CIRCUIT OF FLORIDA

STATE OF FLORIDA
DUVAL COUNTY
I, UNDERSIGNED Clerk of the Circuit & County Courts, Duval
County...

NOV 0 8 2013

By
Deputy Clerk

**PAGE # 0282 OF 0500**

FILED1023"138"1050 PFUSSELL

CLIFTON BROOKS
# 135510 / D4101 U
Mayo Correctional Institution
8784 U.S. Hwy. 27 West
Mayo, Florida 32066-3458

October 10, 2013

Dear Clerk,

 I am writing to your office in reference to the Oath pursuant to F.S. 27. 181 (2). That the following Two (2) Assistant State Attorney had to have taken. Would you be so kind to forward me a copy of their oaths. Thank-you in advance for your time and assistance in this matter. Thanks once again.

Respectfully
Clifton M. Brooks
135510

* Mrs. Mary Young Cousar  (Case No. 79-8163-CF, Division : S
   She allegely took this Oath during the years of 1977 to 1980

* Mr. Alan S. Mizrahi, No. 122300  (Case No : 162012CF006554AXXXMA)
   He allegely took this Oath under Angela B. Corey (State Attorney)
   during the years of 2008 to 2010

PROVIDED TO I___ C.I. ON

_11-5-23_  _CM8_
DATE      INITIALS

IN THE CIRCUIT COURT OF THE

FOURTH JUDICIAL CIRCUIT, IN

AND FOR DUVAL COUNTY

CLIFTON BROOKS

DEFENDANT

v.

STATE OF FLORIDA

PLANTIFF

CASE NO.: J62012CF006884AXXXMA

DIVISION: CRE / SAD

RFA NO.: 13-5538 / 13-5539 / 13-10659

CASE NO.: 1D12-5922 / 1D13-1073

FILED

NOV 0 8 2013

_Ron W. Farrell_
CLERK CIRCUIT COURT

MOTION IN SUPPORT OF REQUESTING THE PENDING

AFFIDAVIT OF INDIGENCY BE GRANTED

COMES NOW, the Defendant, CLIFTON BROOKS in proper person, respectfully moves this Honorable Court to grant an AFFIDAVIT OF INDIGENCY in this cause for purpose of effecting an DIRECT APPEAL as grounds in support of asking there of would avers as following with appendix:

1) On or about December 3, 2012 Mrs. Darcy Danene Galnor (Assistant Public Defender) Of the Law Offices of the Public Defenders for the Fourth Judicial Circuit of Florida. Request my presence while being housed at The Jacksonville Sheriff's Office (J.S.O.) Pretrial Detention Facility (P.D.F.). She informed me that my trial date was moved up to December 10, 2012. Prior to the new trial date I provided the Court with my trial information sent on December 4, 2012. The Court received said information on December 5, 2012. but did allow Mrs. Galnor to waive my rights for a Doctor Conpetency Hearing on December 7, 2012. On December 3, 2012 I sent my Notice of Appeal to the District Court of Appeal (DCA). On December 13, 2012 I received an achnowledgment letter from the DCA. CASE NO.: 1D12-5922. And the Docketing Statement including the Lower Tribunal's Application Order of Insolvency (Exhibit A). I planned to submit said application

1

to this Court on or about December 18, 2012. But due to Correction Officers (J.S.O)
refusing to notarize said application. I was not able to send the application on or
about December 26, 2012. Due to this Court not granting said application on
February 15, 2013. The DCA did dismissed my appeal (Exhibit B).

2) On or about February 13, 2013 the trial was held and I was found guilty by
the jury. Judgement and Sentence was entered by the Honorable Tatiana
Salvadore, Circuit Judge. On February 22, 2013 I filed my second Notice of Appeal.
On March 7, 2013 I received an acknowledgment letter from the DCA CASE No.:
1D13-1073. And the Docketing Statement including the Lower Tribunal's Application
Order of Insolvency. And also an acknowledgment letter from the Appeals Depart-
ment (Duval County) on April 1, 2013 (Exhibit C).

3) The entered order by this Court was sent to and received by Duval
County Jail on March 15, 2013.

4) However, defendant. had been transferred by the County Jail to North
Florida Receptional & Medical Center (Exhibit D.). And the County Jail did
not forward this letter to the Receptional Center but returned it to sender
(Exhibit E). And I did not receive this order until March 22, 2013. This
caused (15) fifteen days of this order to elapse.

5) Due to Duval County Jail failing to forward defendants money that
was in his account (Exhibit F). Led to defendant experiencing two
major set backs. While being housed at North Florida Receptional
Center (N.F.R.C.). First it rendered him indigent and could not
purchase stamps and envelopes. So he had to submit an inmate request
to receive indigent stationery and stamps. Second a classic case of
Chicken Pox broke out in the dormitory (Exhibit G). I was being
housed in "F" dormitory and was unable to get the two sets of copies I
needed to comply with this Court order. The dorm was cleared of Chicken

2

lox on April 3 2013

6) But while being housed in "F" dorm and prior to the quarantine. The defendant; submitted a request slip to the Law Library to seek to have the copies made of the indigent information. On April 4, 2013 the request was proceeded.

7) On April 4, 2013 defendant; received a call-out for the Library. At that time defendant; submitted the indigent information to be copied.

8) The copies were to be ready the next day. But the defendant; did not receive a call-back to pick up the requested copies (Exhibit H. ).

9) On or about April; 8, 2013 defendant; was transferred from (N.F.R.C) to Mayo Correctional Institution (Exhibit I. ).

10) Where while being housed at Mayo C.I. on the very next day. April 9, 2013 defendant; immediately requested a legal deadline pass. This pass would have granted him immediate access to the Law Library. The librarian however denied the request.

11) On April 10, 2013 upon being interviewed by my Classification Officer. I explained my situation to her and she contacted the librarian by phone. To request that I be granted permission to attend. The Law Library again denied the request. Then instructed the officer to Inform me to put a request in. In which I did upon leaving the interview (Exhibit J ).

12) On April 15, 2013 I submitted a request slip to the Warden explaining my situation to him. However I did not hear back from him until April 18, 2013. And I was still not granted access to the

3

Law Library (Exhibit K ).

13) On April 22, 2013 I submitted another request slip to the Law Library. That was granted on April 24, 2013 after I wrote the Asst. Warden (Exhibit L ).

14) On April 23, 2013 I submitted a request slip to the Asst. Warden. I was granted access to the Law Library (Exhibit M ).

15) On April 24, 2013 I submitted the indigency information for copies But due to Mayo C.I. being placed into central movements. All depart- ments were closed. I was not placed on the call-out list to retrieve my copies once Mayo C.I. was cleared.

16) On May 6, 2013 I submitted a request slip to the Law Library to get my copies ( Exhibit N ).

17) On May 10, 2013 I was called-out to the Law Library. I retrieved my copies and also received legal mail from (N.F.R.C). The letter contained my copies from April 4, 2013. I also submitted a Motion for Extension of Time prior to receiving dismissal from May 9, 2013 on May 15, 2013 ( Exhibit O ).

18) Defendant, states he did everything within his power to meet the legal deadline that was hand down by this Court. However the circumstances surrounding his situation prevented him from meeting this Honorable Courts order as noted in Seventeen (17) the First DCA dismissed my appeal.

19) However on or about July 3, 2013 defendant filed a motion in the First District Court of Appeal. Asking them to reinstate my appeal based on the foregoing reason cited in this pleading.

4

20). The Appeal Court on or about July 11, 2013. Denied my request without prejudice with the instructions for me to obtain an order from the Lower Tribunal judging me to be indigent (Exhibit P). And attach it to a proper styled motion to reinstate my appeal. Then my appeal will be processed.

21). At the present I have a Direct Appeal pending in the First District Court of Appeal. And the Appeal Court is not going to move forward on my Appeal until I submit an order from this Court deeming me to be indigent. Or myself paying the $300.00 dollar filing fee that I do not have.

WEREFORE as a conclusion defendant would state based on the foregoing. Reasons cited herein that this Honorable Court grant his previously filed Motion of Affidavit of Indigency. That is now pending in this Court and forward a copy of said order to the First District Court of Appeal. And a copy of said order to defendant.

Respectfully submitted,

UNNOTARIZED OATH

Pursuant to 92.525 Florida Statute under penalties of perjury, I declare that I have read the foregoing document and that the facts stated herein are true and correct.

Clifton M. Brooks

# 135510

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing has been furnished by US Mail to the Attorney General Office for Leon County whose address is The Capital PL-01, Tallahassee, Florida 32399-1050; The Clerk of the Courts for Duval County whose address is 501 West Adams Street, Room 1262, Jacksonville, Florida 32202; The Florida Bar whose address is 651 East Jefferson Street, Tallahassee, Florida 32399-2300; Appeals Department for Duval County whose address is 501 West Adams Street, Room 1262, Jacksonville, Florida 32202; District Court of Appeal, First District whose address is State of Florida, Tallahassee, Florida 32399-0950; and The Supreme Court of Florida whose address is Supreme Court Building, 500 South Duval Street, Tallahassee, Florida 32399-1925 on this 5 day of November 2013

Defendant Pro'se

6

CLIFTON BROOKS

\# 136510 / D4101 U

Mayo Correctional Institution

8784 W. U.S. 27

Mayo, Florida 32066

| | |
|---|---|
| Hon. Jon S. Wheeler | Hon. Thomas D. Hall |
| District Court of Appeal | The Supreme Court of Florida |
| First District | Supreme Court Building |
| State of Florida | 500 South Duval Street |
| Tallahassee, Florida 32399-0950 | Tallahassee, Florida 32399-1925 |
| | |
| Hon. Jim Fuller | Hon. Bonnie Fussell |
| Appeals Department | Clerk of the Circuit Court |
| 501 West Adams Street | Felony Department |
| Room 1262 | Room 2136 |
| Jacksonville, Florida 32202 | 501 West Adams Street |
| | Jacksonville, Florida 32202 |

Mr. William W. Wilhelm

The Florida Bar

651 East Jefferson Street

Tallahassee, Florida 32399-2300


Hon. Pamela Jo Bondi

Office of the Attorney General

State of Florida

The Capital PL-01

Tallahassee, Florida 32399-1050

7

| APPENDIX | PAGE (S) |
|---|---|
| DISTRICT COURT OF APPEAL LETTERS (December 13, 2012) | A |
| DISTRICT COURT OF APPEAL LETTER (February 15, 2012) | B |
| DISTRICT COURT OF APPEAL AND APPEALS DEPARTMENT (March 7, and April 1, 2013) | C |
| NORTH FLORIDA RECEPTION CENTER (March 7, 2013) | D |
| DISTRICT COURT OF APPEAL LETTER (March 7, 2013) | E |
| DUVAL COUNTY INMATE ACCOUNT HISTORY (February 21, 2013) | F |
| STATE PRISON PROPERTY NOTICE | |
| NORTH FLORIDA RECEPTION CENTER ACCOUNT HISTORY (March 7, 2013) | |
| NORTH FLORIDA RECEPTION CENTER INMATE REQUEST (March 31, 2013) | G |
| NORTH FLORIDA RECEPTION CENTER COPYING SERVICE REQUEST (April 4, 2013) | H |
| MAYO CORRECTIONAL INSTITUTION INMATE PROPERTY LIST (April 8, 2013) | I |
| MAYO CORRECTIONAL INSTITUTION INMATE REQUEST (April 10, 2013) | J |
| MAYO CORRECTIONAL INSTITUTION INMATE REQUEST (April 15, 2013) | K- |
| MAYO CORRECTIONAL INSTITUTION INMATE REQUEST (April 22, 2013) | L |
| MAYO CORRECTIONAL INSTITUTION INMATE REQUEST (April 23, 2013) | M |

8

APPENDIX                                                                    PAGE (S)

NAYD CORRECTIONAL INSTITUTION INMATE REQUEST ( May 6, 2013)                      N

NORTH FLORIDA RECEPTION CENTER LEGAL MATERIALS FORWARDED. ( May 10, 2013         O

DISTRICT COURT OF APPEAL LETTER ( July 11, 2013)                                 P

9

# APPENDIX

# APPENDIX

# "A"



**DISTRICT COURT OF APPEAL**
**FIRST DISTRICT**
**STATE OF FLORIDA**
**TALLAHASSEE, FLORIDA 32399-0950**
**(850) 488-6151**

JON S. WHEELER
CLERK OF THE COURT

KAREN ROBERTS
CHIEF DEPUTY CLERK

December 13, 2012

Hon.Jim Fuller, Clerk
Clerk of Court
501 West Adams Street
Room 1262
Jacksonville, FL 32202

RE:   Clifton Brooks          v.   State of Florida

**CASE NUMBER: 1D12-5922**
Lower Case Number: 162012CF006884AXXXM

Dear Hon.Jim Fuller, Clerk

As Clerk of the Court, I acknowledge receipt of the Notice of Appeal in this Circuit Court action, filed in this court on December 13, 2012, and in the lower tribunal on N/A.Receipt number N/A for the filing fee attached.

In the future, all pleadings and correspondence filed in this cause must contain this Court's case number.

Before this case can be assigned to a panel of judges for consideration, **the Docketing Statement must be completed and filed with this court** by the appellant. Appellee/Amicus needs to review the information on the appellant's Docketing Statement and file a Docketing Statement, if required, as explained in the attached Docketing Statement or Notice. If the court determines that this case requires expedited emergency consideration, the case may be reviewed before receipt of the Docketing Statement.

Sincerely,
Jon S. Wheeler

Clerk of the Court

Copies:   Hon.Pamela Jo Bondi,      Clifton Brooks
          A.G.

## DISTRICT COURT OF APPEAL, FIRST DISTRICT
### 2000 Drayton Drive
### Tallahassee, Florida 32399-0950
### Telephone No. (850)488-6151

December 13, 2012

CASE NO.: 1D12-5922
L.T. No.: 162012CF006884AXXXM

Clifton Brooks                    v.          State of Florida

Appellant / Petitioner(s),                   Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

Appellant has filed a notice of appeal in the lower tribunal without the entry of an order of insolvency or deposit of the statutory filing fee. Accordingly, appellant shall, within 30 days from the date of this order, either file a certified copy of the lower tribunal's order of insolvency for appellate purposes as required by Florida Rule of Appellate Procedure 9.430 or pay to the clerk of this Court the sum of $300.00 as the appellate filing fee required by the applicable rule of procedure and Section 35.22(3), Florida Statutes (2011). If appellant seeks a waiver of the filing fee on the grounds of indigency, appellant shall file a motion and affidavit of indigency with the clerk of the lower tribunal (the court, agency, officer, board, commission or body whose order is to be reviewed) for a determination by the lower tribunal of whether an order of insolvency should be issued pursuant to Rule 9.430 and Section 57.081(1) or 57.085(2), Florida Statutes (2011), as applicable.

This appeal shall not proceed until the order of insolvency is filed or the fee is paid. If at the end of 30 days appellant has neither paid the fee nor secured an order of indigency, appellant shall show cause within 10 days thereafter why this appeal should not be dismissed. Florida Rule of Appellate Procedure 9.410.

**I HEREBY CERTIFY** that the foregoing is (a true copy of) the original court order.

Served:

Hon.Pamela Jo Bondi, A.G.        Clifton Brooks              Hon.Jim Fuller, Clerk

vm

JON S. WHEELER, CLERK

# APPENDIX "B"

**DISTRICT COURT OF APPEAL, FIRST DISTRICT**
**2000 Drayton Drive**
**Tallahassee, Florida 32399-0950**
**Telephone No. (850)488-6151**

February 15, 2013

CASE NO.: **1D12-5922**
L.T. No.: 162012CF006884AXXXM

Clifton Brooks                    v.              State of Florida

Appellant / Petitioner(s),              Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

Not having received a response to this Court's orders of December 13, 2012, requiring appellant to pay the $300.00 filing and a conformed copy of the order being appealed, the above-styled cause is hereby dismissed.

**I HEREBY CERTIFY** that the foregoing is (a true copy of) the original court order.

Served:

Hon. Pamela Jo Bondi, A.G.        Clifton Brooks              Hon. Ronnie Fussell, Clerk

vm



_Jon S. Wheeler_
JON S. WHEELER, CLERK

# APPENDIX

# "C"



**DISTRICT COURT OF APPEAL
FIRST DISTRICT
STATE OF FLORIDA
TALLAHASSEE, FLORIDA 32399-0950
(850) 488-6151**

JON S. WHEELER
CLERK OF THE COURT

KAREN ROBERTS
CHIEF DEPUTY CLERK

March 07, 2013

Hon. Ronnie Fussell, Clerk
Clerk of Court
501 West Adams Street
Room 1262
Jacksonville, FL  32202

      RE:   Clifton Brooks             v.   State of Florida

            **CASE NUMBER: 1D13-1073**
              Lower Case Number: 162012CF006884AXXXM

Dear Hon. Ronnie Fussell, Clerk

     As Clerk of the Court, I acknowledge receipt of the Notice of Appeal from the lower tribunal reflecting a filing date of February 22, 2013. Receipt number N/A for the filing fee attached.

     In the future, all pleadings and correspondence filed in this cause must contain this Court's case number.

     Before this case can be assigned to a panel of judges for consideration, **the Docketing Statement must be completed and filed with this court** by the appellant. Appellee/Amicus needs to review the information on the appellant's Docketing Statement and file a Docketing Statement, if required, as explained in the attached Docketing Statement or Notice. If the court determines that this case requires expedited emergency consideration, the case may be reviewed before receipt of the Docketing Statement.

                                     Sincerely,
                                     Jon S. Wheeler

                                     Clerk of the Court

Copies:   Hon. Pamela Jo Bondi,     Clifton Brooks
          A.G.

**DISTRICT COURT OF APPEAL, FIRST DISTRICT**
**2000 Drayton Drive**
**Tallahassee, Florida 32399-0950**
**Telephone No. (850)488-6151**

March 07, 2013

CASE NO.: 1D13-1073
L.T. No.: 162012CF006884AXXXM

Clifton Brooks                    v.         State of Florida

_____

Appellant / Petitioner(s),                  Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

Appellant has filed a notice of appeal in the lower tribunal without the entry of an order of insolvency or deposit of the statutory filing fee. Accordingly, appellant shall, within 30 days from the date of this order, either file a certified copy of the lower tribunal's order of insolvency for appellate purposes as required by Florida Rule of Appellate Procedure 9.430 or pay to the clerk of this Court the sum of $300.00 as the appellate filing fee required by the applicable rule of procedure and Section 35.22(3), Florida Statutes (2011). If appellant seeks a waiver of the filing fee on the grounds of indigency, appellant shall file a motion and affidavit of indigency with the clerk of the lower tribunal (the court, agency, officer, board, commission or body whose order is to be reviewed) for a determination by the lower tribunal of whether an order of insolvency should be issued pursuant to Rule 9.430 and Section 57.081(1) or 57.085(2), Florida Statutes (2011), as applicable.

This appeal shall not proceed until the order of insolvency is filed or the fee is paid. If at the end of 30 days appellant has neither paid the fee nor secured an order of indigency, appellant shall show cause within 10 days thereafter why this appeal should not be dismissed. Florida Rule of Appellate Procedure 9.410.

**I HEREBY CERTIFY** that the foregoing is (a true copy of) the original court order.

Served:

Hon. Pamela Jo Bondi, A.G.      Clifton Brooks           Hon. Ronnie Fussell, Clerk

gw

JON S. WHEELER, CLERK



# APPENDIX

# "D"

```
                            State of Florida
IIPR005                 Department of Corrections              03/07/2013
21:34                   INDIVIDUAL INMATE SCHEDULE             Page   1
                   Reception Center: R.M.C.- MAIN UNIT
```

Inmate Name: BROOKS, CLIFTON MCNEIL     DC#: 0-135510   Group: ZZ   Team: 07

This schedule is considered a written order. You are expected to report to
each location as scheduled. If there is a conflict in your schedule, you
should immediately contact the Team Office. Disciplinary action may be taken
against you if you fail to report to any of your assigned locations at the
times indicated. You are not to leave any location unless authorized to do so.
Loss or destruction of this schedule may result in disciplinary action.

After you have concluded your processing on the last Day, you can dispose of
this Schedule.

```
-------------------------------------------------------------------------
 Date        Day        Time       Activity                 Location
-------------------------------------------------------------------------
03/07/2013 Thursday    7:00 AM   ASSIGNMENT OF DC NUMBER    T & R
                       9:00 AM   RECEIPT OF PROPERTY        T & R
                       9:30 AM   FINGERPRINTING             T & R
                       9:45 AM   PHOTOGRAPH/ID CARD         T & R
                      10:15 AM   INITIAL HEALTH SCREENING   T & R
                      11:00 AM   INTERVIEW BY TEAM OFFICER  T & R
-------------------------------------------------------------------------
03/08/2013 Friday      7:00 AM   INITIAL DENTAL EXAM        HEALTH SERVICES
                       7:30 AM   HEALTH SERVICES ORIENTATI  ED/PSY TESTING
                       9:00 AM   EDUCATIONAL TESTING        ED/PSY TESTING
                      11:00 AM   SUBSTANCE ABUSE ASSESSMEN  ED/PSY TESTING
                      12:00 PM   PSYCHOLOGICAL TESTING      ED/PSY TESTING
-------------------------------------------------------------------------
03/11/2013 Monday      7:00 AM   PSYCHOLOGICAL ASSESSMENT   MENTAL HEALTH
-------------------------------------------------------------------------
03/12/2013 Tuesday     7:30 AM   INITIAL PHYSICAL EXAM      HEALTH SERVICES
-------------------------------------------------------------------------
03/13/2013 Wednesday   8:00 AM   CLASSIFICATION INTERVIEW   CLASSIFICATION
-------------------------------------------------------------------------
```

PIN- 0135510/332

# APPENDIX

# "E"

DISTRICT COURT OF APPEAL
FIRST DISTRICT
STATE OF FLORIDA
TALLAHASSEE, FLORIDA 32399-0950

RETURN TO SENDER
Refused by Detainee - of Corrections
☒ Released or Transferred - name
☐ Need Booking Number
☐ Unauthorized Items

gw
13-1073
CLIFTON BROOKS 2012019254
#2012019254
Duval County Jail
500 E. Adams St.
Jacksonville, FL 32202

NIXIE     322  DE  1

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 32339095093     *1987 05/08 05 42

# APPENDIX

# "F"

## DUVAL COUNTY DETENTION CENTER
### Inmate Account History

ID#:  201201925A

Name: BROOKS, CLIFTON MCNEIL

Date of birth: 1973-11-05

Location: PDF - 5W - 4

Balances as of 2/21/2013:



| | Available | + Encumbered | =Account Balance |
|---|---|---|---|
| | 142.57 | 0.00 | 142.57 |

| | | | | |
|---|---|---|---|---|
| 2/20/2013 | EPR | OID:100734299-ComisaryPurch-Reg | -12.68 | 142.57 | 448.00 | 0.00 |
| 2/21/2013 | SUBSISTENCE FEE | Daily charge for subsistence fee | 2.00 | 142.57 | 450.00 | 0.00 |

Due to computer posting the 'Balances as of 2/21/2013' may not reflect all transactions posted for this period. Carefully review the information on this statement. If you question or dispute any item you must submit a request form to the inmate accounts office within 30 days.

Printed 2/21/2013 at 11:39:56AM          Page 15 of 15

25920P01-00002 rev 01



# OFFICE OF THE SHERIFF
# DEPARTMENT OF CORRECTIONS

## STATE PRISON PROPERTY NOTICE

# MALES



You have been convicted of a crime and have been sentenced to a period of incarceration in the Florida State Department of Corrections. (Any money you have in your account will be transferred to the state Department of Corrections by a check from this institution.) You will be transferred to the Florida D.O.C. wearing the uniform you currently have. If you are here for Violation of Parole, the Parole Board will be having a hearing here at JSO, but you are still considered a State inmate. As soon as the Court Office receives your commitment back from Tallahassee, you will be transferred to Florida D.O.C.

**Once you arrive at Florida Department of Corrections, you will be allowed to keep in your possession the following listed items:**

**Legal Material (Subject to storage space limitations)**
**Religious Material (Subject to storage space limitations)**
**50 photographs (No Nudity)**
**10 personal letters**
**Limited writing material**
**Eye glasses with case**
**Hearing aid with batteries and case**
**Chain with religious medallion (Not to exceed $50.00 in value)**
  - **Chain – small in diameter and no longer than the neckline**
  - **Medallion – not to exceed two inches by two inches**
**Watch (Not to exceed $50.00 in value)**
**Wedding band (Not to exceed $100.00 in value)**

It is recommended that you have someone pick your property up here at this facility. You can not have a portion of your property picked up. If you do not have it picked up here it will be transferred with you. If you decide to have your property picked up, tell them to go to the Public Reception Area (located in front of the jail where he/she would come to visit) and advise the Public Reception Officer that they are here to pick up your property.

**I have read and understand this notice.**

**Inmate Signature:** _____

Rev. 10/07



**PAGE # 0309 OF 0500**

**Department of Corrections**

**Inmate Personal Property List**
**(Please Print)**

Inmate Name: Brooks, Clifton M.    Number: 135510

Institution: _____ RMC    Date: 3-7-13

| Item | Number | ID # | Requested Disposition | Final Disposition | Date | Officer's Initials | Inmate's Initials |
|---|---|---|---|---|---|---|---|
| Shower Slides | 1PR | 1PR | R | R | 3-7-13 | SW | CMB |
| Driver License | 1 | 1 | S | S | 3-7-13 | SW | CMB |
| Legal Papers | 200 | 200 | R | R | 3-7-13 | SW | CMB |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Cash Total Amount _____    Retained _____    Amount Deposited _____

( )  I agree to mail the above items marked M from my own funds.
( )  I do not have the necessary funds for postage. However, I will obtain the necessary funds during the thirty (30) days allowed for disposition of these items.
( )  I agree that the above items marked D be disposed of by the state.

Request Items be Mailed To:

Name: _____

Address: _____

Witness: _____

Signature of Officer _____    Rank _____

Institution or Community Facility: RMC    Date: 3-7-13

Signature of Inmate _____   Inmate Number _____   Date: 3-7-13

Distribution:
White        -- To inmate when property is collected
Yellow       -- To property room when property is collected
Pink         -- To inmate's Personal Property file
Goldenrod    -- In package being mailed home or to inmate in case items are forfeited

Symbols indicate:    D - Dispose         R - Return to inmate
                     F - Forfeited       S - Stored
                     L - Lost/stolen     W - Worn out
                     M - To be mailed

DC6-224 (Revised 11-00)        Incorporated by Reference in Rule 33-602.201, F.A.C.

# APPENDIX

## "G"

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: 8F 2106 U
Team Number: 7
Institution: W/U

RECEIVED APR 02 2013 RMC WEST UNIT MAJOR'S OFFICE

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☑ Other   Law library |

| FROM: | Inmate Name Brooks, Clifton | DC Number 135510 | Quarters 2106 U F Dorm | Job Assignment | Date 3-31-13 |

**REQUEST**                                   Check here if this is an informal grievance ☑

I received my appeal information from the DCA 3-22-13  It was sent on 3-7-13 to Jacksonville then forwarded here to RMC  I have 30 day to do as required I have already lost 16 days. Jacksonville did not transfer the $170.00 I had left in my account. I have not been able to contact my family yet to get more money. I half to send the info for the DCA by 4-5-13. I need (4) legal envelops inorder to send the items. I can not leave my dorm due to chicken Pox outbreak. Can you please send me (4) large Legal Envelops. Thank you—

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

—————————— DO NOT WRITE BELOW THIS LINE ——————————

**RESPONSE**                              DATE RECEIVED: _____

On April 3, 2013 I spoke to property and they stated that the Duval County Jail did not forward any money with you. You must inquire with Duval County Jail about any funds you may have in their system.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _returned_ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): M. Williams                    Date: 4/3/13

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 6/12)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# APPENDIX

# "H"

PYING SERVICES REQUEST AND WITHDR.

TRACKING #: _208_ – _2012_ – _901_

INMATE NAME: _Brooks Clifton_     DC# _135510_

INSTITUTION/UNIT: _Reception & Medical Center, West Unit_     HOUSING LOCATION: _E2106L_

COPIES ARE NEEDED FOR: ☒ CRIMINAL PROCEEDING    ☐ NOT A CRIMINAL PROCEEDING

COURT/AGENCY AND OTHER PARTIES TO BE PROVIDED COPIES: _1st DCA Clerk._

COURT DEADLINE: ☒ YES    ☐ NO    DATE OF COURT DEADLINE: _4-6-D_

| TITLE OF DOCUMENT(S) TO BE COPIED | NO. OF PAGES | COPIES EACH REQUESTED | COPIES EACH APPROVED | TTL # COPIES MADE |
|---|---|---|---|---|
| 1. IFP DCA | 16 | 1 | 1 | 16 |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| TOTAL NUMBER OF COPIES MADE: | | | | 16 |

BY MY SIGNATURE, I AM REQUESTING THAT THE ABOVE-REFERENCED COPIES BE MADE FOR ME, AND, IF SAID DOCUMENTS ARE PROVIDED FOR FILING IN A NON-CRIMINAL PROCEEDING, I DO HEREBY AUTHORIZE THE DEPARTMENT TO CHARGE OR LIEN MY TRUST ACCOUNT FOR $ 0.15 FOR EACH PHOTOCOPY.

_Clifton Brooks_
INMATE SIGNATURE

_4-4-13_
DATE

**INMATES DO NOT WRITE IN THIS BOX**

REQUEST IS: ☒ APPROVED    ☐ DISAPPROVED

LAW LIBRARY SUPERVISOR

_4-4-13_
DATE

REASON FOR DISAPPROVAL:

☒ CRIMINAL PROCEEDING. NO COST TO INMATE. (DC5-154 not sent to inmate Trust)

☐ NON-CRIMINAL PROCEEDING. TOTAL COST (TOTAL COPIES X $0.15 EA): $ _____

DATE COMPLETED: _____    DATE ISSUED/MAILED TO INMATE: _____

DC5-154 (Revised 8/07)    Incorporated by Reference in Rule 33-501.302, F.A.C.

# APPENDIX

## "I"

**Department of Corrections**

**Inmate Personal Property List**
**(Please Print)**

Inmate Name: Brooks Clifton            Number: B55510
Institution: MAYO Annex               Date: 4-8-13

| Item | Number | ID # | Requested Disposition | Final Disposition | Date | Officer's Initials | Inmate's Initials |
|------|--------|------|----------------------|-------------------|------|--------------------|-------------------|
| Canteen Bag | 1 | | R | R | 4-8-13 | Jen | Cup |
| Combo lock | 1 | | R | R | 4-8-13 | Jen | CMS |
| Mirror | 1 | | R | R | 4-8-13 | Jen | Cup |
| Shower slides | 1 | | R | R | 4-8-13 | Jen | Cup |
| Soap Dish | 1 | | R | R | 4-8-13 | Jen | Cup |
| Toothbrush Case | 1 | | R | R | 4-8-13 | Jen | Cup |
| Wash Cloth | 1 | | R | R | 4-8-13 | Jen | Cup |
| Pics/legal mail misc | 1 | | R | R | 4-8-13 | Jen | Cup |
| Pocket Dictionary | 1 | | R | R | 4-8-13 | Jen | Cup |
| Pen | 1 | | R | R | 4-8-13 | Jen | Cup |
| Pencil | 1 | | R | R | 4-8-13 | Jen | Cup |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Cash Total Amount _____    Retained _____    Amount Deposited _____

( )   I agree to mail the above items marked M from my own funds.
( )   I do not have the necessary funds for postage. However, I will obtain the necessary funds during the thirty (30) days allowed for disposition of these items.
( )   I agree that the above items marked D be disposed of by the state.

Request Items be Mailed To:

Name: _____              Witness: _____

Address: _____

Signature of Officer _____   Rank _____   4-8-13

MAYO Annex
Institution or Community Facility        Date  4-8-13

Signature of Inmate        Inmate Number 135510        Date 4-8-13

Distribution:
White        -- To inmate when property is collected
Yellow       -- To property room when property is collected
Pink         -- To inmate's Personal Property File
Goldenrod    -- In package being mailed home or to inmate in case items are forfeited

Symbols Indicate:     D - Dispose       R - Return to inmate
                      F - Forfeited     S - Stored
                      L - Lost/stolen   W - Worn out
                      M - To be mailed

DC6-224 (Revised 11-00)        Incorporated by Reference in Rule 33-602.201, F.A.C.

# APPENDIX
## "J"

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: F4101U
Team Number: 7
Institution: Mayo

235  (D410U)

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☑ Other  Law Library |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Brake  Clifton | DC Number<br>135510 | Quarters<br>F | Job Assignment | Date<br>4-10-13 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☑

I received my appial Info from the DCA on 3-22-13 It was sent on 3-7-13 to Duval County but not forwarded to RMC. Which has used up my 30 days that are granted to File this Info. I need to make Copies A.S.A.P. I was told if I had a deadline. To let the dorm Officer know so I could get a pass to get into the library. I ask twice 4/9 & 4/10 and was denied. I still have 10 days on pariol. To show why my appial should not be dismissed. I need to make copies A.S.A.P. and get this into the DCA.

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED:

RECEIVED
APR 1 1 2013
MAYO C.I. LIBRARY

|The following pertains to informal grievances only:|

Based on the above information your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.|

| Official (Signature): | Date: 4-11-13 |
|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further  administrative review of your complaint by obtaining form DCI-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective )

Incorporated by Reference in Rule 33-103.019, F.A.C.

# APPENDIX

# "K"

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

269 Corr.

Mail Number: D4101 4
Team Number: OT C
Institution: Mayo Annex

TO:            ☑ Warden              ☐ Classification        ☐ Medical          ☐ Dental
(Check One)    ☐ Asst. Warden       ☐ Security              ☐ Mental Health    ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|-------|-------------|-----------|----------|----------------|------|
|       | Brooks, Clifton | 135570 | D | YS Grass | 4-15-13 |

**REQUEST**                                    Check here if this is an informal grievance ☑

My appeal information was sent to Duval County on 3-7-13. Duval received it on 3-15-13 but did refused to forward the information to Lake Butler. The information was returned to sender then forwarded to me on 3-22-13 a list of 15 days. Duval did not transfer my remaining balance of 170.00 left on my inmate account. I had no money for stamps or envelopes and due to a Chicken Pox outbreak. I was confined to dorm F at which time I put in a request for indigent envelope, which I received on 4-3-13 after my dorm was cleared I finally made it to the law library. I submitted my Motion for Indigency to have the required copies made (3) in all to send. They were to be ready on the 4-5-13 and I was to received a call-back to pick the information up. I did not receive that call back and I was transferred here to Mayo in the 8th without my copies. I have made repeated request for the Deadline Pass inorder to get to the library to make these copies. ~~And~~ And the class litigation packan tried and I was still denied. Today is my deadline date I dont know whats gin on with the library. Is there another place in this institution that can make the copies I need A.S.A.P. Thank You in advance.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

1304-223-064

**RECEIVED**  library

**RESPONSE**    Assistant Warden's Office        DATE RECEIVED:

APR 16 2013                                      APR 19 2013

Your request for administrative remedy or appeal is being returned without ~~processing~~ in accordance with FAC Chapter 33-103.

MAYO CI                                          LIBRARY

Be advised the grievance process is not to be utilized to ask questions, make a statement, express opinions, seek information, guidance, or assistance.

Returned without action.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.|

| Official (Signature): | | Date: |
|----|----|----|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective   )

Incorporated by Reference in Rule 33-103.019, F.A.C.

# APPENDIX

# "L"

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

*436*

Mail Number: D4101 U
Team Number: 1
Institution: Annex

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☑ Other  Law Library |
|---|---|---|---|---|

| FROM: | Inmate Name Brooks, Clifton | DC Number 135570 | Quarters D | Job Assignment I/S Gear | Date 4-22-13 |
|---|---|---|---|---|---|

**REQUEST**   Check here if this is an informal grievance ☐

I need to make copies to send to the DCA. Due to my request h th deadline & written not being answer. From 4-16-13 A.S.A.P.

I received the form on the 25 th after my library visit

All requests will be handled in one of the following ways:  1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

---

DO NOT WRITE BELOW THIS LINE

**RESPONSE**                                        DATE RECEIVED

*RECEIVED APR 24 2013 MAYO C.I. LIBRARY*

Bring Proof of D/L with you to verify.

*YOU ARE APPROVED TO COME TO THE LAW LIBRARY*

The following pertains to informal grievances only:

Based on the above information. your grievance is _____ . (Returned. Denied. or Approved).  If your informal grievance is denied.
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____                    Date: 4-24-13

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

informal Grievances and Inmate Requests will be responded to within 10 days. following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal. completing the form as
required by Rule 33-103.006, F.A.C. attaching a copy of your informal grievance and response. and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday. the due date shall be the next regular work day.

DC6-236 (Effective 6/12)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# APPENDIX

# "M"

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: D4101 4
Team Number: 1
Institution: Annex

01

TO: (Check One)
☐ Warden
☑ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Brooks, Clifton | 135510 | D | I/S Gros | 4-23-13 |

**REQUEST**                    Check here if this is an informal grievance ☑

My appeal information was sent to Duval County on March 7, 2013. Duval received it on March 15, 2013 but did refuse to forward the information to Lake Butler. The information was returned to Sander then forwarded to me on March 22, 2013 a lost of 15 days. Duval did not transfer my remaining balance of $170.00 left on my inmate account. I had no money for stamps or envelopes and due to a Chicken Pox Outbreak I was confined to F dorm at which time I put in a request for indigent envelopes. Which I received on April 3, 2013 after my dorm was closed. I finally made it to the law library. I submitted my Motion for Indigency to have (3) copies made that are required to send. They were to be ready on April 5, 2013 and I would receive a call back to pick this information up. I did not receive that call back until I was transfer here to Mayo on April 8, 2013 without my copies. I have made repeated request for the Deadline Pass inorder to get to the law library to make these copies. And the classification person tried and I was still denied. My deadline is past but I sent a letter to the DOH explaining my situation and not knowing when I will be allow to the library. Is there another place in this institution that can make the copies I need A.S.A.P. Thank you in advance.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

13C.4-223-127

Library / G. Lee

**RESPONSE**          Assistant Warden's Office          DATE RECEIVED:

APR 2 6 2013

MAYO CI

You have been scheduled to the law library.

**RECEIVED**

MAY 21 2013

MAYO C.I. LIBRARY

---

The following pertains to informal grievances only:

Based on the above information, your grievance is _____ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____          Date: 5/1/13

Original: Inmate (plus one copy)
DC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005. Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days. following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C, attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 6/12)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# APPENDIX

# "N"

# INMATE REQUEST

### STATE OF FLORIDA
### DEPARTMENT OF CORRECTIONS

98

| Mail Number: | D4101 D |
| Team Number: | 1 |
| Institution: | Annex |

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☑ Other  Law Library |

| FROM: | Inmate Name<br>Brooks Clifton | DC Number<br>135510 | Quarters<br>D | Job Assignment<br>I/s Crew | Date<br>5-6-13 |

# REQUEST                                    Check here if this is an informal grievance
☑

I'm seeking council with inmate Collins. And retrieve decline properwork submitted for copying on 4-24-13.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

RECEIVED

---

**DO NOT WRITE BELOW THIS LINE**

MAY 07 2013

# RESPONSE                          DATE RECEIVED:

MAYO LIBRARY

APPROVED TO
COME TO THE LAW LIBRARY

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.)  .

| Official (Signature): | Date: 5-8-13 |

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective )

Incorporated by Reference in Rule 33-103.019, F.A.C.

# APPENDIX

# "O"

### DEPARTMENT OF CORRECTIONS
### RECEPTION & MEDICAL CENTER
### WEST UNIT LAW LIBRARY
### STATE OF FLORIDA

**Date:**     April 18, 2013

**From:**     Mr. Griffis, RMC WU L.T.A
              Reception Medical Center
              Post Office Box 628 / West Unit
              Lake Butler, Florida 32054

**To:**       Librarian
              Inmate Law Library
              Mayo Correctional Institution
              8784 US Highway 27 West
              Mayo, Florida 32066-3458

**RE:**       **Legal Materials Received/Forwarded for Inmate Brooks, C;ifton #135510**

---

The above-named inmate has recently transferred from R.M.C. West Unit to your institution. Unfortunately, his legal papers were inadvertently left behind or delivered to this institution after his transfer. Because of his transfer, we are forwarding the inmate's legal materials to you for delivery. We regret any inconvenience caused in this matter.

Please deliver the enclosed legal documents to the inmate and have him acknowledge receipt of his legal papers and return this document to the R.M.C. West Unit. Thank you.

Mr. Griffis, RMC- WU L.T.A.

-------------------------------------------------------------------------------

### ACKNOWLEDGEMENT OF RECEIPT

I, ___Clifton M. Bris___, acknowledge that I have received the above-mentioned legal material on this __10__ day of __May__, 2013. from Reception Medical Center / West Unit Library.

| | | |
|---|---|---|
| Inmate Signature | Staff signature | Date |
| | | 5/10/13 |

# APPENDIX

## "P"

**DISTRICT COURT OF APPEAL, FIRST DISTRICT**
**2000 Drayton Drive**
**Tallahassee, Florida 32399-0950**
**Telephone No. (850)488-6151**

July 11, 2013

**CASE NO.: 1D13-1073**
L.T. No.: 162012CF006884AXXXM

| | | |
|---|---|---|
| Clifton Brooks | v. | State of Florida |

Appellant / Petitioner(s),            Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

Appellant's motion and amended motion for reinstatement, filed June 10, 2013, and July 8, 2013, are denied. This disposition is without prejudice to the filing of a renewed motion for reinstatement demonstrating that the court's filing fee has been paid or an order of insolvency entered by the lower tribunal.

**I HEREBY CERTIFY** that the foregoing is (a true copy of) the original court order.

Served:

Hon. Pamela Jo Bondi, A.G.        Clifton Brooks

am

JON S. WHEELER, CLERK





Clifton Brooks
# 135510 / D4101 u
Mayo Correctional Institution
8784 U.S. Hwy 27 West
Mayo, Florida 32066-3458

PROVIDED TO MAYO C.I. ON

_11-5-13_  _CMJ_
DATE        INITIALS

CLIFTON BROOKS

#135510 / D4101 U

Mayo Correctional Institution

8784 U.S. Hwy 27 West

Mayo, Florida 32066-3458

November  5, 2013

**FILED**

NOV 08 2013

_Della W. Bussell_
CLERK CIRCUIT COURT

Dear Clerk

    This is my second letter that I am writing to your office in hope of seeking an order per this Court. On or about July 31, 2013 I filed the District Court of Appeal. Motion of Affidavit of Indigency so I can effect my Direct Appeal. To my first letter I had explained that the First District Court of Appeal dismissed my appeal without prejudice to allow me the opportuntily to petition this Court to provide me with an order declaring me indigent. Or for me to pay the $300.00 dollar filing fee to effect this appeal in the Appeal Court. I do not have the $300.00 dollars to pay for the filing of this Appeal. This is the very reason on the above mentioned date I submitted to this Court a Motion of Affidavit of Indigency with an sworn computer print-out of my prison account for six (6) months to show that I am Insolvent. However as of September 4, 2013. I have not received any notification of this Court forwarding an order of my status of being insolvent to the First DCA. Therefore on or about September 10, 2013 I petitioned the First DCA. To grant me leave to effect my appeal by submitting to them a Motion of Affidavit of Indigency. However on September 16, 2013 the Appeals Court responded by stating if I'm seeking a waiver of the filing fee on the basis of indigency I must file a Motion of Affidavit of Indigency with the Lower Court and not their Court. As previously noted I filed this motion with this Court on or about July 31, 2013. And I have yet to receive an order from this Court ajudging me indigent. Therefore I really would appreciate it very much if this Court would rule on my Motion of Affidavit of Indigency

by declaring me Indigent and forward me a copy so I can attach it to my Motion to Reinstate my Appeal. As noted once again I filed this Motion of Affidavit of Indigency with this Court on or about July 31, 2013. It is now November ___ 5 ___, 2013. Approximately 95 days has elasped and I still haven't received an order. However I really need to effect this appeal. ~~Therefore, this moves me to say if I do not receive an order from this Court within Twenty (20) days of the receipt of this letter.~~ It leaves me no other choice but to petition the First DCA to issue a Writ of Mandamus in this cause. Thank you for your time and effect in this matter.

Respectfully
Clifton M. Brooks
_(signature)_

7

CC: Hon. Pamela Jo Bondi, A.G.    Hon. Jon S. Wheeler, Clerk

Hon. Jim Fuller, Clerk    Hon. Ronnie Fussell, Clerk

William W. Wilhelm, Bar Counsel    Hon. Thomas D. Hall, Clerk

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT**
**IN AND FOR DUVAL COUNTY, FLORIDA**

STATE OF FLORIDA,
    Plaintiff,

v.

BARON GREENWADE,
    Defendant.

_____/

FILED
V COMPUTER
E. O

Case No.: 16-2009-CF-005804

FILED
NOV 0 8 2013
CLERK CIRCUIT COURT

PROVIDED TO COLUMBIA CORRECTIONAL INSTITUTION
ON 11-6-2013 (DATE) FOR MAILING
CC (STAFF INITIAL) BG (I/M INITIAL)

## MOTION FOR POST CONVICTION RELIEF

Pursuant to Rule 3.850(a) Fla.R.Crim.P. (2013) the Defendant Baron Greenwade, pro se, moves this Court for post conviction relief based on the grounds hereupon set forth in this motion. Accordingly, Defendant states that he was denied effective assistance of counsel in violation of his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution. In support of this motion Defendant avers the following:

1. The judgment and sentence under attack was rendered in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.

2. Defendant herein challenges the guilty plea in Count II of the above styled cause entered on July 30, 2010 during the sentencing phase of Count I after a jury verdict of guilt was returned in Count I.

3. Direct appeal was taken in the First District Court of Appeal in the case of *Greenwade v. State*, 80 So.3d 371 (Fla. 1st DCA 2012)(DCA #1D10-4330),

1

*rehearing denied* 3/2/12. The disposition of the appeal resulted in all issues being affirmed, per curiam, but certified conflict where discretionary review was taken in the Florida Supreme Court in <u>*Greenwade v. State,*</u> 38 Florida Law Weekly S717(a) (Fla. 10/1713)(#SC12-598)(reversing trafficking conviction to lesser offense.)

4. No other post conviction motions have been filed.

5. The Nature of Relief Sought: Defendant seeks to be allowed to withdraw his guilty plea in Count II Possession of a Firearm by a Convicted Felon based on the claim ineffective assistance of counsel.

## STATEMENT OF CASE AND FACTS

On April 24, 2009 detectives for the Jacksonville Sheriff's Office (JSO) executed a search warrant at a Jacksonville residence. As the JSO entered the driveway of the residence they observed Defendant sitting in a chair behind a table in the garage. Defendant fled from the garage and into the interior of the house where he was eventually arrested and placed in handcuffs and taken into custody. Pertinent to this claim, defense depositions were taken of the JSO detectives and the following statements were provided[1]. Detective Donald Bishop (Bishop) testified that the detectives chased Defendant to a bedroom. (Depo. I: 38-41)[2] That

---

[1] On September 18, 2009 deposition were taken of JSO Detectives Bishop, Moodispaw, Hughey, Bush and Bates. Only the deposition of Bishop and Moodispaw carry any relevancy to the firearms case in Count II.

[2] The deposition of detective Bishop will be referred to as (Depo.I) and the deposition of detective Moodispaw will be referenced as (Depo. II).

2

Defendant immediately told the detectives what they were there for. (Depo. I: 43-44) Bishop stated that after the search started he found a gun in the bedroom dresser. (Depo. I: 50-51) In the middle of these statements Bishop changed his story to alleged that he did not find the gun, that an Officer Brown found it. (Depo. I: 51) Bishop testified that he couldn't remember if anyone read Defendant his Miranda warnings.[3]  That Defendant was read the warnings during the booking routine. (Depo. I: 51) Bishop couldn't say for certain that Defendant admitted to possession of the firearm. (Depo. I: 53) At this point defense counsel went off record and once back on, Bishop was apparently given an opportunity to make a more definite statement that Defendant did admit to the firearm possession. (Depo. I: 53) As to the deposition of Detective Moodispaw, Moodispaw admitted to having found the gun during the search. (Depo. II: 36) But could not state with firsthand knowledge that Defendant ever admitted to the handgun or speaking with the Defendant about the firearm. (Depo. II: 38)[4] On July 30, 2010 during sentencing on Count I, the Trafficking in Cocaine case counsel persuaded Defendant to plead guilty to a 15 year prison term in Count II, to run concurrent with the 15 year sentence being imposed in Count I of this case.

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966)
[4] Detectives Hughey (Depo at 6-7) and Bush (Depo at 8-9) didn't hear Defendant being read his rights or acknowledge statements confessing to the firearm.

3

## **GROUNDS ONE**

COUNSEL INEFFECTIVE IN FAILING TO FILE A MOTION TO
SUPPRESS THE FIREARM EVIDENCE PRIOR TO SEEKING A GUILTY
PLEA.

Defendant asserts that he was rendered in effective assistance of counsel

when counsel failed to move for suppression of the firearm evidence prior to

having Defendant enter a guilty plea for a concurrent fifteen year prison sentence

in Count II for Possession of a Firearm by a Convicted Felon. Defendant states that

this act prejudiced him as the State had no substantial evidence that Defendant was

in possession of the firearm that was alleged to have been found during a police

search for drugs. The drug case was subsequently reversed for resentencing to a

lesser offense whereby Defendant now is only subjected to a 15 year term because

of the plea made in Count II. There stood reasonable grounds that would

demonstrate the State did not have a prima facie case against the defendant and

suppression was warranted.

Accordingly, post conviction claims of ineffective assistance of counsel in

firearms possession prosecution are legally cognizable, thus requiring evidentiary

hearing or trial court to attach portions of record to refute claims or otherwise

explain its denial of them. See e.g., *Johnson v. State*, 890 So.2d 432 (Fla.App. 4

Dist. 2004)

4

Defendant states that he did not have any knowledge that a firearm was in the residence where he was arrested, and that the State's evidence in record could not provide proof beyond a reasonable doubt that he did. See e.g., _Creamer v. State_, 605 So.2d 541 (Fla.App. 1 Dist. 1992)(Knowledge of possession is element of the crime of possession of firearm by convicted felon.) From the facts in evidence the Defendant was not the custodian of the residence where he was arrested. The testimony of Detective Bishop stated that after a search of the residence, that he found a gun in the bedroom dresser. (Depo. I: 50-51) Bishop then changed his story and alleged that he did not find the gun, that an Officer Brown found it. (Depo. I: 51) Bishop further testified that he couldn't remember if anyone read Defendant his Miranda warnings. Bishop could not say with any certainty that Defendant admitted to possession of the firearm. (Depo. I: 53) Defense counsel then requested to go off record and once back Bishop was given apparent opportunity to reconstruct his statements to say that Defendant admitted to the firearm possession. (Depo. I: 53) In another deposition Detective Moodispaw alleged he found the gun during the search. (Depo. II: 36) But could not remember whether Defendant had admitted to the handgun, further Moodispaw doesn't recall ever speaking with Defendant about the firearm. (Depo. II: 38). At best only the use of Bishop's statements could be attempted in a prosecution for possession of a firearm, and those statements are questionable.

5

Since the reconstructed statements of Bishop would have gone to the issue of voluntariness of defendant confessing to possession (Depo. I: 53), the trial court would have had to consider them at a hearing in a motion to suppress, regardless of any stipulations or admissions during the trial in Count I. See e.g., *Hampton v. State*, 354 So.2d 443 (Fla.App. 2 Dist. 1978) Accordingly, the Defendant was in custody, for Miranda purposes, when he was arrested and confronted with the incriminating drug evidence during the search.  See:  *England v. State*, 46 So.3d 127, 35 Fla. L. Weekly D2302 (Fla.App. 2 Dist. 2010) Bishop first testified that he couldn't remember if anyone read Defendant his Miranda warnings. Nor could Bishop say with any degree of certain that Defendant admitted to possession of the firearm. (Depo. I: 53). The only other relevant deposition statements would have been of Moodispaw discovery of the firearm, but even here Moodispaw could not state with any certainty that Defendant had admitted to the firearm or that he even question Defendant it. (Depo. II: 38)

Defendant states that the above deposition statements were all the state could produce to establish a semblance toward some factual basis in evidence, or the same in a trial. Inasmuch, under a totality of the circumstances review standard the State could not make a prima facie case of firearm possession against the Defendant. Further, Defendant states that his lawyer did not make the State's lack of evidence in the firearms case known to him before he was required to plead

6

guilty, and had counsel done so, Defendant would not have entered the plea but would have elected to take his case to trial.

Allegations that trial counsel was ineffective in failing to make the state's evidence available to a defendant before the defendant is required to decide whether to accept plea offer is properly sounded in a motion for post conviction relief. *Oliver v. State*, 691 So.2d 1126 (Fla.App. 1 Dist. 1997)

Defendant further asserts that he had available witness, namely Elizabeth Tomory, the residential custodian, who would have testified at a motion to suppress or a trial to claim ownership of the firearm. However, counsel in a haste to close this case became indifferent towards defending Defendant past the trial in Count I, and persuaded Defendant to accept the 15 year concurrent term in the firearm possession case by stating that defendant would never see a day of it because the 15 year sentence would be overshadowed by the 15 year term imposed in Count I for Trafficking in Cocaine. This act also prejudiced Defendant as the Supreme Court of Florida overturned the conviction in Count I for Defendant to be resentenced on a lesser offense, and a lower sentence. See: *Greenwade v. State*, 38 Florida Law Weekly S717(a) (Fla. 10/17/13)

Accordingly, there stands the reasonable probability that had counsel moved to suppress the firearm evidence based on the above, there would be no conviction

7

in Count II. Moreover, had the firearm evidence not been suppressed Defendant could have entered a conditional plea pending the appeal of a legally dispositive issue.

## UNNOTARIZED OATH
### Florida Statutes 92.525(2) and Rule 3.850 (n)(1)

I declare under penalties of perjury that I have read the statements made in this document and that they are true and correct.

Date: 11-6-2013                    Baron Greenwade
                                   Baron Greenwade

## CONCLUSION

Wherefore, Defendant prays this Honorable Court to grant all relief he is entitled to in these proceedings. Including but not limited to:

1. Holding an Evidentiary Hearing.

2. Set aside the conviction and sentence in Count II.

3. Grant such other relief deemed appropriate.

RESPECTFULLY SUBMITTED,

Baron Greenwade
Baron Greenwade pro se

8

PAGE # 0341 OF 0500

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 3.850(n)(2) I certify that I read and understand the English

language.

Baron Greenwade pro se

## PROOF OF SERVICE

I CERTIFY THAT I have placed a copy of the foregoing document in the

hands of prison officials for mailing to Office of the State Attorney 220 East Bay

Street, Jacksonville, FL 32202 this the _6_ day of November 2013.

Baron Greenwade pro se
DC# #J12616
Columbia C I Annex
253 SE Corrections Way
Lake City, FL 32025

9

FILED 1115''13 AM 1024 R FUSSELL

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2012-CF-006884-AXXX

DIVISION: CR-E

STATE OF FLORIDA,

v.

CLIFTON BROOKS,
    Defendant.
_____/

FILED
V COMPUTER
E. O

## ORDER ON DEFENDANT'S MOTION
## IN SUPPORT OF REQUESTING THE PENDING AFFIDAVIT OF INDIGENCY

This matter came before the Court on the Defendant's Motion in Support of Requesting the Pending Affidavit of Indigency filed on November 8, 2013.

The Defendant seeks an order declaring him insolvent for purpose of appealing the February 27, 2013 Judgment and Sentence. The Court notes that the Defendant has previously been found insolvent in the instant case, and has remained incarcerated since that time. Pursuant to Florida Rule of Appellate Procedure 9.430(c)(1)(B), it is presumed that "in cases involving criminal or collateral criminal proceedings, an incarcerated party who has been declared indigent for purposes of proceedings in the lower tribunal remains indigent." See also Ferenc v. State, 697 So. 2d 1262, 1263 (Fla. 5th DCA 1997), disapproved on other grounds, Hall v. State, 752 So. 2d 575 (Fla. 2000).

In view of the above, it is

**ORDERED AND ADJUDGED** that the Defendant's Motion in Support of Requesting the Pending Affidavit of Indigency is hereby **GRANTED.**

**DONE AND ORDERED** in Chambers, at Jacksonville, Duval County, Florida, on this 14th day of November, 2013.

T. Salvador
**TATIANA R. SALVADOR,**
**Circuit Judge**

Copies to:

Office of the State Attorney
Division: CR-E

Clifton Brooks
DOC #135510
Mayo Correctional Institution
8784 U.S. Hwy 27 West
Mayo, FL 32066-3458

## CERTIFICATE OF SERVICE

I do certify that a copy hereof has been furnished to Defendant by United States mail this 15th day of ~~August,~~ November 2013.

Deputy Clerk

CASE NO.: 1993-CF-12623-AXXX

TRS/tls

PROVIDED TO MAYO C.I. ON

_12-4-13_    _CMB_
DATE      INITIALS

IN THE CIRCUIT COURT, FOURTH

JUDICIAL CIRCUIT, IN AND FOR

DUVAL COUNTY, FLORIDA

STATE OF FLORIDA      CASE NO.: 162012CF006884AXXXMA

     PLAINTIFF,      DIVISION: CRE/SAD

     APPEAL NO.: 1D12-5922/1D13-1073/1D13-5560

VS.      RFA NO.: 13-5538/13-6539/13-10639

     CASE NO.: 2004-DR-1666-DV

CLIFTON BROOKS      DIVISION: FM-V

     DEFENDANT.

**FILED**

DEC 05 2013

CLERK CIRCUIT COURT

SUPPLEMENTAL DESIGNATION TO THE COURT

REPORTER FOR STENOGRAPHIC NOTES

Pursuant to Rule 9.140(d), Florida Rules of Appellate Procedure, come now the

Defendant CLIFTON BROOKS, in proper person has requested Official Court Reporters,

Inc., to transcribe the stenographic notes in the above-styled cause for purposes

of appeal to the District Court of Appeal of Florida, First District.

The Defendant requests the following proceedings in the above-styled cause

which are necessary and germane to this appeal (Excluding jury selection).

| 8/7/12 | Proceedings |
| 8/28/12 | Proceedings |
| 10/2/12 | Proceedings |
| 11/27/12 | Proceedings |
| 12/4/12 | Proceedings |
| 12/6/12 | Proceedings |
| 1/28/13 | Proceedings |
| 2/4/13 | Proceedings |
| 2/8/13 | Motion hearing & proceedings |

1

2/13/13   Trial & proceedings

2/27/13   Trial, verdict, sentencing, & proceedings

5/19/04   Proceedings

12/22/04   Proceedings

The court reporter is hereby directed to serve a copy of the Reporter's Acknowledgement and any future motions for extension(s) of time requested to transcribe notes to Defendant, Office of the State Attorney and Clerk of this Court, by mail, and to the Office of the Attorney General, by mail, upon filing.

The Defendant certifies a copy of this supplemental designation has been delivered to the Office of the State Attorney, representing the State of Florida, the Court Reporter, and to the Office of the Attorney General, representing the State of Florida and Clerk, District Court of Appeal of Florida, First District, by mail, this 4 day of December 20 13

Clifton M Bray

Clifton M. Brooks

# 135516

Mayo Correctional Institution

8784 U.S. Hwy 27 West

Mayo, Florida 32066 - 3458

2

I, the Defendant, certify that satisfactory financial arrangements have been made with the Court reporter for preparation of the transcript(s) in compliance with Rule 9.430, Florida Rules of Appellate Procedure.

*Clifton M. Brooks*
Clifton M. Brooks
#135510

## REPORTER'S ACKNOWLEDGEMENT

I, hereby certify that I have received a copy of the designation in the above-styled cause dated _____, 20___, and hereby file said designation within five (5) days of receipt, pursuant to Rule 9.200 (3) to the appellate court, the Defendant, the State Attorney and the Attorney General.

Satisfactory arrangements have ( ) have not ( ) been made for payment of the transcript costs. These financial arrangements were completed on _____, 20___.

The number of trial or hearing days are _____. The estimated number of transcript pages are _____.

_____, The transcript will be completed on _____, 20___, or an extension of time is needed until _____, 20___.

DATE: _____

COURT REPORTER

3

PROVIDED TO ...AYO.C.I. ON

| 12-4-13 | CMB |
|---------|-----|
| DATE | INITIALS |

IN THE CIRCUIT COURT, FOURTH

JUDICIAL CIRCUIT, IN AND FOR

DUVAL COUNTY, FLORIDA

STATE OF FLORIDA                    CASE NO.: 162012CF006884AXXXMA

    PLAINTIFF,                    DIVISION: CRE / SAD

                      APPEAL NO.: 1D12-5922 / 1D13-1073 / 1D13-5560

VS.                    RFA NO.: 13-5538 / 13-5539 / 13-10639

CLIFTON BROOKS

    DEFENDANT

**FILED**

DEC 09 2013

CLERK CIRCUIT COURT

MOTION TO SUPPLEMENT THE RECORD

COMES NOW, the Defendant, CLIFTON BROOKS, in proper person, pursuant to Rule 3.140(n), Florida Rules of Criminal Procedure, moves this Honorable Court for an order, allowing him to supplement the instant record with the below-listed, and attached item or documents:

    1) Supplemental Directions to the Clerk.

    2) Supplemental Designation to the Court Reporter for Stenographic Notes.

    WHEREFORE, the Defendant respectfully request this Honorable Court to grant this motion.

    I HEREBY CERTIFY, that a true and correct copy of the foregoing has been delivered, to the Office of the States Attorney, representing the State of Florida, and the Office of the Attorney General, representing the State of Florida by mail, on this 4 day of December 2013.

Respectfully submitted,

1

Clifton M. Brooks
#135510
Mayo Correctional Institution
8784 U.S. Hwy. 27 West
Mayo, Florida 32066-3958

2

FILED

DEC - 9 2013

*Ronald W. Fussell*
CLERK CIRCUIT COURT

IN THE CIRCUIT COURT, FOURTH

JUDICIAL CIRCUIT, IN AND FOR

DUVAL COUNTY, FLORIDA

STATE OF FLORIDA

    PLAINTIFF

VS.

CLIFTON BROOKS

    DEFENDANT.

CASE NO.: 162012CF006884AXXXMA

DIVISION: CRE/SAD

APPEAL #: 1D13-5922/1D13-1073/1D13-5560

RFA NO.: 13-5538/13-5539/13-10639

CASE NO.: 2004-DR-1666-DV

DIVISION: FM-V

SUPPLEMENTAL DESIGNATION TO THE COURT
REPORTER FOR STENOGRAPHIC NOTES

Pursuant to Rule 9.140(d), Florida Rules of Appellate Procedure, come now the Defendant CLIFTON BROOKS, in proper person has requested Official Court Reporters, Inc., to transcribe the stenographic notes in the above-styled cause for purposes of appeal to the District Court of Appeal of Florida, First District.

The Defendant requests the following proceedings in the above-styled cause which are necessary and germane to this appeal (Excluding jury selection)

| | |
|---|---|
| 8/7/12 | Proceedings |
| 8/28/12 | Proceedings |
| 10/2/12 | Proceedings |
| 11/27/12 | Proceedings |
| 12/4/12 | Proceedings |
| 12/6/12 | Proceedings |
| 1/28/13 | Proceedings |
| 2/4/13 | Proceedings |
| 2/8/13 | Motion hearing & proceedings |

1

2/13/13   Trial & proceedings

2/27/13   Trial, verdict, sentencing & proceedings

5/19/04   Proceedings

12/22/04   Proceedings

The court reporter is hereby directed to serve a copy of the Reporter's Acknowledgement and any future motions for extension(s) of time requested to transcribe notes to Defendant, Office of the State Attorney and Clerk of this Court, by mail, and to the Office of the Attorney General, by mail, upon filing.

The Defendant certifies a copy of this supplemental designation has been delivered to the Office of the State Attorney, representing the State of Florida, the Court Reporter, and to the Office of the Attorney General, representing the State of Florida and Clerk, District Court of Appeal of Florida, First District, by mail, this 9 day of December 2013.

Clifton M. Brooks

# 135516

Mayo Correctional Institution

8784 U.S. Hwy 27 West

Mayo, Florida 32066-3458

2

I, the Defendant, certify that satisfactory financial arrangements have been made with the Court reporter for preparation of the transcript(s) in compliance with Rule 9.430, Florida Rules of Appellate Procedure.

Clifton N. Brooke

Clifton N. Brooke

#135510

## REPORTER'S ACKNOWLEDGEMENT

I, hereby certify that I have received a copy of the designation in the above-styled cause dated _____, 20___, and hereby file said designation within five (5) days of receipt, pursuant to Rule 9.200 (3) to the appellate court, the Defendant, the State Attorney and the Attorney General.

Satisfactory arrangements have ( ) have not ( ) been made for payment of the transcript costs. These financial arrangements were completed on _____, 20___.

The number of trial or hearing days are _____. The estimated number of transcript pages are _____.

The transcript will be completed on _____, 20___, or an extension of time is needed until _____, 20___.

DATE: _____

COURT REPORTER

3

FILED

DEC - 9 2013

CLERK CIRCUIT COURT

IN THE CIRCUIT COURT, FOURTH

JUDICIAL CIRCUIT, IN AND FOR

DUVAL COUNTY, FLORIDA.

STATE OF FLORIDA

PLAINTIFF,

vs.

CLIFTON BROOKS

DEFENDANT.

CASE No.: 162012CF006884AXXXMA

DIVISION: CRE / SBD

APPEAL No.: 1D12-5922 / 1D12-1073 / 1D13-5520

RFA No.: 13-5538 / 13-5539 / 13-10639

CASE No.: 2004-DR-1666-CV

DIVISION: FM-V

SUPPLEMENTAL DIRECTIONS TO THE CLERK

The Defendant hereby request and directs that the Clerk include the following as the Supplemental Record on Appeal and transmit the same to the Clerk, District Court of Appeals of Florida, First District:

1. Transcript of proceedings held on 8/7/12; 8/28/12; 10/2/13; 11/27/12; 12/4/12; 12/6/12; 1/28/13; 2/4/13; 2/8/13; 2/13/13; 2/27/13; 5/19/04 and 12/22/04 in the above-style cause.

2. These Supplemental Directions to the Clerk

Respectfully submitted,

Clifton M. Brooks

#135510

Maya Correctional Institution

8784 U.S. Hwy. 27 West

Maya, Florida 32066-3458

I HEREBY CERTIFY, that a true and correct copy of the foregoing has

1

been delievered, to the Office of the State Attorney, representing the State of Florida, and to the Office of the Attorney General, representing the State of Florida, by mail, this 4 day of December 20 13

Clifton H. Brooks

# 135510

2

FILED

DEC 13 2013

CLERK CIRCUIT COURT

I, the Defendant, certify that satisfactory financial arrangements have been made with the Court reporter for preparation of the transcript(s) in compliance with Rule 9.430, Florida Rules of Appellate Procedure.

Clifton Brooks          12-CF-0884 CR-E          Clifton M. Brooks
VS                      04-Dr-1060-DVXX          #135510
State of Florida               FM-V

### REPORTER'S ACKNOWLEDGEMENT

I, hereby certify that I have received a copy of the designation in the above-styled cause dated ___12/11___, 2013, and hereby file said designation within five (5) days of receipt, pursuant to Rule 9.200 (3) to the appellate Court, the Defendant, the State Attorney and the Attorney General.

Satisfactory arrangements have (X) have not ( ) been made for payment of the transcript costs. These financial arrangements were completed on ___12/11/13___, 20 _14_.

The number of trial or hearing days are __13__. The estimated number of transcript pages are __1050__.

The transcript will be completed on ___1/10___, 20 _14_, or an extension of time is needed until _____, 20 __.

DATE: _12/12/13_

_____
COURT REPORTER

3

12/11
JK

PROVIDED TO MAYO C.I. ON

1-4-13                CAE
DATE                INITIALS

IN THE CIRCUIT COURT, FOURTH

JUDICIAL CIRCUIT, IN AND FOR

DUVAL COUNTY, FLORIDA

STATE OF FLORIDA                    CASE NO.: 162012CF006884AXXXMA

PLAINTIFF                           DIVISION: CRE/SAD

                                    APPEAL NO.: 1D12-5722/1D13-1023/1D13-5560

VS.                                 RFA NO.: 13-5538/13-6539/13-10639

                                    CASE NO.: 2004-DR-1666-DV

CLIFTON BROOKS                      DIVISION: FM-V

DEFENDANT

SUPPLEMENTAL DESIGNATION TO THE COURT

REPORTER FOR STENOGRAPHIC NOTES

     Pursuant to Rule 9.140(d), Florida Rules of Appellate Procedure, co
Defendant CLIFTON BROOKS, in proper person has requested Official Court
Inc, to transcribe the stenographic notes in the above-styled cause for
of appeal to the District Court of Appeal of Florida, First District.

     The Defendant requests the following proceedings in the above-styled
which are necessary and germane to this appeal (Excluding jury selection)

APPEAL: BILL PD ___ SA ___ JAC ✓ PRIV ___ RCC ___
ESTIMATE ONLY ___ PRO SE ✓
ATTORNEY: BROOKS
DATE REC'D: 12/11/13                L. Sanders
NOTIFIED BY: ___
Emailed ___   Copy in folder   1/10/14
DATE DUE: ___

| | | |
|---|---|---|
| 8/7/12 | Proceedings | David |
| 8/28/12 | Proceedings | Fabrikant |
| 10/2/12 | Proceedings | McCully |
| 11/27/12 | Proceedings | Morgant |
| 12/4/12 | Proceedings | David |
| 12/6/12 | Proceedings | Fabrikant |
| 1/28/13 | Proceedings | McClendon |
| 2/4/13 | Proceedings | Richabos |
| 2/8/13 | Motion hearing & proceedings | HARRISON |

1

2/13/13    Trial & proceedings    Griffis    David
2/27/13    Trial, verdict, sentencing & proceedings
5/19/04    Proceedings    Flores
12/22/04   Proceedings    Flores

The court reporter is hereby directed to serve a copy of the Reporter's
Acknowledgement and any future motions for extension(s) of time requested to
transcribe notes to Defendant, Office of the State Attorney and Clerk of this
Court, by mail, and to the Office of the Attorney General, by mail, upon filing.

The Defendant certifies a copy of this supplemental designation has
been delivered to the Office of the State Attorney, representing the State of Flo-
rida, the Court Reporter, and to the Office of the Attorney General, representing
the State of Florida and Clerk, District Court of Appeal of Florida, First District, by
mail, this 4 day of December 2013.

Clifton M. Brooks
Clifton M. Brooks
# 135516
Mayo Correctional Institution
8784 U.S. Hwy 27 West
Mayo, Florida 32066-3458

2.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

FILED1230"13AM1046 R FUSSELL

CASE NO.: 2012-CF-006884-AXXX
DIVISION: CR-E

**STATE OF FLORIDA**

vs.

**CLIFTON BROOKS,**
  Defendant.

---

## ORDER APPOINTING PUBLIC DEFENDER
## FOR PURPOSES OF APPEAL

The Court, having received an Order from the District Court of Appeal, First District directing counsel to be appointed for purpose of appeal, finds that the Defendant is indigent for purposes of these proceedings.  As such, the Court finds that the Defendant is entitled to the assistance of counsel for purposes of appeal.

It is, therefore

**ORDERED AND ADJUDGED:**

1.    The Defendant has been declared indigent and that the Office of the Public Defender for the Fourth Judicial Circuit of Florida is hereby appointed to represent said Defendant in this proceeding.

**DONE AND ORDERED** at Jacksonville, Duval County, Florida, this 26th day of December, 2013.

**TATIANA R. SALVADOR**
**Circuit Judge**

Copies furnished to:

Office of the Public Defender, Elizabeth Webb

Clifton Brooks, DOC #135510, Mayo Correctional Institution, 8784 U.S. Highway 27 West, Mayo, Florida 32066-3458

```
 1                    IN THE CIRCUIT COURT OF THE
                      FOURTH JUDICIAL CIRCUIT, IN
 2                    AND FOR DUVAL COUNTY, FLORIDA

 3                    CASE NO:   16-2012-CF-006884-AXXX-MA

 4                    DIVISION:  CR-E

 5

 6  STATE OF FLORIDA

 7         -vs-

 8  CLIFTON BROOKS,

 9         Defendant.

10

11  STATE OF FLORIDA )

12  COUNTY OF DUVAL  )

13

14        Proceedings before the Honorable Tyrie Boyer,

15  Judge of the Circuit Court, Division CR-E, as cause in

16  this matter came to be heard on the 27th of November,

17  2012, before Catherine M. Morrow, Florida Professional

18  Reporter and a Notary Public in and for the State of

19  Florida at Large.

20

21

22

23                    OFFICIAL REPORTERS, INC.
                      201 EAST ADAMS STREET
24                    JACKSONVILLE, FL 32202
                      (904) 358-2090
25
```

FILED

DEC 31 2013

CLERK CIRCUIT COURT

```
 1   APPEARANCES:

 2           ANNA HIXON, Attorney at Law,

 3               Assistant State Attorney,

 4               220 East Bay Street

 5               Jacksonville, Florida  32202

 6               Appearing on behalf of the State of Florida.

 7

 8           DARCY GALNOR, Attorney at Law,

 9               Assistant Public Defender,

10               407 N. Laura Street

11               Jacksonville, Florida  32202

12               Appearing on behalf of the Defendant.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                           INDEX

 2

 3                        WITNESSES

 4                             Direct   Cross   Redirect

 5   State's Witnesses

 6   None

 7

 8   Defendant's Witnesses

 9   None

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        INDEX

 2

 3                       EXHIBITS

 4

 5                  Identification      Evidence

 6

 7   State's Exhibits

 8   None entered/admitted

 9

10   Defendant's Exhibits

11   None entered/admitted

12

13   Court's Exhibits

14   None entered/admitted

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2

 3    November 27, 2012                          9:10  a.m.

 4                    (Heard in open Court.)

 5    (The defendant, defense counsel and the State present.)

 6                        *  *  *  *  *

 7            THE COURT:  Good morning Ms. Hixon.

 8            MS. HIXON:  Good morning, your Honor.

 9            THE COURT:  How are you?

10            MS. HIXON:  I'm good.  Your Honor, if the

11    State could call Clifton Brooks on the top of Page

12    3?

13            THE COURT:  Okay.

14            MS. GALNOR:  Your Honor, Darcy Galnor for Mr.

15    Brooks.  We completed a number of depositions in

16    this case over the short break that we had.

17    However, there were a couple of witnesses who

18    failed to show.

19            I have those witnesses rescheduled for

20    December 13th.  If we could get a motion deadline.

21            MS. HIXON:  After that?

22            MS. GALNOR:  After that, yeah.

23            THE COURT:  This was motion deadline.

24            MS. GALNOR:  I understand that.  But I think

25    that the State is unclear as to what they need to
```

 1      file until the depositions are finished.  I'm not

 2      speaking for Ms. Hixon, but if -- maybe I should

 3      not.

 4           MS. HIXON:  I would ask that your Honor do a

 5      motion deadline after in case something comes up

 6      during the depositions.  Yes, sir.

 7           THE COURT:  When is speedy trial?

 8           MS. HIXON:  It is -- January 3rd, your Honor.

 9           THE COURT:  Excuse me, what did you say?

10           MS. HIXON:  January 3rd.

11           THE COURT:  It sounds to me like we need to

12      set it for trial so that we beat January 3rd.

13           MS. GALNOR:  Your Honor, I am requesting a

14      trial date in January after the depositions are

15      completed.  I can't stand here and tell the Court

16      that I am prepared for trial.

17           THE COURT:  Then you need to waive speedy

18      trial.

19           MS. GALNOR:  Your Honor, he is not, but I am

20      also --

21           THE COURT:  Okay.  Then we will try it next

22      week.  I am not going to have a speedy trial

23      problem.

24           MS. HIXON:  Well, Judge, I can tell you that

25      I will not have sufficient time to get any

1    witnesses under subpoena for this case.  Because I

2    have a certain number of days I have to allow

3    people --

4        THE COURT:  Okay.  Then we will try it

5    December 10th.  How is that?

6        MS. GALNOR:  Your Honor, for the record, I

7    don't plan to file any sort of Notice of

8    Expiration or --

9        THE COURT:  Ms. Galnor, your client has a

10    right to a speedy trial.  And your client in open

11    court has said he wants to exercise that right.

12    He apparently would prefer to have that than to

13    have you complete discovery.

14        And speedy trial will run in January before

15    there would be another opportunity to try this

16    trial.  I mean I would be happy as a lark had it

17    been different to have done something different.

18        But I just don't know anything else we can

19    do, okay?  I mean do you know of any other --

20        MS. GALNOR:  I know I can waive speedy trial

21    over his objection.  And if I am not prepared on

22    the case, I may have to do that.

23        I mean I can't -- I can't walk into a case

24    where I find he's facing a mandatory life sentence

25    without having done all the depositions and being

```
 1    prepared.  I mean I am setting myself up for a
 2    3850.
 3         THE COURT:  Ms. Galnor, I think that when you
 4    consider 3850, what you consider is what your
 5    client has said in court that he wants to go ahead
 6    and have a speedy trial.
 7         If you want to do some sort of memorandum
 8    that shows something to the contrary, that is
 9    fine.  But my responsibility is to make certain
10    that his right to a speedy trial is encouraged.
11    So I'll pass this -- this is Clifton Brooks?
12         MS. HIXON:  Yes, sir.
13         THE COURT:  Okay.  I'll pass it to 12/10 at
14    nine in 308 for jury trial.
15         MS. GALNOR:  Your Honor, I believe Mr. Brooks
16    would like to speak to the Court.  I have advised
17    him not to.  I have advised him that anything he
18    says could be used against him.
19         THE COURT:  I don't need to.  Ms. Galnor, I
20    have you.
21         MS. GALNOR:  I understand that.  I am just
22    relaying the message to the Court.
23         THE COURT:  I understand.  And Mr. Brooks,
24    you understand the reason that I don't talk to
25    you, this lady down here is extremely bright.  She
```

1    has no right to hear anything from you and to

2    evaluate your ability to talk and things of that

3    nature or to say anything, And so that is the

4    reason.

5          Anything your lawyer says can never be used

6    against you.  But anything that comes out of your

7    mouth can be.  Okay, fine.  Thank you.

8

9

10          (Whereupon the proceedings were concluded at

11   9:14 a.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                     C E R T I F I C A T E

2     STATE OF FLORIDA  )

3     COUNTY OF DUVAL   )

4           I, Catherine M. Morrow, Florida Professional

5     Reporter, certify that I was authorized to and did

6     stenographically report the foregoing proceedings and

7     that the transcript is a true and complete record of my

8     stenographic notes.

9           DATED this _30_ day of _December_ , 2013.

10

11

12

13
                      _____
14                    CATHERINE M. MORROW
                      Florida Professional Reporter
15

16

17

18

19

20

21

22

23

24

25

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2012-CF-006884

DIVISION: CR-E

STATE OF FLORIDA

vs.

CLIFTON BROOKS,

          Defendant.

_____/

STATE OF FLORIDA)

COUNTY OF DUVAL )



     Transcript of Proceedings before the

HONORABLE TYRIE BOYER, in open court, at the Duval

County Courthouse, 501 West Adams Street, Jacksonville,

Florida, on the 28th of August, 2012, commencing at

9:03 a.m., before Heidi Fabrikant, Court Reporter.

OFFICIAL REPORTERS, INC.
201 EAST ADAMS STREET
JACKSONVILLE, FLORIDA 32202
(904) 358-2090



2

1                           APPEARANCES:

2

3                   MARY HIXON, Esquire
                 Assistant State Attorney
4                  220 East Bay Street
             Jacksonville, Florida 32202
5        Appearing on behalf of the State of Florida.

6

7                  TODD NIEMCZYK, Esquire
               Assistant Public Defender
8                 407 North Laura Street
             Jacksonville, Florida  32202
9        Appearing on behalf of the Defendant.

10

11

12

13

14

15

16

17

18

19

20

21                      - - -

22

23

24

25

3

1                           - - -

2                   P R O C E E D I N G S

3   August 28, 2012                        9:03 a.m.

4                           - - -

5           THE COURT:  Good morning, Ms. Hixon.

6           MS. HIXON:  Good morning, Your Honor.

7           I have some cases Mr. Niemczky and I can call

8   and waive appearances if that's okay.

9           THE COURT:  Well, then let's do it --

10          MS. HIXON:  All right.

11          THE COURT:  -- while Steve brings me up some

12  folks.

13          MS. HIXON:  Your Honor, we can call Clifton

14  Brooks at the top of page 2.  Anna Hixon on behalf

15  of the State.

16          THE COURT:  Okay.  Are we going to nolle

17  prose?

18          MS. HIXON:  No.

19          MR. NIEMCZYK:  Todd Niemczyk on behalf of

20  Mr. Brooks.  Judge, we're here for a status

21  hearing.  We do have depositions set on

22  September 26th.  We would ask for a motion

23  deadline.

24          THE COURT:  Okay.  Now, do you think they will

25  be finished by then?

4

1          MR. NIEMCZYK:  They should be.

2          THE COURT:  Okay.

3          MS. HIXON:  And I'll be filing a child hearsay

4    on that case and I believe possible Williams Rule

5    as well.

6          THE COURT:  Okay.  I'll make a motion deadline

7    for October 2nd, 10/2 motion deadline at 9:00 in

8    308.

9          MR. NIEMCZYK:  Thank you.

10         MS. HIXON:  Thank you, Your Honor.

11         (The proceedings concluded at 9:06 a.m.)

12                   -  -  -

13

14

15

16

17

18

19

20

21

22

23

24

25

5

```
1                    CERTIFICATE OF REPORTER

2

3   STATE OF FLORIDA)

4   COUNTY OF DUVAL )

5

6        I, Heidi Fabrikant, Court Reporter, do hereby

7   certify that I was authorized to and did report the

8   foregoing proceedings, and that the transcript, pages 1

9   through 4, is a true and correct record of my

10  stenographic notes.

11

12       Dated this 27th day of December, 2013.

13

14                        _____
                          Heidi Fabrikant
15                        Court Reporter

16

17

18

19

20

21

22

23

24

25
```

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2012-CF-006884

DIVISION: CR-E

STATE OF FLORIDA

vs.

CLIFTON BROOKS,

          Defendant.



_____/

STATE OF FLORIDA)

COUNTY OF DUVAL )


      Transcript of Proceedings before the

HONORABLE TYRIE BOYER, in open court, at the Duval

County Courthouse, 501 West Adams Street, Jacksonville,

Florida, on the 6th of December, 2012, commencing at

10:34 a.m., before Heidi Fabrikant, Court Reporter.




OFFICIAL REPORTERS, INC.
201 EAST ADAMS STREET
JACKSONVILLE, FLORIDA 32202
(904) 358-2090



2

<u>APPEARANCES:</u>

MARY HIXON, Esquire
Assistant State Attorney
220 East Bay Street
Jacksonville, Florida 32202
Appearing on behalf of the State of Florida.


DARCY GALNOR, Esquire
Assistant Public Defender
407 North Laura Street
Jacksonville, Florida  32202
Appearing on behalf of Defendant Brooks.

- - -

3

- - -

P R O C E E D I N G S

December 06, 2012                                    10:34 a.m.

- - -

1

2

3

4

5        THE COURT:  Okay.  Clifton Brooks?

6        THE BAILIFF:  He's on his way, sir.

7        (Defendant entering the courtroom)

8        THE COURT:  Okay.  We're here on the case of

9    *State of Florida versus Clifton Brooks.*

10       MS. GALNOR:  Your Honor, Mr. Brooks is before

11   the Court.  I'm filing two motions that I actually

12   sent to your judicial assistant yesterday, along

13   with some case law.  It's a second motion for

14   continuance stating several grounds, including the

15   fact that I believe my client is incompetent to

16   proceed.  I've also filed a suggestion of mental

17   incompetence to proceed based on his behavior.

18       Additionally, there are a couple of

19   witnesses --

20       THE DEFENDANT:  I wish to address the Court.

21       MS. GALNOR:  -- a Williams Rule witness and

22   also an eyewitness, who have not been deposed.

23       THE COURT:  Okay.  Mr. Brooks, I think I told

24   you on -- okay --

25       MS. GALNOR:  And, Your Honor, I would

4

1      represent I know that one of the Court's main

2      concerns is the speedy trial issue.  I have cited

3      in my suggestion of mental incompetence to proceed

4      in paragraph 9 that it actually tolls the speedy

5      trial when his competence is in question.

6           THE COURT:  What is your basis for challenging

7      his competence?

8           MS. GALNOR:  Judge, when I go to see him at

9      the jail, he talks to the wall.  He was sitting in

10     court the other day basically dancing to music that

11     was clearly not on.  He is --

12          THE COURT:  Raise your right hand.

13          (Ms. Galnor sworn in by the Court and

14     testified as follows:)

15          Tell me -- and you can start all over again --

16     what your basis is for thinking he's not competent?

17          MS. GALNOR:  My basis for thinking he's not

18     competent is the behavior I've seen during my

19     visits with him.  He is very aggressive.  He talks

20     to the wall.  As I said earlier in court, the other

21     day he was dancing to music that was not being

22     played.  He is fixated on issues that have nothing

23     to do with his case.  I cannot discuss his defense

24     with him because all he cares about are his speedy

25     trial rights.  He will discuss nothing other than

5

1    that.  He talks about complaining to the Florida

2    Bar, and --

3         THE COURT:  Well, I don't know that

4    complaining to the Florida Bar creates any type

5    of --

6         MS. GALNOR:  Well, and I don't think that it

7    does, but he fixates on that and his speedy trial

8    rights.  You know, "I'm going to send letters to

9    the Florida Bar if you violate my rights" kind of

10   thing, and that's the only thing I can basically

11   get out of him.

12        THE COURT:  Well, that, I'm not concerned

13   about.  I am concerned about talking to the wall

14   and dancing without music.  I'm also concerned

15   about behavior that I have observed now on at least

16   three occasions, where Mr. Brooks has decided to

17   interrupt the Court and interrupt counsel for the

18   State and counsel for the defense to be heard in

19   open court as opposed -- and to blurt out in open

20   court, which causes me concern as far as his --

21        THE DEFENDANT:  Your Honor, I don't want you

22   to be concerned, but I do want a chance to address

23   the Court.

24        THE COURT:  And he's doing it right now --

25        THE DEFENDANT:  Yes, sir.

1          THE COURT:  -- as we speak.

2          THE DEFENDANT:  You're violating my

3    constitutional rights, and I'm asking to address

4    the Court.  On Article 1, Section 16, rights of the

5    accused to be heard in open court.  Are you going

6    to continue to violate my rights?

7          THE COURT:  And the type of behavior that is

8    evident by this particular person shows me that

9    there is a basis for defense counsel's concerns.

10         Ms. Hixon, do you want to be heard?

11         MS. HIXON:  No, Your Honor.  I did read the

12   case law that Ms. Galnor cited, and she is correct.

13   Once the suggestion is filed, you can't have any

14   material proceedings until it is determined whether

15   or not he is incompetent.

16         THE COURT:  I don't want this to last forever,

17   Ms. Galnor.

18         MS. GALNOR:  Judge, I have an evaluation

19   scheduled for him tomorrow morning.

20         THE COURT:  Okay.

21         MS. GALNOR:  I certainly won't have a report

22   by Monday, I don't think, but --

23         THE COURT:  I understand that.  I understand.

24   That being the case, I will grant your motion to

25   continue.

7

1        Does the State believe I should grant the

2   motion to continue?

3        MS. HIXON:  Yes, Your Honor.  We have no

4   objection.

5        THE COURT:  No.  Do you think that I should

6   legally grant it?

7        MS. HIXON:  Yes, Your Honor.  I have reviewed

8   the case law, and it is correct.

9        THE COURT:  And I don't want to just -- I rely

10  on the lawyers to give me -- to tell me, you know,

11  what their thoughts are on this, and so it's just

12  not no objection.  In fact, you think it's the

13  appropriate thing to do; is that correct?

14        MS. HIXON:  Yes, Your Honor.

15        THE COURT:  Okay.  I'm going to grant the

16  continuance.

17        I do know that Mr. Brooks has indicated he may

18  want to represent himself after we have concluded,

19  but what he has demonstrated in court shows that

20  he's not competent to represent himself.  When I

21  say that, interrupting me and speaking

22  spontaneously in court implies that he would not be

23  competent under Ferrata to represent himself.

24  However, that can certainly be taken up after we've

25  had the evaluation.

1        I'm going to pass this -- I'm not going to let

2    this case sit out there.  I want him to be able to

3    have his trial just as soon as he can possibly have

4    his trial, so I'm going to set the case for final

5    pretrial for February 4th and jury selection on

6    February 11th.

7        MS. HIXON:  Your Honor, I do believe we would

8    need an intervening date since this suggestion of

9    incompetence is --

10       THE COURT:  If we get back our report -- on

11   the final pretrial date, we'll have a report and

12   we'll know what to do at that time.

13       Alternatively, if you want to get it on the

14   calendar, I'm confident that won't be a problem.

15   I'm trying to give enough time -- let me tell you

16   what my experience has been is that these doctors

17   are not -- that's about as close as I can shave it

18   and think that the doctors are actually going to

19   have a report back for us to take into

20   consideration, so that's what I'm trying to do

21   there.

22       Thank you very much.

23       (The proceedings concluded at 10:40 a.m.)

24                   -  -  -

25

9

```
 1                    CERTIFICATE OF REPORTER
 2
 3   STATE OF FLORIDA)
 4   COUNTY OF DUVAL )
 5
 6        I, Heidi Fabrikant, Court Reporter, do hereby
 7   certify that I was authorized to and did report the
 8   foregoing proceedings, and that the transcript, pages 1
 9   through 8, is a true and correct record of my
10   stenographic notes.
11
12        Dated this 30th day of December, 2013.
13
14        _____
15        Heidi Fabrikant
          Court Reporter
16
17
18
19
20
21
22
23
24
25
```

Filing # 8698777 Electronically Filed 12/31/2013 10:52:47 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2012-CF-006884-AXXX
DIVISION: CR–E
DCA APPEAL NO. 1D13-1073

STATE OF FLORIDA,

v.

CLIFTON BROOKS.

---

### AMENDED NOTICE OF APPEAL

The Defendant takes and enters an appeal to the District Court of Appeal of Florida, First

District, to review the final Order of Judgment and Sentence entered the 27th day of February,

2013, by the Honorable Tatiana Salvador, Circuit Judge and all parties are called upon to take

notice of the entry of this appeal.

MATT SHIRK
PUBLIC DEFENDER

ELIZABETH H. WEBB
ASSISTANT PUBLIC DEFENDER
407 North Laura Street
Jacksonville, FL 32202
(904) 255-4727
FLORIDA BAR NO.: 0853089
Primary Email:
PD4DuvalAppeal@Coj.Net
Secondary email: ehw@pd4.coj.net

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered,

by hand, to the Office of the State Attorney representing the State of Florida and, electronically,

to the Office of the Attorney General, representing the State of Florida, this 31st day of

December, 2013.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO: 16 2012 CF 006884

STATE OF FLORIDA,
        Plaintiff,

VS.

CLIFTON BROOKS
        Defendant.

```
┌─────────────────────────┐
│      FILED              │
│    JAN - 7 2014         │
│   [signature]          │
│  CLERK CIRCUIT COURT    │
└─────────────────────────┘
```

## AFFIDAVIT

Comes now, Official Court Reporters, Inc., and states as follows:   The court
reporter's stenographic notes for the dates of 5/19/04 and 12/22/04 are no longer
available as per Judicial Administration Rule 2.075 (e)(2.3):   court reporter's
notes are kept for a period of ten (10) years for a felony case and five (5) years for
a misdemeanor case.  After that time, the court reporter's records are no longer
available.

[signature]

Official Reporters, Inc.
201 E. Adams Street
Jacksonville, FL 32202
Telephone:  (904) 358-2090
Fax: (904) 358-0062

1

1                  IN THE CIRCUIT COURT OF THE
                  FOURTH JUDICIAL CIRCUIT, IN
2                  AND FOR DUVAL COUNTY, FLORIDA

3                  CASE NO.:  16-2012-CF-6884-AXXX-MA

4                  DIVISION:  CR-E/SAD

5

6   STATE OF FLORIDA

7         -vs-

8   CLIFTON MCNEIL BROOKS,

9         Defendant.

10  ————————————————————

11  STATE OF FLORIDA )

12  COUNTY OF DUVAL  )

13

14       PROCEEDINGS taken before the Honorable TYRIE A.

15  BOYER, Judge of the Circuit Court, Division CR-E, in

16  the Duval County Courthouse, Jacksonville, Florida, on

17  Tuesday, August 7, 2012, at 9:40 a.m., and as reported

18  by Colleen S. David, a Notary Public in and for the

19  State of Florida at Large and Court Reporter.

20

21

22

23             OFFICIAL REPORTERS, INC.
24             201 EAST ADAMS STREET
             JACKSONVILLE, FL 32202
25             (904) 358-2090

**FILED**

JAN 06 2014

CLERK CIRCUIT COURT

```
 1  APPEARANCES:

 2          ANNA E. HIXON, Esquire,
                    and
 3          SANDRA ROSENDALE, Esquire,
                Assistant State Attorneys, appearing on
 4              behalf of the State of Florida.

 5          TODD NIEMCZYK, Esquire,
                Assistant Public Defender, appearing
 6              on behalf of the Defendant.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                   P R O C E E D I N G S
 2   August 7, 2013                           9:40 a.m.
 3           THE COURT:  Clifton Brooks.  Anybody know
 4   where Ms. Hixon is?
 5           MS. ROSENDALE:  Your Honor, she had to run up
 6   to Division CR-I.  She'll be right back.
 7           THE COURT:  She did?
 8           MS. ROSENDALE:  Yes, sir.  I can stand in for
 9   arraignment.
10           MR. NIEMCZYK:  Todd Niemczyk on behalf of
11   Mr. Brooks.  Ms. Hixon gave me discovery, so I'm in
12   receipt of that.
13           THE COURT:  Okay.
14           MR. NIEMCZYK:  I will shortly be in receipt of
15   the information, and when I am, I'll waive formal
16   reading, reserving the right to attack the legal
17   sufficiency at a later date, and enter a plea of
18   not guilty, request a pretrial.
19           THE COURT:  Mr. Brooks.
20           MS. HIXON:  Sorry, Judge.  I had to go to
21   another courtroom.
22           THE COURT:  Oh, for crying out loud.
23           MS. HIXON:  Sorry, Judge.
24           THE COURT:  Okay.  What are we doing?
25           MR. NIEMCZYK:  Enter a plea of not guilty,
```

1          Judge, and request a pretrial date.

2              THE COURT:  We'll pass it to 8/28 for a

3      pretrial.  Thank you very much.

4              (Proceedings concluded at 9:42 a.m.)

5                          - - -

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              C E R T I F I C A T E

 2

 3    STATE OF FLORIDA )

 4    COUNTY OF DUVAL  )

 5

 6         I, Colleen S. David, Court Reporter, certify

 7    that I was authorized to and did stenographically

 8    report the foregoing proceedings and that the

 9    transcript is a true and complete record of my

10    stenographic notes.

11         DATED this 6ᵗ day of January , 2014.

12

13

14

15                    _____
                          COLLEEN S. DAVID
16

17

18

19

20

21

22

23

24

25
```

1

IN THE CIRCUIT COURT,
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY, FLORIDA

**CASE NO.:   16-2012-CF-006884-AXXX-MA**

DIVISION:   CR-E

STATE OF FLORIDA

    -VS-

**CLIFTON BROOKS,**

       Defendant.

_____



FILED

FEB 1 0 2014

CLERK CIRCUIT COURT

      PROCEEDINGS taken on **Tuesday, October 2, 2012,**
before **The Honorable Tyrie W. Boyer,** Judge of the
Circuit Court, Division CR-E, in the Duval County
Courthouse, Jacksonville, Florida, and as reported by
Jayne McCully, FPR, Court Reporter and Notary Public in
and for the State of Florida at Large.

          - - -

2

APPEARANCES:

**ANNA EILEEN HIXON, Esquire,**

      Appearing on behalf of the State.

**DARCY GALNOR, Esquire,**

      Appearing on behalf of the Defendant.

1                    P R O C E E D I N G S

2    October 2, 2012                          9:15 a.m.

3              MS. HIXON:  Your Honor, I think Clifton...

4              Do you have Clifton Brooks back there?

5              Mr. Clifton Brooks is in the same position

6        with Ms. Galnor.

7              Clifton Brooks is at the bottom of page one,

8        Clifton Brooks.

9              MS. HIXON:  And, Your Honor, he is in the same

10       position as Edward Brooks.

11             THE COURT:  This is going to be passed, 11-26,

12       for motion deadlines.

13             MS. HIXON:  You gave 11-27.

14             THE COURT:  11-27.

15             MS. HIXON:  Thank you, Judge.

16             THE COURT:  Thank you.

17             (The proceedings were concluded at 9:15 a.m.)

18                       -  -  -

19

20

21

22

23

24

25

4

## COURT CERTIFICATE

STATE OF FLORIDA)
              )
COUNTY OF DUVAL )


       I, Jayne McCully, Professional Court Reporter, certify that I was authorized to and did stenographically report the foregoing proceedings and that the transcript is a true and complete record of my stenographic notes.

       I further certify the original transcript herein will be delivered to the Appeal Department, Duval County Courthouse.

       DATED this 10th day of February 2014.


Jayne McCully
Notary Public, State of Florida
My Comm. expires June 16, 2014
Commission No. DD 992676

1                     IN THE CIRCUIT COURT OF THE
                        FOURTH JUDICIAL CIRCUIT, IN
2                     AND FOR DUVAL COUNTY, FLORIDA

3                     CASE NO.:   16-2012-CF-6884-AXXX-MA

4                     DIVISION:  CR-E/SAD

5

6  STATE OF FLORIDA

7       -vs-

8  CLIFTON MCNEIL BROOKS,

9       Defendant.

10  ————————————————————

11  STATE OF FLORIDA )

12  COUNTY OF DUVAL  )

13

14      PROCEEDINGS taken before the Honorable TYRIE A.

15  BOYER, Judge of the Circuit Court, Division CR-E, in

16  the Duval County Courthouse, Jacksonville, Florida, on

17  Tuesday, December 4, 2012, at 9:58 a.m., and as

18  reported by Colleen S. David, a Notary Public in and

19  for the State of Florida at Large and Court Reporter.

20

21

22

23                OFFICIAL REPORTERS, INC.
24                201 EAST ADAMS STREET
                 JACKSONVILLE, FL 32202
25                 (904) 358-2090

FILED
JAN 06 2014
CLERK CIRCUIT COURT

```
 1   APPEARANCES:

 2         ANNA E. HIXON, Esquire,
               Assistant State Attorney, appearing on
 3             behalf of the State of Florida.

 4         DARCY D. GALNOR, Esquire,
               Assistant Public Defender, appearing
 5             on behalf of the Defendant.

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2   December 4, 2012                            9:58 a.m.
 3            MS. HIXON:  Can I call Clifton Brooks, top of
 4       page 5.  And Your Honor, may Ms. Galnor and I
 5       approach briefly?
 6            THE COURT:  Yeah.
 7            (A discussion was held off the record.)
 8            MS. GALNOR:  Your Honor, Darcy Galnor on
 9       behalf of Mr. Brooks.  I filed a motion for
10       continuance and provided some case law.  Mr. Brooks
11       is in a position where he does not want to waive
12       his right to a speedy trial.  However, I am
13       unprepared for trial and cannot be adequately
14       prepared by --
15            THE DEFENDANT:  And at this time I request a
16       Ferrata hearing, and I'm asking Ms. Darcy remain my
17       number two chair to adopt my motions.
18            THE COURT:  And I'll listen to you,
19       Ms. Galnor.  I'm not going to have people having
20       outbursts in my courtroom.
21            THE DEFENDANT:  As long as it's on record.
22            MS. GALNOR:  Your Honor, I have provided some
23       case law to the Court that basically states that --
24       it's a First DCA case that basically states that a
25       continuance can be requested over the client's
```

```
 1      objection, therein waiving speedy trial, if I'm

 2      inadequately prepared.   I have done most of the

 3      depositions in this case, however, there are --

 4           THE DEFENDANT:   I ask for a Ferrata hearing.

 5           THE COURT:   Okay.   Now, this is the second

 6      time I've had an outburst by the defendant.   The

 7      defendant will be taken back into custody until we

 8      have a hearing date.   Thank you very much.   And the

 9      Court takes judicial notice that the defendant is

10      misbehaving in the courtroom.   I'll set this on the

11      calendar for Thursday, we'll see what can be

12      considered Thursday as it relates to inappropriate

13      behavior in my courtroom and any other matter.

14      Okay.

15           MS. GALNOR:   Thank you, Your Honor.   That's

16      the 6th?

17           THE COURT:   It's Thursday.

18           MS. HIXON:   Yes.

19           THE COURT:   At 10:00 a.m., thank you.

20           (Proceedings concluded at 10:03 a.m.)

21                        -  -  -

22

23

24

25
```

5

```
 1              C E R T I F I C A T E

 2

 3   STATE OF FLORIDA )

 4   COUNTY OF DUVAL  )

 5

 6         I, Colleen S. David, Court Reporter, certify

 7   that I was authorized to and did stenographically

 8   report the foregoing proceedings and that the

 9   transcript is a true and complete record of my

10   stenographic notes.

11         DATED this 6th day of January, 2014.

12

13

14

15                     _____
                        COLLEEN S. DAVID
16

17

18

19

20

21

22

23

24

25
```