IN THE UNTIED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLIFTON MCNEIL BROOKS,

      Petitioner.

v.

                                   CASE NO.  3:19-cv-787-MMH-MCR

MARK S. INCH, Secretary of the
Florida Department of Corrections
(FDC).

      Respondent.

# FDC'S EXHIBIT 20

## RECORD VOL 5
## DIRECT APPEAL - 1D13-1073

*213·1·19833*

# IN THE
# 1st District Court of Appeal
### TALLAHASSEE, FLORIDA

CASE NO.                     <u>16-2012-CF-006884-AXXX-MA</u>
<u>DIVISION CR-E</u>

APPEAL NO.                   <u>1D13-1073</u>

# NOT FOR PUBLIC DISCLOSURE

<u>CLIFTON MCNEIL BROOKS</u>     Appellant____,

VS

<u>STATE OF FLORIDA</u>          Appellee____,

RONNIE FUSSELL,
CLERK
OF THE CIRCUIT AND
COUNTY COURTS

# RECORD ON APPEAL

### <u>VOLUME 5 OF 5</u>

Appeal from the Circuit Court

Duval County, Florida

<u>BEFORE THE HONORABLE JUDGE TATIANA SALVADOR</u>



<u>PUBLIC DEFENDER</u>
FOR APPELLANT

<u>ATTORNEY GENERAL</u>
FOR APPELLEE

# NOT FOR PUBLIC DISCLOSURE

1                                IN THE CIRCUIT COURT, OF THE
                                 FOURTH JUDICIAL CIRCUIT, IN
2                                AND FOR DUVAL COUNTY, FLORIDA

3                                CASE NO.:  2012-CF-6884-AXXX-MA
                                 DIVISION:  CR-E
4

5    STATE OF FLORIDA,

6         vs.

7    CLIFTON McNEIL BROOKS,

8              Defendant.                  FILED

9    _____        FEB 1 0 2014

10                                        CLERK CIRCUIT COURT

11                        TRIAL PROCEEDINGS

12                            taken on

13                   Wednesday, February 13, 2013,

14   before the Honorable Tatiana Salvador, Judge of the

15   Circuit Court, in the Duval County Courthouse,

16   Jacksonville, Florida, as reported by Cindy M. Griffis,

17   Registered Professional Reporter.

18

19                            VOLUME II

20

21

22

23                    OFFICIAL REPORTERS, INC.
                      201 EAST ADAMS STREET
24                   Jacksonville, FL  32202
                        (904) 358-2090
25                          - - -

1  **APPEARANCES:**

2

3  **ANNA EILEEN HIXON, ESQUIRE, and**

4  **SANDRA ROSENDALE, ESQUIRE,**

5        **Assistant State Attorneys,**

6        **appearing on behalf of the State.**

7

8  **CLIFTON McNEIL BROOKS, pro se.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                    **-  -  -**

1                              I-N-D-E-X

2   <ins>PROCEEDINGS:</ins>                                     <ins>PAGE:</ins>

3   FEBRUARY 13, 2013 (WEDNESDAY) CONTINUED........... 204

4   CLOSING ARGUMENT BY MS. ROSENDALE CONTINUED....... 204

5   CLOSING ARGUMENT BY MR. BROOKS.................... 214

6   FINAL INSTRUCTIONS TO THE JURY ON THE LAW........ 216

7   JURY RETIRED TO DELIBERATE....................... 232

8   ALTERNATE JUROR EXCUSED.......................... 232

9   VERDICT.......................................... 235

10  JURY DISCHARGED.................................. 237

11  PASSED FOR SENTENCING............................ 239

12  COURT ADJOURNED.................................. 239

13  CERTIFICATE OF COURT REPORTER.................... 240

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              P-R-O-C-E-E-D-I-N-G-S

 2                    (CONTINUED)

 3    February 13, 2013                    Wednesday

 4                    - - -

 5         MS. ROSENDALE:  Element No. 1. ███████ was

 6    less than 12 years of age.  Now, ladies and

 7    gentlemen, in the Information the State alleges

 8    that this incident occurred between January 3rd of

 9    2003 and January 2nd of 2005.  ███████ herself told

10    you that her date of birth was 1/3 of 1996, so that

11    would put her between the ages of seven and eight,

12    because January 2nd of 2005, would be the day just

13    before her ninth birthday.  So I submit to you that

14    the State has proved that she was between seven and

15    eight years old at the time of the alleged offense.

16         No. 2.  Clifton McNeil Brooks committed an act

17    upon ████████████ in which the anus of ███████

18    ████████ was penetrated by an object.  Now, let's

19    talk about that.  ███████ came and told you -- she

20    sat on that stand -- she had to pause for a moment

21    to bring back the painful memory of what that

22    defendant did to her when she was between seven and

23    eight years of age.

24         If you will remember, ███████ told you that

25    she was attempting to go to sleep in her bedroom,
```

1   she was with her twin brother, who was laying

2   beside her, she was trying to go to sleep, she felt

3   something touch her rump, her anus, and she felt

4   something go inside of it.  Now, she did not know

04:02PM   5   what that object was, but she knew that something

6   went inside of her anus, and when she turned

7   around, who did she see?        told you that she

8   saw that defendant, Clifton Brooks, behind her.

9        We also heard testimony from Detective

04:02PM   10   Collins, and on cross-examination the defendant

11   asked Detective Collins if he had spoken with

12                         Yes, she did.  He then asked her,

13   What did        tell you?  And Detective Collins

14   told him, She told me that you penetrated her anus.

04:02PM   15   So you heard it from two witnesses.  You heard it

16   from        , who was there, and you heard it from

17   Detective Collins from what        told her when

18   she reported it.  I submit to you that the State

19   has proven element No. 2.

04:03PM   20        Element No. 3.  Clifton McNeil Brooks was 18

21   years of age or older at the time of the sexual

22   battery.  Well, ladies and gentlemen, if you

23   recall, I asked Detective Collins that when she

24   spoke with the defendant if he provided her a date

25   of birth, to which she said, Yes.  We refreshed her

1    recollection with her report, and she stated that

2    it was 11/5 of '73.  Again, doing the math, that

3    puts him between 31 and 32 years of age in 2003 to

4    2005 when this incident occurred.  Well over the

04:03PM    5    age of 18.  I submit to you the State has proven

6    element No. 3 beyond and to the exclusion of every

7    reasonable doubt.

8         As to Count 2, the lewd or lascivious

9    molestation.  To prove the crime of lewd or

04:04PM    10   lascivious molestation, the State must prove the

11   following three elements beyond a reasonable doubt:

12        The first one, ███████ was less than 12 years

13   of age.  Same thing again here, her date of birth

14   is 1/3/96.  In the Information the State alleged

04:04PM    15   that Count 2 occurred between January 3rd of 2004

16   and January 2nd of 2005.  That would place ███████

17   at eight years of age and just before her ninth

18   birthday.

19        Count 2.  Clifton McNeil -- or, excuse me,

04:04PM    20   Count 2, No. 2.  Clifton McNeil Brooks

21   intentionally touched in a lewd or lascivious

22   manner the breasts, genitals, genital area, or

23   buttocks, or the clothing covering them of ███████

24   ███████.

04:__PM    25        Now, ladies and gentlemen, I want to remind

1   you of Shantell Harris.  Shantell Harris was the

2   fiance of Clifton Brooks.  She came in here and

3   took the stand and she told you about an incident

4   that she observed.  She actually told you about

04:05PM   5   two.  The first incident that she told you about

6   was that defendant tickling ███████ when she was

7   eight years old on her legs and moving up to her

8   vaginal area and then tickling her on her breasts.

9        The second incident that she told you about

04:05PM   10   was when ███████ again was in her bedroom asleep

11   with her twin brother, and that defendant kept

12   getting up in the middle of the night.  And she

13   explained that they were sleeping in the master

14   bedroom and the kids were in the other bedroom but

04:05PM   15   there was a connecting bathroom in between.  She

16   told you he kept getting up and saying he will had

17   to go to the bathroom.  Well, the third time she

18   was wondering what was going on, so she gets up,

19   and what did she tell you that she saw?  She told

04:06PM   20   you that she saw that defendant with his hand

21   underneath the covers by ███████.  She startled him

22   and asked him, What are you doing?  And what did

23   she tell you that he said?  He was looking for the

24   remote control.  Now, where was the remote control?

25   She testified earlier the remote control was on the

1       dresser where that defendant had left it.  So why

2       would he be looking for a remote control underneath

3       the covers of an eight year old little girl when he

4       was the one that placed the remote control on the

04:06PM   5   dresser to begin with?

6           And on cross-examination, when the defendant

7       was talking to Shantell Harris, he asked her to go

8       through and explain what she had seen, and she did.

9       Her story didn't change, it was the same.  She told

04:07PM  10   the defendant that she thought their relationship

11      was inappropriate.  You heard that come from

12      Detective Collins when the defendant cross-examined

13      Detective Collins about what Shantell told her.

14      Detective Collins stated that Shantell told her

04:07PM  15   that the relationship was inappropriate.  Ladies

16      and gentlemen, I submit to you, the State has

17      proved Count 2 beyond and to the exclusion of a

18      reasonable doubt.

19          Now, as to Count 3 -- excuse me, Count 2, No.

04:08PM  20   3.  I apologize.  Clifton McNeil Brooks was 18

21      years of older at the time of the event.  Again,

22      Detective Collins asked him his date of birth.  His

23      date of birth is 11/5 of '73.  At the time of this

24      incident that would have made the defendant well

25      over the age of 18 and in his thirties.

1 Now, lewd or lascivious, they mean the same

2 thing, and they mean a wicked, lustful, unchaste,

3 licentious, or sensual intent on the part of the

4 person doing the act.  Now, again, think back to

04:08PM 5 Shantell's testimony.  She told you that the

6 defendant was tickling ███████ on her vagina and on

7 her breasts, between her legs, when she was eight

8 years old, and she confronted the defendant, told

9 him, You don't tickle little girls there.  And what

04:09PM 10 did the defendant say to her?  She likes it.  She

11 likes it.  In fact, we heard testimony that when

12 Shantell did confront the defendant, he pistol

13 whipped her.  He was going to show her.

14 Reasonable doubt.  Let me first start out by

04:09PM 15 telling you what a reasonable doubt is not.  It's

16 not a mere possible doubt, it's not a speculative

17 doubt, it's not an imaginary doubt, and it's not a

18 forced doubt.  Reasonable doubt can sometimes be a

19 difficult concept.  It sounds like two an easy --

04:09PM 20 two easy words, reasonable and doubt.  I like to

21 use hypothetical that kind of helps explain

22 reasonable doubt.

23 If you hear on the news that there is an 85

24 percent chance of rain on a particular evening, and

25 you walk out the next morning, your grass is wet,

1   all of the cars are wet, you can see everything wet

2   for miles around you, it's reasonable that it

3   rained that night.  However, if you're told that

4   there is an 85 percent chance of rain, you walk

04:10PM   5   outside, again, everything is wet and someone tells

6   you, No, it's wet because a Zephyrhills truck

7   exploded.  Is it possible?  Sure, it's possible.

8   Ladies and gentlemen, anything is possible.  But

9   the question is, is it reasonable?

04:10PM   10   And, now, reasonable doubt only applies to the

11   elements that we just talked about.  It doesn't

12   apply to any other testimony, it applies only to

13   the elements and the testimony that you heard that

14   relates to those elements.

04:11PM   15   It is to the evidence introduced in this

16   trial, and to it alone, that you are to look for

17   that proof.  A reasonable doubt as to the guilt of

18   the defendant may arise from the evidence, conflict

19   in the evidence, or the lack of evidence.

04:11PM   20   Now, let's talk about weighing the evidence.

21   It is up to you to decide what evidence you heard

22   here today is reliable.  You should use your common

23   sense.  And, ladies and gentlemen, everyone has

24   common sense.  You also should decide which

25   evidence should not be relied upon in considering

1    your verdict.

2        Did the witness seem to have an opportunity to

3    see and know the things about which the witness

4    testified?  Let's start with ███████.  Did ███████

04:12PM    5    have knowledge about what happened to her?  Of

6    course she did, she was there.  She told you what

7    happened to her when she was eight years old.  Then

8    we have Shantell Harris, she told you what she

9    observed, not on one occasion, but on two

04:12PM   10    occasions.  We also heard testimony as to what

11    happened to her after she confronted that

12    defendant.  Did she -- was she able to testify as

13    to what she knew?  Yes.   .

14        Then we have Detective Collins.  Detective

04:12PM   15    Collins told you her role in investigating this.

16    She told you her role in developing the case

17    speaking to the other witnesses and learning

18    initial information before ever charging that

19    defendant with these crimes.  She had knowledge of

04:13PM   20    what she was talking about.

21        ██████ -- ████████████, you heard her testimony.

22    You heard her testify that when she went to that

23    Wal-Mart with that defendant that he touched her in

24    her vaginal area, touched her on her chest, had a

25    gun with him, told him (sic), If you tell, I may

1    hurt somebody.  Did she have knowledge?

2    Absolutely, she was there.

3         And then we heard testimony from ████████

4    ████████████   about her experience of what that

04:13PM   5    defendant did to her when she was 12.  Does she

6    have first hand knowledge of that experience?  Yes,

7    she was there.

8         Did the witness seem to have an accurate

9    memory?  I would submit to you, yes.   ██████   is

04:14PM   10   now 17 years old, this happened quite sometime ago,

11   but she was able to remember with vivid detail what

12   that defendant did to her, penetrating her anus,

13   and she told you exactly what happened.

14        Shantell Harris, again, it happened quite

04:14PM   15   sometime ago.  She was able to recall everything in

16   detail as to what she saw that defendant do on both

17   instances.

18        Detective Collins, she was able to remember

19   the details of the investigation, with the

04:14PM   20   exception of the defendant's date of birth.  Sure,

21   her recollection had to be refreshed.

22        Then we had ████████████  ████████████ it

23   happened a while ago, but she was able to recall in

24   great detail the events that that defendant put her

25   through.

1          And, finally, ███████████          She

2    remembered.  She's in her twenties now, and she

3    remembers vividly what happened to her at the hands

4    of that defendant.

04:15PM    5          So, ladies and gentlemen, I submit to you that

6    the witnesses that you heard today had very

7    accurate memories of what happened to them.

8          Was the witness honest and straightforward in

9    answering the attorneys' questions?  There were no

04:15PM   10    problems there, they were honest and

11    straightforward in answering the attorneys'

12    questions as well as Mr. Brooks' questions.

13          Did the witness have some interest in how the

14    case should be decided?  Does ██████  have an

04:15PM   15    interest in this case?  Yes.  But what is that

16    interest?  That interest is to see that justice is

17    served.

18          Does Shantell Harris have an interest in how

19    the case is decided?  Yes, to see that justice is

04:16PM   20    served.

21          ██████████  same thing, that justice is

22    served.

23          And ███████████  that justice is served.

24          Detective Collins, she has no interest in this

25    case.  Why?  Because she's doing her job, ladies

1        **and gentlemen.  She does it every day.**

2            **Does the witness' testimony agree with the**

3        **other evidence and other testimony in the case?**

4        **Again, I would remind you of          s and what**

04:16PM  5  **Detective Collins testified to that          told**

6        **her.  The same thing.  I would remind you of**

7        **Shantell's testimony, and Detective Collins, when**

8        **asked on cross-examination what Shantell told her**

9        **was the same thing.**

04:17PM  10    **All of the testimony that you heard here today**

11       **has been consistent.  There were no inconsistencies**

12       **in the testimony.**

13           **Now, ladies and gentlemen, Ms. Hixon told you**

14       **during opening statements that at the end of this**

04:17PM  15  **trial, after you have heard all of the evidence,**

16       **that we would be asking you to return a verdict of**

17       **guilty, and that's what I'm asking you to do here**

18       **today.  I am asking for justice for       .  I am**

19       **asking for justice and that you find that defendant**

04:17PM  20  **guilty as charged.**

21           **Thank you.**

22           **THE COURT:  Thank you.**

23           **Mr. Brooks, you may proceed.**

24           **MR. BROOKS:  Thank you, Your Honor.**

PM  25       **Everyone, at this time I would like to thank**

1      you for taking out your busy schedules to come and

2      hear my case.  And I hope that you-all have a safe

3      trip home and you-all will be all right.

4              Thank you.

04:18PM    5              I'm done, Your Honor.

6              THE COURT:  Is that it?

7              MR. BROOKS:  Yes, ma'am.

8              THE COURT:  All right.  State, any rebuttal?

9              MS. HIXON:  Your Honor, I don't know that we

04:18PM   10      would be entitled to rebut.

11              THE COURT:  There is not much to rebut.

12              MS. HIXON:  Yes, Your Honor.

13              THE COURT:  Okay.  All right.  Thank you.

14              All right, ladies and gentlemen of the jury,

04:18PM   15      you have now heard and seen all the evidence which

16      will be produced in this case.

17              You have now listened carefully to the

18      arguments of the attorneys as well as Mr. Brooks.

19              And I'm now going to direct attention to the

04:19PM   20      second part of the instructions that I'm required

21      to give and which I remind you you are required to

22      follow.

23              Do we have a bailiff to assist?

24              THE BAILIFF:  Yes, ma'am, I will do it.

ᴸ   ᴾM    25              THE COURT:  For your convenience and ease, as

1    I read, you will see the jury instructions appear

2    on the monitors before you, but so that you know,

3    you will go back to the jury room with a hard copy

4    of the instructions as well.

04:19PM    5    All right.  You may begin scrolling, Officer

6    Coletti.

7    Members of the jury, I thank you for your

8    attention during this trial.

9    Please pay attention to the instructions that

04:19PM   10    I am about to give you.

11    Clifton McNeil Brooks, the defendant in this

12    case, has been accused of the crimes of sexual

13    battery and lewd or lascivious molestation.

14    To prove the crime of sexual battery upon a

04:20PM   15    person less than 12 years of age, the State must

16    prove the following three elements beyond a

17    reasonable doubt:

18    No. 1.  J. M., which stand for ███████

19    ███████, was less than 12 years of age.

04:20PM   20    No. 2.  Clifton McNeil Brooks committed an act

21    upon ███████████ in which the anus of ███████

22    ███████ was penetrated by an object.

23    No. 3.  Clifton McNeil Brooks was 18 years of

24    age or older at the time of the sexual battery.

25    Union means contact.

1          **In considering the evidence, you should**

2          **consider the possibility that although the evidence**

3          **may not convince you that the defendant committed**

4          **the main crimes of which he is accused, there may**

04:16PM   5          **be evidence that he committed other acts that would**

6          **constitute a lesser included crime.  Therefore, if**

7          **you decide that the main accusation has not been**

8          **proved beyond a reasonable doubt, you will next**

9          **need to decide if the defendant is guilty of any**

04:16PM   10         **lesser included crime.  The lesser included crimes**

11         **indicated in the definition of a sexual battery**

12         **are:  Attempted sexual battery, and battery.**

13              **To prove the lesser crime of attempted sexual**

14         **battery upon a person less than 12 years of age,**

04:21PM   15         **the State must prove the following two elements**

16         **beyond a reasonable doubt:**

17              **No. 1.  Clifton McNeil Brooks did some acts**

18         **toward committing the crime of sexual battery upon**

19         **a person less than 12 years of age that went beyond**

04:21PM   20         **just thinking or talking about it.**

21              **No. 2.  He would have committed the crime**

22         **except that someone prevented him from committing**

23         **the crime of sexual battery upon a person less than**

24         **12 years ago of age, or he failed.**

.PM   25              **It is not an attempt to commit sexual battery**

upon a person less than 12 years of age if the

defendant abandoned his attempt to commit the

offense or otherwise prevented its commission under

circumstances indicating a complete and voluntary

04:22PM     renunciation of his criminal purpose.

To prove the lesser included crime of battery,

the State must prove the following one element

beyond a reasonable doubt:

And that is that Clifton McNeil Brooks

04:22PM     intentionally touched or struck ▮▮▮▮▮  ▮▮▮▮▮▮

against her will, or intentionally caused bodily

harm to ▮▮▮▮▮▮

Now, as to Count 2, to prove the crime of lewd

or lascivious molestation, the State must prove the

04:22PM     following three elements beyond a reasonable doubt:

No. 1.  ▮▮▮▮▮▮▮▮▮  was less than 12 years

of age.

No. 2.  Clifton McNeil Brooks intentionally

touched in a lewd or lascivious manner the breasts,

04:22PM     genitals, genital area, or buttocks, or the

clothing covering them of ▮▮▮▮▮▮▮

No. 3.  Clifton McNeil Brooks was 18 years of

age or older at the time of the offense.

The words lewd and lascivious mean the same

04:   3PM     thing and mean a wicked, lustful, unchaste,

1        licentious, or sensual intent on the part of the

2        person doing the act.

3               Neither ███████████ lack of chastity nor

4        consent is a defense to the crime charged.

04:23PM  5        The defendant's ignorance of victim's age,

6        victim's misrepresentation of her age, or the

7        defendant's bona fide belief of ███████████

8        age is not a defense to the crime charged.

9               In considering the evidence, you should

04:16PM 10       consider the possibility that although the evidence

11       may not convince you that the defendant committed

12       the main crimes of which he is accused in Count 2,

13       there may be evidence that he committed other acts

14       that would constitute a lesser included crime.

04:16PM 15       Therefore, if you decide that the main accusation

16       has not been proved beyond a reasonable doubt, you

17       will next need to decide if the defendant is guilty

18       of any lesser included crime.  The lesser indicated

19       in the definition of lewd or lascivious molestation

04:16PM 20       is:  Battery.

21               To prove the lesser included crime of battery,

22       the State must prove the following element beyond a

23       reasonable doubt:

24               No. 1.  Clifton McNeil Brooks intentionally

PM 25    touched ███████████ against her will, or

1    intentionally cautioned bodily harm to ███████

2    ██████ .

3         As to Count 1, the State must prove that the

4    crime was committed on or between January 3, 2003

04:24PM  5    and January 2, 2005.

6         As to Count 2, the State must prove the crime

7    was committed on or about January 3, 2004 and

8    January 2, 2005.

9         It must be proved, only to a reasonable

04:24PM  10   certainty, that the alleged crimes were committed

11   in Duval County.

12        Now, the defendant has entered a plea of not

13   guilty.  This means you must presume or believe the

14   defendant is innocent.  The presumption stays with

03:00PM  15   the defendant as to each material allegation in the

16   Information through each stage of the trial unless

17   it has been overcome by evidence to the exclusion

18   of and beyond a reasonable doubt.

19        To overcome the defendant's presumption of

03:00PM  20   innocence the State has the burden of proving the

21   crime with which the defendant is charged was

22   committed and the defendant is the person who

23   committed the crime.

24        The defendant is not required to present

ι  JPM  25   evidence or prove anything.

1    Whenever the words reasonable doubt are used,

2  you must consider the following:

3    A reasonable doubt is not a mere possible

4  doubt, a speculative, imaginary or forced doubt.

03:00PM 5  Such a doubt must not influence you to return a

6  verdict of not guilty if you have an abiding

7  conviction of guilt.  On the other hand, if, after

8  carefully considering, comparing and weighing all

9  the evidence, there is not an abiding conviction of

03:01PM 10  guilt, or, if, having a conviction, it is one which

11  is not stable but one which wavers and vacillates,

12  then the charge is not proved beyond every

13  reasonable doubt and you must find the defendant

14  not guilty because the doubt is reasonable.

03:01PM 15   It is to the evidence introduced in this

16  trial, and to it alone, that you are to look for

17  that proof.

18    A reasonable doubt as to the guilt of the

19  defendant may arise from the evidence, conflict in

03:01PM 20  the evidence or the lack of evidence.

21   If you have a reasonable doubt, you should

22  find the defendant not guilty.  If you have no

23  reasonable doubt, you should find the defendant

24  guilty.

ᴸ ᴶPM 25   It is up to you to decide what evidence is

reliable.  You should use your common sense in deciding which is the best evidence, and which evidence should not be relied upon in considering your verdict.  You may find some of the evidence not reliable, or less reliable than other evidence.

You should consider how the witnesses acted as well as what they said.  Some things you should consider are:

No. 1.  Did the witness seem to have an opportunity to see and know the things about which the witness testified?

No. 2.  Did the witness seem to have an accurate memory?

No. 3.  Was the witness honest and straightforward in answering the attorneys' or Mr. Brooks' questions?

No. 4.  Did the witness have some interest in how the case should be decided?

No. 5.  Does the witness' testimony agree with the other testimony and other evidence in the case?

No. 6.  Had any pressure or threat been used against the witness that affected the truth of the witness' testimony?

And, No. 7.  Did the witness at some other time make a statement that is inconsistent with the

1      testimony he or she gave in court?

2          It is entirely proper for a lawyer to talk to

3      a witness about what testimony the witness would

4      give if called to the courtroom.  The witness

04:27PM   5      should not be discredited by talking to a lawyer

6      about his or her testimony.

7          You may rely upon your own conclusion about

8      the witness.  The juror -- any juror may believe or

9      disbelieve all or any part of the evidence or the

04:28PM   10      testimony of any witness.

11          The constitution requires the State to prove

12      its accusations against the defendant.  It is not

13      necessary for the defendant to disprove anything.

14      Nor is the defendant required to prove his

04:28PM   15      innocence.  It is up to the State to prove the

16      defendant's guilt by evidence.

17          The defendant exercised a fundamental right by

18      choosing not to be a witness in this case.  You

19      must not view this as an admission of guilt or be

04:28PM   20      influenced in any way by his decision.  No juror

21      should ever by concerned that the defendant did or

22      did not take the witness stand to give testimony in

23      the case.

24          These are some general rules that apply to

25      your discussion.  You must follow these rules in

1       order to return a lawful verdict.

2           1.   You must follow the law as it is set out

3       in these instructions.  If you fail to follow the

4       law, your verdict will be a miscarriage of justice.

5       There is no reason for failing to follow the law in

6       this case.  All of us are depending upon you to

7       make a wise and legal decision in this matter.

8           2.   The case must be decided only upon the

9       evidence that you have heard from the testimony of

10      the witnesses, have seen in the form of the

11      exhibits in evidence, and these instructions.

12          3.   This case must not be decided for or

13      against anyone because you feel sorry for anyone,

14      or are angry at anyone.

15          4.   Remember, the lawyers are not on trial.

16      Your feelings about them should not influence your

17      decision in this case.

18          5.   Your duty is to determine if the defendant

19      has been proven guilty or not, in accord with the

03:04PM  20      law.  It is the judge's job to determine a proper

21      sentence if the defendant is found guilty.

22          6.   Whatever verdict you render must be

23      unanimous, that is, each juror must agree to the

24      same verdict.

25          7.   Your verdict should not be influenced by

feelings of prejudice, bias or sympathy.  Your

verdict must based on the evidence, and on the law

contained in these instructions.

Now, a statement claimed to have been made by

04:54PM the defendant outside of court has been placed

before you.  Such a statement should always be

considered with caution and be weighed with great

care to make certain it was freely and voluntarily

made.

04:54PM Therefore, you must determine from the

evidence that the defendant's alleged statement was

knowingly, voluntarily and freely made.

In making this statement (sic), you should

consider the total circumstances, including but not

04:54PM limited to:

1.   Whether, when the defendant made the

statement, he had been threatened in order to get

him to make it, and

2.   Whether anyone had promised him anything

04:55PM in order to get him to make it.

If you conclude the defendant's out of court

statement was not freely and voluntarily made, you

should disregard it.

The evidence which has been admitted to show

04:55PM -- evidence has been admitted to show other crimes,

wrongs, or acts allegedly committed by the
defendant will be considered by you only as that
evidence relates to proof of motive, opportunity,
intent, preparation, plan, knowledge, identity, the
absence of mistake or accident on the part of the
defendant.

The defendant cannot be convicted for a crime,
wrong, or act that is not included in the
Information.

Deciding a verdict is exclusively your job.  I
cannot participate in that decision in any way.
Please disregard anything I may have said or done
that made you think I preferred one verdict over
another.

During this trial, I have permitted you to
take notes.  You will be allowed to take those
notes into the jury room during your deliberations.
You are instructed that your notes are a tool to
aid your individual memory.  You should not compare
your notes with those of other jurors in
determining the content of any testimony or in
evaluating the importance of any evidence.  Notes
are for the note taker's personal use in refreshing
his or her recollection of the evidence.  They are
not evidence.  Above all, your memory should be

1          **your greatest asset in your recollection of the**

2          **evidence.**

3              **Now, you may find the defendant guilty as**

4          **charged in the Information or guilty of such lesser**

04:27PM   5    **included crime as the evidence may justify or not**

6          **guilty.**

7              **If you return a verdict of guilty, it should**

8          **be for the highest offense which has been proven**

9          **beyond a reasonable doubt.  If you find that no**

04:27PM  10    **offense has been proven beyond a reasonable doubt,**

11         **then, of course, your verdict must be not guilty.**

12             **Only one verdict may be returned as to each**

13         **crime charged.  This verdict must be unanimous;**

14         **that is, all of you must agree to the same verdict.**

04:27PM  15    **The verdict must be in writing and for your**

16         **convenience the necessary verdict forms have been**

17         **prepared for you.  They are as follows:**

18             **You have two separate sheets.  The first one**

19         **says, "Count I - Verdict."**

04:33PM  20             **I think if you scroll to the end Officer**

21         **Colletti, it should be on the screen.**

22             **Thank you, there you go.**

23             **Count I - Verdict reads:**

24             **"State of Florida vs. Clifton McNeil Brooks."**

04:  PM  25             **The first option:  "We, the jury, find the**

1   defendant guilty of battery, as charged in the

2   Information."  If that is your unanimous verdict,

3   you would mark the line immediately to the left of

4   that statement.

04:33PM   5   The second option is, "We, the jury, find the

6   defendant guilty of attempted sexual battery, a

7   lesser included offense."  If that is your

8   unanimous verdict, you would mark on the line to

9   left of that statement.

04:33PM  10   The third option is, "We, the jury, find the

11   defendant guilty of battery, a lesser included

12   offense."  If that is your unanimous verdict, you

13   would mark the line immediately to the left of that

14   statement.

04:34PM  15   And the fourth option is, "We, the jury, find

16   the defendant not guilty."  If that is your

17   unanimous verdict, you would mark on the line

18   immediately to the left of that statement.

19   "So say we all.

04:34PM  20   "Done at Jacksonville, Duval County, Florida."

21   And there is a line for the foreperson to sign

22   and for the foreperson to date Count 1 verdict

23   form.

24   Likewise, you have a verdict form for Count 2.

.PM  25   There are three options.  The first is, "We, the

jury, find the defendant guilty of lewd or

lascivious molestation, as charged in the

Information."  If that is your unanimous verdict,

you would mark on the line to the left of that

04:34PM    statement.

The second option is, "We, the jury, find the

defendant guilty of batter, a lesser included

offense."  If that is your unanimous verdict, you

mark on the line to the left of that statement.

04:34PM    The last option is, "We, the jury, find the

defendant not guilty."  If that is your unanimous

verdict, you would mark on the line immediately to

the left of that statement.

"So say we all.

04:35PM    "Done at Jacksonville, Duval County, Florida.

And, again, a line for the foreperson to sign

and date the verdict forms.

A separate crime is charged in each count of

the Information and while they have been tried

together each crime and the evidence applicable to

it must be considered separately and a separate

verdict returned as to each.  A finding of not

guilty -- a finding of guilty or not guilty as to

one crime must not affect your verdict as to the

other crimes charged.

1         In just a few moments you will be taken to the

2    jury room by the bailiff.  The first thing you

3    should do is choose a foreperson who will preside

4    over your deliberations.  The foreperson should see

03:06PM   5    to it that your discussions are carried on in an

6    organized way and that everyone has a fair chance

7    to be heard.  It is also the foreperson's job to

8    sign and date the verdict form when all of you have

9    agreed on a verdict and to bring the verdict forms

03:07PM  10    back to the courtroom when you return.

11        During deliberations, jurors must communicate

12   about the case only with one another and only when

13   all jurors are present in the jury room.  You are

14   not to communicate with any person outside the jury

15   about this case.  Until you have reached a verdict,

16   you must not talk about this case in person or

17   through the telephone, writing, or electronic

18   communication, such as a blog, twitter, e-mail,

19   text message, or any other means.  Do not contact

20   anyone to assist you during deliberations.  These

21   communications rules apply until I discharge you at

22   the end of the case.  If you become aware of any

23   violation of these instructions or any other

24   instruction I have given in this case, you must

25   tell me by giving a note to the bailiff.

1       If you need to communicate with me, send a

2   note through the bailiff, signed by the foreperson.

3   If you have questions, I will talk to the attorneys

4   and Mr. Brooks before I answer, so it may take some

5   time, but you may continue your deliberations while

6   you wait for my answer.  I will answer any

7   questions, if I can, in writing or orally here in

8   open court.

9       Your verdict finding the defendant either

03:07PM  10   guilty or not guilty must be unanimous.  The

11   verdict must be the verdict of each juror as well

12   as the jury as a whole.

13       During the trial, items were received into

14   evidence as exhibits.  You may examine whatever

15   exhibits you think will help you in your

16   deliberations.  These exhibits will be sent into

17   the jury room with you when you begin to

18   deliberate.

19       In closing, let me remind you that it is

03:07PM  20   important that you follow the law spelled out in

21   these instructions in deciding your verdict.  There

22   are no other laws that apply to this case.  Even if

23   you do not like the laws -- even if you do not like

24   the laws that must be applied, you must use them.

/PM  25   For two centuries we have lived by the Constitution

1    and the law.  No juror has the right to violate the

2    rules we all share.

3         So, ladies and gentlemen, at this time you may

4    now retire to consider your verdict, with the

04:38PM    5    exception of Ms. Caswell, Crystal Caswell, who is

6    the alternate in this case.  So the alternate will

7    remain seated, and the jury can go back into the

8    room with the two items we have in evidence, these

9    jury instructions, and the two verdict forms.

04:38PM    10        (At 4:39 p.m., the jury retired to the jury

11    room to deliberate, and the further proceedings

12    were had as follows:)

13        THE COURT:  Ms. Caswell, I wanted to thank you

14    for your attendance and participation here today

04:39PM    15    and for answering your jury summons when you came

16    on Monday.  While you don't get to go back into the

17    jury room and deliberate with your fellow jurors,

18    what you have done here in your role as an

19    alternate juror is still very important and very

04:39PM    20    much appreciated, because had one of the jurors not

21    shown up today or not been able to proceed with the

22    rest of the day through the close of the trial, we

23    would have needed you to step in, and without an

24    alternate, we would not have been able to proceed

25    with trial.  So, with my sincerest thanks, I want

1    to thank you for attending and participating here

2    today.

3         You, of course, are now discharged.  You are

4    free to go.  You are free to talk about this case,

04:39PM  5    should you desire; likewise, are free not to talk

6    about this case with anyone if anyone asks you.

7         You are also free to stay if you wish to see

8    what verdict your fellow jurors come up with, or if

9    you leave your contact info, we'll be happy to let

04:40PM 10    you know if you're interested, but, otherwise you

11    are discharged.  Thank you so much.

12         JUROR CASWELL:  Thank you.

13         Can I go in there and get my purse?

14         THE BAILIFF:  Yes.

04:40PM 15    We need to get her purse.

16         THE COURT:  Oh, okay.  We need to get her

17    purse.

18         Leave the door open while she gets her purse

19    so I can observe.

04:41PM 20         All right.  Thank you so much.

21         State or defendant any exceptions or

22    objections to the instructions I have given the

23    jury?

24         MS. HIXON:  No, Your Honor.

25         THE COURT:  Mr. Brooks?

1         MR. BROOKS:  No, Your Honor.

2         THE COURT:  All right.  Then we will be in

3    recess until the jury returns.

4         (Court recessed pending the return of the

04:41PM   5    jury).

6         (At 5:08 p.m., the jury indicated they had

7    reached a verdict, and the further proceedings were

8    had as follows:)

9         THE COURT:  I've been advised the jury has a

05:09PM  10    verdict.  The defendant is present in court, as are

11    the attorneys for the State.  And the bailiff

12    advised me that the jury has a verdict, so let's

13    bring the jury in and receive their verdict.

14         (At 5:09 p.m., the jury returned to the

05:09PM  15    courtroom, and the further proceedings were had as

16    follows:)

17         THE COURT:  All right, thank you, ladies and

18    gentlemen.  You can have a seat.

19         Mr. Rivera, I see you holding the paper.  Are

05:10PM  20    you the foreperson, sir?

21         JUROR RIVERA:  Yes, I am.

22         THE COURT:  All right.  Mr. Rivera, has the

23    jury reached a verdict?

24         JUROR RIVERA:  Yes, we have, Your Honor.

.PM  25         THE COURT:  Can you please hand the verdict to

1          the bailiff?

2                  Thank you.

3                  All right.  The Court finds that there are no

4          errors or omissions in the filling out of the

05:11PM  5          verdict forms.

6                  Madam clerk, would you publish the verdicts,

7          please?

8                  THE CLERK:  "In the Circuit Court of the

9          Fourth Judicial Circuit, In and for Duval County,

05:11PM 10          Florida.

11                  "Case No. 16-2012-CF-006884-AXXXMA.

12                  "Division:  CR-E.

13                  "State of Florida vs. Clifton McNeil Brooks.

14                  "Verdict as to Count I:

05:11PM 15                  "We, the jury, find the defendant guilty of

16          sexual battery, as charged in the Information.

17                  "Verdict as to Count 2:

18                  "We, the jury, find the defendant guilty of

19          lewd or lascivious molestation, as charged in the

05:11PM 20          Information.

21                  "So say we all.

22                  "Done at Jacksonville, Duval County, Florida.

23                  "Signed by the foreperson.

24                  "Dated:  February 13th, 2013."

⌐ ⌐PM 25                  THE COURT:  All right.  Does counsel for the

1    State or Mr. Brooks, do you desire the jury to be
2    polled, sir?

3         MR. BROOKS:  No, ma'am.

4         MS. HIXON:  The State is satisfied, Your
05:12PM   5    Honor.

6         THE COURT:  Okay.  All right.  Ladies and
7    gentlemen of the jury, I wish to thank you if for
8    your time and consideration in this case.  As I
9    advised you on Monday, I'm very appreciative of the
05:12PM  10    fact that you have answered your summons and
11    appeared for jury duty.  It is one of the
12    fundamentals of our American Justice System system.

13         I also wish to advise you of some very special
14    privileges enjoyed by jurors.

03:37PM  15         No juror can ever be required to talk about
16    the discussions that occurred in the jury room,
17    except by court order.  For many centuries, our
18    society has relied upon juries for the
19    consideration of difficult cases.  We have
03:37PM  20    recognized for hundreds of years that a jury's
21    deliberations, their discussions and votes should
22    remain their private affair as long as it wishes.
23    Therefore, the law gives you this unique privilege
24    not to speak about your jury's work.

/PM  25         Although you are at liberty to speak to anyone

about your deliberations, you are also at liberty

to refuse to speak to anyone.  A request may come

from those who are simply curious, or from those

who might seek to find fault with you.  It will be

03:37PM   completely up to you to decide whether to preserve

your privacy as a juror or whether to speak to

anyone about this case, but my prior instruction to

you to not speak about this anymore is lifted.

You are discharged for your jury service in

this matter with the Court's sincerest thanks and

appreciation for you attendance and participation

in this case.

With that, I will discharge you.  The bailiffs

will collect your juror buttons.  Please be sure,

05:13PM   as I previously advised, to leave your notes, they

will be destroyed.  And if you have not already

collected your personal effects and your cell

phones and communication devices, those will now be

returned to you.

05:14PM   Again, my thanks for your participation and

for am allowing our system of justice to be

administered and to proceed for these many years.

Thank you.

(The jury was excused from the courtroom, and

the further proceedings were had as follows:)

1          **THE COURT:  All right, Mr. Brooks, will you**

2     **please stand, sir.**

3          **Okay.  The jury having found you guilty of**

4     **Count 1, sexual battery, Count 2, lewd and**

05:14PM   5     **lascivious molestation as contained in case**

6     **2012-CF-6884, the Court will now adjudicate you to**

7     **be guilty of those two offenses.**

8          **I will remand you to the custody of the**

9     **Sheriff's Office, and pass your matter for**

05:15PM   10    **sentencing.**

11          **Is Mr. Brooks entitled to a PSI?**

12         **MS. HIXON:  I don't believe he is, Judge, but**

13    **Count 1 carries a mandatory life sentence.**

14         **THE COURT:  It does.  Okay.  Let's pass it for**

05:15PM   15    **sentencing however.**

16         **MS. HIXON:  He would -- he does have prior**

17    **misdemeanors.  Um, I believe the 2006 incident that**

18    **we were talking about started out as a felony, but**

19    **it was a misdemeanor jury verdict finding, so he**

05:15PM   20    **was never officially convicted of a felony.**

21         **THE COURT:  Okay.  We'll pass it for**

22    **sentencing until -- I guess we can pass it until**

23    **February 27th, two weeks from today.**

24         **MS. HIXON:  Will that be 9 a.m.?**

PM   25    **THE COURT:  Ah, yes.  Let's do it at 9 a.m.**

1          And so for purposes of the record, the entire

2      trial and any discussions with counsel and Mr.

3      Brooks have all been conducted on the record, there

4      have been no off record discussions either with Mr.

05:16PM    5      Brooks or with counsel involving this Court.  I

6      just wanted to put that on the record.

7          Anything else, State?

8          MS. HIXON:  No, Your Honor.

9          THE COURT:  Anything else, Mr. Brooks?

05:16PM   10          MR. BROOKS:  No, Your Honor.

11          THE COURT:  Okay.  Thank you very much.  We

12      are in recess.

13          (The proceedings were concluded).

14

15

16

17

18

19

20

21

22

23

24

25                  - - -

1              C E R T I F I C A T E

2

3    STATE OF FLORIDA )

4    COUNTY OF DUVAL   )

5

6          I, Cynthia M. Griffis, Registered Professional

7    Reporter and Florida Professional Reporter, certify

8    that I was authorized to and did stenographically

9    report the foregoing pages, and that the transcript is

10   a true and complete record of my stenographic notes.

11         DATED this 10th day of February, 2014.

12

13

14                    _____
                      Cynthia M. Griffis

15                    Registered Professional Reporter
                      Florida Professional Reporter

16

17

18

19

20

21

22

23

24

25                    - - -